**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| DAVID L. CUMMIN, M.D. <br> 11423 Helber Road <br> Logan, Ohio 43138 | ) <br> ) <br> ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| CRYSTAL CUMMIN <br> 11423 Helber Road <br> Logan, Ohio 43138 | ) <br> ) <br> ) |
| | ) |
| and | ) |
| | ) |
| J.C., a minor, by Dr. David L. Cummin, <br> his parent and guardian <br> 11423 Helber Road <br> Logan, Ohio 43138 | ) <br> ) <br> ) <br> ) |
| | ) |
| and | ) |
| | ) |
| T.C., a minor, by Dr. David L. Cummin, <br> his parent and guardian <br> 11423 Helber Road <br> Logan, Ohio 43138 | ) <br> ) <br> ) <br> ) |
| | ) |
| and | ) |
| | ) |
| A.C., a minor, by Dr. David L. Cummin, <br> his parent and guardian <br> 11423 Helber Road <br> Logan, Ohio 43138 | ) <br> ) <br> ) <br> ) |
| | ) |
| and | ) |
| | ) |
| N.C., a minor, by Dr. David L. Cummin, <br> his parent and guardian <br> 11423 Helber Road <br> Logan, Ohio 43138 | ) <br> ) <br> ) <br> ) |
| | ) |

Case No.

Judge

Magistrate Judge

(Demand for Jury Trial)

1

v.                                    )
                                      )
LANNY NORTH                           )
Hocking County Sheriff's Office       )
25 East Second Street                 )
Logan, Ohio 43138                     )
                                      )
       and                            )
                                      )
DAVID VALKINBURG                      )
Hocking County Sheriff's Office       )
25 East Second Street                 )
Logan, Ohio 43138                     )
                                      )
       and                            )
                                      )
EDWIN DOWNS                           )
Hocking County Sheriff's Office       )
25 East Second Street                 )
Logan, Ohio 43138                     )
                                      )
       and                            )
                                      )
LAINA FETHEROLF                       )
Hocking County Prosecuting Attorney   )
88 South Market Street                )
Logan, Ohio 43138                     )
                                      )
       and                            )
                                      )
HOCKING COUNTY BOARD OF               )
COMMISSIONERS                         )
1 East Main Street                    )
Logan, Ohio 43138                     )
                                      )
       and                            )
                                      )
SANDY OGLE                            )
Hocking County Board of Commissioners )
1 East Main Street                    )
Logan, Ohio 43138                     )
                                      )
       and                            )
                                      )

2

CLARK SHEETS                                    )
Hocking County Board of Commissioners )
1 East Main Street                             )
Logan, Ohio 43138                              )
                                               )
      and                     )
                                               )
JOHN WALKER                                    )
Hocking County Board of Commissioners )
1 East Main Street                             )
Logan, Ohio 43138                              )
                                               )
      Defendants.             )

## COMPLAINT

FOR THEIR COMPLAINT against Defendants Lanny North, David Valkinburg, Edwin Downs, Laina Fetherolf, the Hocking County Board of Commissioners, Sandy Ogle, Clark Sheets, and John Walker, Plaintiffs David L. Cummin, Cyrstal Cummin, J.C., T.C., A.C., and N.C state as follows:

**Introduction:**

1. This is an action brought pursuant to § 1983 to redress the violation of Plaintiff David Cummin's right to be free from malicious criminal prosecution brought in the absence of probable cause. As part of a scheme to control and dictate how Dr. Cummin, the elected Hocking County Coroner, conducts the business of his office, Defendants caused criminal charges to filed which were so flimsy in nature that all were dismissed before Dr. Cummin was even required to put on evidence in his own defense. Dr. Cummin therefore brings this action to redress these violations of his federal constitutional rights, as well as related claims under state law.

**Parties:**

2.  Plaintiff David L. Cummin is a natural person and a citizen of the United States and of the state of Ohio. Dr. Cummin is a medical doctor and is the duly elected Hocking County Coroner, currently serving his fifth term.

3.  Plaintiff Crystal Cummin is a natural person and a citizen of the United States and of the state of Ohio. Mrs. Cummin is, and at all material times has been, the spouse of Dr. Cummin.

4.  Plaintiffs J.C., T.C., A.C., and N.C. and are all natural persons and citizens of the United States and of the state of Ohio. Plaintiffs J.C., T.C., A.C., and N.C. are all minor children of Dr. Cummin and are identified only by their initials pursuant to Fed. R. Civ. P. 5.2(a)(3).

5.  Defendant Lanny North is a resident of Hocking County, Ohio. Defendant North is the duly elected Hocking County Sheriff. Defendant North is a "person" under 42 U.S.C. § 1983, and is sued in both his individual and his official capacity.

6.  Defendant David Valkinburg is a resident of Hocking County, Ohio. Defendant Valkinburg is the Chief Deputy Sheriff of Hocking County. Defendant Valkinburg is a "person" under 42 U.S.C. § 1983, and is sued in both his individual and official capacity.

7.  Defendant Edwin Downs is a resident of Hocking County, Ohio. Defendant Downs is a Detective employed by the Hocking County Sheriff. Defendant Downs is a "person" under 42 U.S.C. § 1983, and is sued in both his

individual and his official capacity. Defendants North, Valkinburg, and Downs are collectively referred to herein as the "Sheriff Defendants."

8. Defendant Lania Fetherolf is a resident of Hocking County, Ohio. Defendant Fetherolf is the duly elected Hocking County prosecutor. Defendant Fetherolf is a "person" under 42 U.S.C. § 1983, and is sued in both her individual and her official capacity.

9. Defendant Hocking County Board of Commissioners (the "Defendant Board") is a unit of local government organized under the laws of the state of Ohio. The Defendant Board is a "public body" as defined by Ohio Rev. Code § 121.22(B)(1).

10. Defendant Sandy Ogle is a resident of Hocking County, Ohio. Defendant Ogle is one of the duly elected members of the Hocking County Board of Commissioners.

11. Defendant Clark Sheets and Defendant John Walker are both residents of Hocking County, Ohio. Defendants Sheets and Walker were, at the times material hereto, duly elected members of the Hocking County Board of Commissioners.

12. Defendants Ogle, Sheets, and Walker are collectively referred to herein as the "Defendant Board Members."

13. At all times described herein, the Sheriff Defendants and Defendant Fetherolf acted under the color of Ohio law.

**Jurisdiction and Venue:**

14. Jurisdiction in this Court is proper pursuant to (i) 28 U.S.C. § 1331, insofar as this action arises under the Constitution and the law of the United States, namely 42 U.S.C. § 1983, (ii) 28 U.S.C. § 1343(a)(3) insofar as this action is brought to redress the deprivation, under color of state law, of Plaintiff's rights, privileges, and immunities secured by the Constitution of the United States, and (iii) as to Plaintiff's state law claims, 28 U.S.C. § 1367 insofar as those claims are so related to the claims brought within this Court's original jurisdiction as to form a single case or controversy under Article III of the Constitution.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) insofar as one or more of the defendants resides in this district and all of the defendants are residents of the state of Ohio. In addition, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) insofar as a substantial part of the events and omissions giving rise to the claims described herein occurred within this district.

**Statement of Facts:**

16. Pursuant to Ohio law, each county has an elected coroner who is responsible for performing the duties set forth in Chapter 313 of the Ohio Revised Code.

17. Every elected county coroner must be a licensed physician. Ohio Rev. Code 313.02(A). In addition, every county coroner is subject to continuing

education requirements which are different from those imposed on licensed physicians in general. Ohio Rev. Code 313.02(B).

18. Nothing in Ohio law, however, requires that a coroner in a smaller population county serve in a full-time capacity, or prohibits a coroner in a small county from maintaining a private medical practice separate and apart from their service as coroner. In fact, Ohio Rev. Code 325.15 expressly permits a county coroner to maintain a private medical practice.

19. Because of the small population in Hocking County, the office of coroner is classified by the State of Ohio as a part-time position, and state law fixes the annual salary of the Hocking Count Coroner at approximately $25,000.

20. For the bulk of the time that Dr. Cummin has served as the Hocking County Coroner, he has been assisted by two coroner's investigators. These investigator positions are part-time, and paid an annual salary of approximately $4,150, plus public employee healthcare and retirement benefits.

21. As an elected county officer, Dr. Cummin is entitled to legal representation and advice from the Hocking County Prosecuting Attorney, Defendant Fetherolf.

22. Beginning in 2012, the Sheriff Defendants and Defendant Fetherolf began an orchestrated plan to attempt to control and dictate how Dr. Cummin performed his duties as coroner.

23. For example, in January, 2012, Dr. Cummin opened an inquest into the cause of death of one Glenn R. Swaim, and as authorized by Ohio law, subpoenaed each of the Sheriff Defendants to produce documents and give sworn testimony in order to "inquire how the deceased came to his death…" Ohio Rev. Code 313.17.

24. Although she serves as Dr. Cummin's statutory counsel in his role as coroner, Defendant Fetherolf moved the Hocking County Court of Common Pleas to quash the subpoenas issued by Dr. Cummin in the Swaim inquest.

25. In moving to quash the subpoenas, Defendant Fetherolf did not seek the appointment of outside, unconflicted counsel for Dr. Cummin.

26. In 2013, the State of Ohio changed certain of the eligibility requirements for participation in the Public Employees Retirement System. Specifically, the requirements were changed such that only public employees who earned at least $1,000 per month were eligible to participate in PERS.

27. Dr. Cummin's two part-time investigators did not meet the new minimum salary requirements for participation in PERS. As such, Dr. Cummin requested that the Hocking County Board of Commissioners approve an increase in the county coroner's budget for 2014 in order to pay his investigators the minimum salary required for their eligibility in the PERS.

28. The Board of Commissioners did not approve Dr. Cummin's request for a budget increase that would allow for the two investigators to receive raises. As a result, the two investigators resigned their positions with the coroner's

office, and Dr. Cummin notified the Commissioners of that fact on January 6, 2014. See Exhibit 1 attached hereto.

29. The resignation of the two investigators left the county coroner's office with only one employee – Dr. Cummin.

30. At the same time that he notified the Commissioners of the resignation of his investigators, Dr. Cummin also notified the Commissioners that he would be away from Hocking County attending continuing education conferences on eight days during the month of January, 2014. *Id.*

31. To the best of Dr. Cummin's knowledge, no continuing education courses which satisfied the statutory requirements for a county coroner were held in Hocking County in the year 2014.

32. In response to Dr. Cummin's notification of his impending absence from the county, Defendant Fetherolf, in her own name, sued Dr. Cummin, her statutory client, in the Fourth District Court of Appeals. In her complaint, Defendant Fetherolf sought a writ of mandamus compelling Dr. Cummin to "appoint[]…a deputy coroner or staff to carry out his duties…"

33. As a result of the limited personnel budget available to him, Dr. Cummin was not able to hire a deputy coroner or staff, as Defendant Fetherolf well knew.

34. Recognizing the irreconcilable conflict created by her decision to file suit against her own client, Defendant Fetherolf asked for the Fourth District Court of Appeals to appoint special counsel to defend Dr. Cummin. In doing so, Defendant Fetherolf intentionally chose to disregard the well-established

procedures outlined in Ohio law for the appointment of special counsel for public officers. As a result, the Fourth District denied Defendant Fetherolf's request for the appointment of special counsel for Dr. Cummin.

35. Following the filing of the complaint for a writ of mandamus, Dr. Cummin entered into an arrangement with the Franklin County Coroner for that office to provide services as-needed when Dr. Cummin was outside of Hocking County.

36. In or around June, 2014, Dr. Cummin received an invoice from the Franklin County Coroner's office for services rendered during times in which Dr. Cummin was outside of Hocking County. Dr. Cummin promptly submitted that bill to the Hocking County Board of Commissioners for payment.

37. The Hocking County Board of Commissions refused, from their receipt of the invoice in or about June, 2014 through at least October, 2014, to pay for the services of the Franklin County Coroner's Office on the grounds that the invoiced amount exceeded a line item appropriation in Dr. Cummin's budget.

38. On or around the Fourth of July weekend in 2014, Dr. Cummin was away from Hocking County. During that weekend, the body of a deceased was transported to the Hocking Valley Community Morgue. At that point in time, Dr. Cummin was away from the county, had no employees, and reasonably believed that he could not secure the services of another coroner because of the Hocking County Board of Commissioners' refusal to pay invoices for such

services. As a result, the body of the deceased remained in the morgue for approximately forty-eight hours.

39. Shortly thereafter, the Sheriff Defendants and Defendant Fetherolf began to explore pursuing criminal charges against Dr. Cummin in order to make him "suffer…consequences for his actions," and "make him realize we are not going to tolerate his behavior anymore." See, e.g., Exhibit 2 attached hereto.

40. Defendant Fetherolf specifically sought to "investigat[e]" the bill from the Franklin County Coroner's Office described above "in the hopes of charging it as a felony" so as to trigger, by operation of Ohio law, Dr. Cummin's "immediate removal from office." *Id.* Defendant Fetherolf shared this course of action with Defendant North.

41. Defendant Fetherolf also shared with Defendant North her view that she had "many other remedies available for [Dr. Cummin's] bad behavior." See Exhibit 3 attached hereto.

42. Defendant Fetherolf began this investigation and attempt to pursue criminal charges against Dr. Cummin at a time when she also served as his statutory legal counsel.

43. By July 16, 2014, the budget for Dr. Cummin's official office had the sum of $610.25 in the "lab and morgue expenses" line item account.

44. Hocking County does not maintain sufficient facilities or personnel to conduct autopsies of victims of apparent homicide. Traditionally, such autopsies are

performed by the Franklin County Coroner's office, who in turn bills the Hocking County Coroner for the cost of doing so.

45. In July, 2014, the cost to obtain an autopsy from the Franklin County Coroner was approximately $1,100.

46. As a matter of Ohio law, Dr. Cummin is specifically prohibited from entering into any contract to pay money which has not been "previously appropriated for the purpose for which such contract is made, and remaining unexpended and applicable thereto…" Ohio Rev. Code 3.12. Any official who makes such a contract is "personally liable thereon…" *Id.*

47. Dr. Cummin was away from Hocking County on Saturday July 19, 2014.

48. On that same day, a shooting in Hocking County left one person dead as the victim of an apparent homicide. Defendant North notified Dr. Cummin of the shooting by telephone in the evening of July 19.

49. At the time he was notified of the shooting, Dr. Cummin knew that it was unlikely that the Franklin County Coroner would actually conduct an autopsy that weekend, and knew that no forensic evidence would be lost, destroyed, or damaged if the body were stored properly for a matter of days prior to being transported to Franklin County.

50. At the time of the shooting, Dr. Cummin also knew that his official budget did not contain sufficient funds to incur the debt for obtaining an autopsy from the Franklin County Coroner's office without violating Ohio law.

51. At the time of the shooting, Dr. Cummin also knew that the Hocking County Commissioners had refused to pay for at least one invoice from the Franklin County Coroner on the basis that the charged amount exceeded what was appropriated to Dr. Cummin in his official budget.

52. The general practice of the Hocking County Commissioners is to conduct regular public meetings every Tuesday morning at 9:00 a.m.

53. Based on, among others, the reasons outlined in paragraphs 49-52, Dr. Cummin declined to authorize the immediate transport of the shooting victim to Franklin County, and instead sought written authorization from the Hocking County Commissioners to incur the cost of doing so.

54. By telephone on the evening of July 19, 2014, Dr. Cummin advised Defendant Walker of this fact. In response, Defendant Walker attempted to orally assure Dr. Cummin that sufficient funds would be made available on July 22 (the next regularly scheduled meeting of the County Commissioners) for the transport of the shooting victim to Franklin County.

55. Because of past experiences with the County Commissioners (including the prior refusal to pay for the unbudgeted invoice from the Franklin County Coroner), and because a single commissioner does not have authority under Ohio law to bind the entire board, Dr. Cummin declined to act based on Defendant Walker's oral representation.

56. At the time, Defendant Walker knew full well that he, as only one of three members, did not have authority to bind the entire Board of Commissioners,

and knew that the Board of Commissioners had refused to pay the prior invoice from the Franklin County Coroner.

57. On the evening of Saturday July 19 and continuing into the early morning hours of Sunday July 20, 2014, Defendants Walker, Ogle and Sheets met in a series of round-robin telephone calls to discuss the shortfall in Dr. Cummin's lab and morgue budget (the "Telephonic Meeting"). At no time during the Telephonic Meeting were all three of the Defendant Board Members simultaneously on the telephone.

58. Defendant Hocking County Board of Commissioners do not hold regularly scheduled meetings on Saturdays or Sundays. Upon information and belief, neither the Defendant Board nor any of the Defendant Board Members notified any member of the public or the news media of the time, place, and purpose of their meeting on July 19-20.

59. The Telephonic Meeting was not open to the public. Upon information and belief, no minutes of the Telephonic Meeting were even taken or prepared.

60. During the Telephonic Meeting, the Defendant Board Members deliberated and discussed the shortfall in the lab and morgue budget. Following those deliberations and discussions, Defendant Board Members agreed to a resolution which provided that funds would be transferred into Dr. Cummin's lab and morgue account during the next regularly-scheduled meeting of the Board.

61. Defendant Board Members memorialized their deliberations in a handwritten resolution (the "Handwritten Resolution"). After the Handwritten Resolution was prepared, Defendant Walker met with Defendant North in the Sheriff's office and emailed the Handwritten Resolution to Dr. Cummin.

62. Defendant Board members met on July 22, their next regularly scheduled meeting, and formally adopted the resolution to which they had agreed during their prior Telephonic Meeting (the "Formal Resolution").

63. On July 23, 2014, Defendant Downs swore out five criminal complaints against Dr. Cummin arising out of the events described above. These complaints collectively charged Dr. Cummin with Obstructing Official Business, three counts of Dereliction of duty, and Coercion, all of which are second degree misdemeanors. See Exhibit 4 attached hereto.

64. One of the counts of dereliction of duty, assigned case number CRB1400714, charged Dr. Cummin based on the events alleged in Defendant Fetherolf's unsuccessful suit for a writ of mandamus against Dr. Cummin described in paragraph 32.

65. One of the counts of dereliction of duty, assigned case number CRB1400715, charged Dr. Cummin based on the events of the July 4 weekend described in paragraph 38 above and which led the Sheriff Defendants and Defendant Fetherolf to decide to make Dr. Cummin ""suffer…consequences for his actions," and "realize [they] are not going to tolerate his behavior anymore."

15

66. The count for obstructing official business, the remaining count of dereliction of duty, and the count for coercion, assigned case numbers CRB1400713A, B, and C respectively, charged Dr. Cummin based on the events of July 19 and 20 described above.

67. Upon information and belief, Defendant Downs swore out the criminal complaints against Dr. Cummin based on legal advice from Defendant Fetherolf.

68. Summonses on the criminal complaints were served on Dr. Cummin by or though the Sheriff Defendants.

69. The filing of the criminal charges against Dr. Cummin received widespread media and public attention throughout Hocking County and Central and Southeastern Ohio.

70. The filing of the criminal charges against Dr. Cummin and the subsequent notoriety surrounding them led to distress in his emotional well-being and adversely impacted both his personal relationships and his professional interests, including his private medical practice.

71. On August 11, 2014, Dr. Cummin appeared before the Hocking County Municipal Court, where he was arraigned on the criminal charges against him and pled not guilty. Dr. Cummin was released on a $1,500 recognizance bond, one of the conditions of which required Dr. Cummin to maintain his current address.

72. Because of her representation of Dr. Cummin in his role as elected county coroner, Defendant Fetherolf had an impermissible conflict of interest in prosecuting the charges against him. As such, the Hocking County Municipal Court appointed a special prosecutor to prosecute the charges against Dr. Cummin.

73. Prior to trial, the special prosecutor moved to dismiss all three of the charges for dereliction of duty and the charge of obstructing official business on the basis that the State of Ohio did "not have sufficient evidence" to establish the elements of those charges. On the special prosecutor's motion, those four charges against Dr. Cummin were dismissed on October 6, 2014.

74. The final remaining charge, for coercion related to the events of July 19-20, proceeded to trial before the Hocking County Municipal Court on November 21, 2014.

75. At the close of the special prosecutor's case, Dr. Cummin's moved for a judgment of acquittal under Ohio Rule of Criminal Procedure 29. The Hocking County Municipal Court granted that motion on the basis that the special prosecutor's evidence failed to establish the elements of a crime of coercion. As a result, the Court entered a judgment of acquittal and dismissed the complaint against Dr. Cummin.

76. Upon information and belief, Hocking County Municipal Court Judge Frederick Moses sought, in 2014, an increase in the budget allocated to the Municipal Court from the Hocking County Board of Commissioners. Also

upon information and belief, the Board and Defendant Fetherolf were aware that Judge Moses could potentially file suit against the Commissioners in order to obtain an increase his budget.

77. Upon information and belief, Judge Moses did in fact receive from the Hocking County Board of Commissioners the increased budget he sought.

78. Neither the Sheriff Defendants nor Defendant Fetherolf have charged Judge Moses with coercion or any other crime, nor have those defendants, upon information and belief, investigated Judge Moses for a potential coercion or other criminal charge.

## Count One: § 1983 / Malicious Prosecution

79. The averments of paragraphs 1 through 78 above are incorporated by reference as if fully rewritten herein.

80. The Fourth Amendment, made applicable to the States by virtue of the Fourteenth Amendment, and/or the Due Process clause of the Fourteenth Amendment prohibit the wrongful investigation and prosecution without probable cause.

81. The right to be free from malicious prosecution is and at all times material has been a clearly established right.

82. Criminal proceedings were initiated against Dr. Cummin charging him with obstructing official business, coercion, and three counts of dereliction of duty.

83. The Sheriff Defendants and Defendant Fetherolf made, influenced, or participated in the decision prosecute Dr. Cummin.

84. Defendant Fetherolf's participation in the decision to prosecute Dr. Cummin was administrative or investigative, and not prosecutorial in nature, given that, among other things, Defendant Fetherolf at all times knew or should have known that she labored under an unwaivable conflict of interest in prosecuting her own client.

85. Defendant Fetherolf's role in the prosecution of Dr. Cummin ceased prior to the judicial phase of the criminal case, and upon information and belief, consisted instead of investigatory conduct and the giving of legal advice to the Sheriff Defendants.

86. No probable cause existed for the initiation of a criminal prosecution against Dr. Cummin.

87. As a consequence of the criminal prosecution, including but not limited to, the pretrial restrictions placed upon him, Dr. Cummin was deprived of his liberty in violation of the Fourth Amendment and was subjected to criminal charges without probable cause in violation of the Fourteenth Amendment.

88. The criminal prosecution was terminated in Dr. Cummin's favor when all of the charges against him were dismissed.

## Count Two: Malicious Prosecution

89. The averments of paragraphs 1 through 88 above are incorporated by reference as if fully rewritten herein.

90. The Sheriff Defendants and Defendant Fetherolf initiated and caused to be continued criminal prosecution against Dr. Cummin.

91. The Sheriff Defendants and Defendant Fetherolf made, influenced, or participated in the decision prosecute Dr. Cummin.

92. Defendants' initiation and causing criminal prosecution to be continued was with malice, in bad faith, and in a wanton or reckless manner.

93. Defendant Fetherolf's participation in the decision to prosecute Dr. Cummin was administrative or investigative, and not prosecutorial in nature, given that, among other things, Defendant Fetherolf at all times knew or should have known that she labored under an unwaivable conflict of interest in prosecuting her own client.

94. Defendant Fetherolf's role in the prosecution of Dr. Cummin ceased prior to the judicial phase of the criminal case, and upon information and belief, consisted instead of investigatory conduct and the giving of legal advice to the Sheriff Defendants.

95. The criminal prosecution against Dr. Cummin lacked probable cause.

96. The criminal prosecution was terminated in Dr. Cummin's favor when all of the charges against him were dismissed.

## Count Three: Abuse of Process

97. The averments of paragraphs 1 through 96 above are incorporated by reference as if fully rewritten herein.

98. The Sheriff Defendants and Defendant Fetherolf caused to be commenced criminal proceedings against Dr. Cummin in proper form and with probable cause.

99. After causing the commencement of criminal proceedings, the Sheriff Defendants and Defendant Fetherolf perverted those proceedings for the purpose of accomplishing an ulterior motive for which the proceedings were not designed, including but not limited to causing the removal of Dr. Cummin from the office of Coroner and exerting undue influence of the operations of the official office of the Coroner.

100. The Sheriff Defendants' and Defendant Fetherolf's use of process was malicious, in bad faith, and in a wanton and reckless manner.

101. As a direct and proximate result of Defendants' wrongful use of process, Dr. Cummin has been damaged.

## Count Four: Intimidation of a Public Official

102. The averments of paragraphs 1 through 101 above are incorporated by reference as if fully rewritten herein.

103. The Sheriff Defendants and Defendant Fetherolf filed, recorded, or otherwise used a materially false or fraudulent writing, including but not limited to the criminal complaints against Dr. Cummin.

104. The Sheriff Defendants and Defendant Fetherolf did so for the purpose of influencing, intimidating, or hindering Dr. Cummin, the elected county coroner, in the discharge of his duties.

105. The Sheriff Defendants and Defendant Fetherolf did so with malicious purpose, in bad faith, and in a wanton and reckless manner.

106. Pursuant to Ohio Rev. Code 2921.03(C), Defendants are liable to Plaintiff for loss to his person or property as a result of their violation of Ohio Rev. Code 2921.03(A).

**Count Five: Ohio Open Meetings Act**

107. The averments of paragraphs 1 through 106 above are incorporated by reference as if fully rewritten herein.

108. The Hocking County Board of Commissioners is a "public body" as defined by Ohio Rev. Code 121.22(B)(1).

109. Defendant Board and the Defendant Board Members violated the Ohio Open Meetings Act, by way of example and not limitation, by (a) holding the Telephonic Meeting, which was not open to the public, (b) upon information and belief, not giving notice to any member of the news media who requested notice of the Telephonic Meeting, (c) adopting the Telephonic Resolution, which was not adopted in an open meeting, and (d) adopting the Formal Resolution, which resulted from deliberations in a meeting which was not open to the public.

110. No exception, defense, or justification excused any of the violations of the Ohio Open Meetings Act by Defendant Board and the Defendant Board Members.

111. By reason of the violations of the Ohio Open Meetings Act by Defendant Board and the Defendant Board Members, Dr. Cummin is entitled to the remedies set forth in Ohio Rev. Code 121.22(I).

## Count Six: Loss of Consortium

112. The averments of paragraphs 1 through 111 above are incorporated by reference as if fully rewritten herein.

113. At the time of the incidents described in this complaint, Dr. Cummin and Plaintiff Crystal Cummin were married.

114. At the time of the incidents described in this complaint, Plaintiffs J.C., T.C., A.C., and N.C. were minor children of Dr. Cummin.

115. As a result of the wrongful acts of the Sheriff Defendants and Defendant Fetherolf described herein, Plaintiff Crystal Cummin was caused to suffer loss of consortium, society, affection, and assistance

116. As a result of the wrongful acts of the Sheriff Defendants and Defendant Fetherolf described herein, Plaintiffs J.C., T.C., A.C., and N.C. were caused to suffer loss of consortium, society, companionship, affection, comfort, guidance, and counsel.

117. All of the aforesaid injuries and damages were proximately caused by the wrongful acts of the Sheriff Defendants and Defendant Fetherolf described herein.

## Count Seven: Declaratory Judgment

118. The averments of paragraphs 1 through 117 above are incorporated by reference as if fully rewritten herein.

119. The averments of this Count Seven constitute a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* and Fed. R. Civ. P. 57, and Ohio Rev. Code 2721.01 *et seq.*

120. There is a dispute and controversy between Dr. Cummin and Defendants as to the rights, status and other legal relations between them.

121. Dr. Cummin prays for a judgment declaring as follows:

    a. The Defendants have a duty nor the legal authority to control the behavior of Dr. Cummin in the conduct of his official duties; or, in the alternative,

    b. Declaring the respective rights, status, and legal relations as between Dr. Cummin and the Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. In regards to Count One, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in amounts to be determined at trial by a jury; and

B. In regards to Count Two, or alternatively, Count Three, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in amounts to be determined at trial by a jury; and

C. In regards to Count Four, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in amounts to be determined at trial by a jury; and

D. In regards to Count Five, for an injunction compelling the Defendant Board and its members to comply with the provisions of the Ohio Open Meetings Act and for a civil forfeiture of $500 to Dr. Cummin; and

E. In regards to Count Six, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Plaintiff Crystal Cummin, and Plaintiffs J.C., T.C., A.C., and N.C and in amounts to be determined at trial by a jury; and

F. In regards to Count Seven, for the declaratory judgments prayed for in such count, and pursuant to 28 U.S.C. § 2202 and/or Ohio Rev. Code 2721.09, for such further relief as is necessary or proper; and

G. For an award of punitive damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in an amount to be determined at trial by a jury for all conduct found to be motivated by bad faith, malice, intent, or reckless or callous indifference to Dr. Cummin's rights; and

H. For an award of costs, pre- and post-judgment interest, and pursuant to § 1988, Ohio Rev. Code 292103(C), and Ohio Rev. Code 121.22(I)(2), Plaintiffs' reasonable attorney's and expert witness fees; and

I. Any and all such other relief as the Court may find just and proper.

Respectfully Submitted,

/s/ Patrick Quinn

Rick L. Brunner                    (0012998)
Patrick M. Quinn                   (0081692)
BRUNNER QUINN
35 N. Fourth St., Ste. 200
Columbus, Ohio 43215
Telephone:   (614) 241-5550
Facsimile:   (614) 241-5551
Email:        rlb@brunnerlaw.com
              pmq@brunnerlaw.com
*Attorneys for Plaintiffs Dr. David Cummin, Crystal Cummin, J.C., T.C., A.C., and N.C.*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury of not less than eight (8) persons on all issues so triable.

/s/ Patrick Quinn

Rick L. Brunner                    (0012998)
Patrick M. Quinn                   (0081692)