IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| DAVID L. CUMMIN, M.D., *et al.* | Case No. 2:15-cv-1043 |
| Plaintiffs, | Judge Sargus |
| v. | Magistrate Judge King |
| LANNY NORTH, *et al.* |  |
| Defendants. |  |

## PLAINTIFFS' NOTICE OF SERVICE OF SUBPOENA

Plaintiffs, by and through their undersigned counsel, hereby provide notice of serving a subpoena on Douglas E. Edgington for the production of documents and electronically stored information. A copy of the subpoena is attached hereto as **Exhibit 1**.

Respectfully submitted,

BRUNNER QUINN

/s/ Rick L. Brunner
Rick L. Brunner        (0012998)
Email: rlb@brunnerlaw.com
Peter A. Contreras     (0087530)
Email: pac@brunnerlaw.com
BRUNNER QUINN
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
Telephone:   (614) 241-5550
Facsimile:   (614) 241-5551
*Attorneys for Plaintiffs*

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system this 5th day of November 2015, which will send electronic notice to the following:

Randall L. Lambert, Esq.
Lambert Law Office
215 South Fourth Street
P.O. Box 725
Ironton, Ohio 45638
Email: rlambert@lambert-law.org.
*Attorney For Defendants*

/s/ Rick L. Brunner
Rick L. Brunner     (0012998)

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID L. CUMMIN, M.D., *et al.*    )
                                                           ) Case No. 2:15-cv-1043

       Plaintiffs,    )
                                                           ) Judge Sargus
v.                                                         ) Magistrate Judge King

LANNY NORTH, *et al.*    )

       Defendants.    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

**TO:**   **Douglas E. Edgington**
          **4160 Evansdale Rd.**
          **Columbus Oh 43214**

### YOU ARE HEREBY COMMANDED TO:

_____ Attend and give testimony at a deposition on the date, time and place specified below.

X_____ Produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

DESCRIPTION OF THE ITEMS TO BE PRODUCED: See attached **Exhibit 1.**

DATE: **Monday, November 23, 2015**    TIME: **9:00 a.m.**

PLACE: **Brunner Quinn, 35 North Fourth Street, Suite 200, Columbus, Ohio 43215. In lieu of a personal appearance you may and are encouraged to scan or fax the documents requested to either (i) pac@brunnerlaw.com and jab@brunnerlaw.com or (ii) (614) 241 5551.**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Case No. 2:15-cv-1043

BY: _____ Signature of: Peter A. Contreras Attorney for Plaintiffs

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

The name, address, email address, and telephone number of the attorney representing Plaintiffs who issues or requests this subpoena are:

NAME:    Peter A. Contreras, Attorney for Plaintiffs
ADDRESS: 35 North Fourth Street, Suite 200, Columbus, Ohio 43215
EMAIL: pac@brunnerlaw.com
TELEPHONE NUMBER:   (614) 241-5550
ATTORNEY CODE: 0087530

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)*

I received this subpoena for _____, on _____, 2015.

_____ I SERVED THE SUBPOENA BY DELIVERING A COPY TO THE NAMED PERSON AS FOLLOWS:

_____, on _____, 2015; OR

_____ I WAS UNABLE TO COMPLETE SERVICE FOR THE FOLLOWING REASON AND RETURNED THE SUBPOENA UNEXECUTED BECAUSE:

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____            _____ (Server's Signature)

                            _____ (Print Name and Title)

                            _____ (Address)

Additional Information regarding attempted service, etc.:

2

Case No. 2:15-cv-1043

### FEDERAL RULE OF CIVIL PROCEDURE 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that 1showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information

3

Case No. 2:15-cv-1043

itself privileged or protected, will enable the parties to assess the claim.

 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

 **(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

4

Case No. 2:15-cv-1043

# Exhibit 1

1. Any and all documentation of any type whatsoever related to or concerning any communications by and between (i) you or anyone on your behalf and (ii) the Hocking County Sheriff's office during the years 2012 through the date of your response to this request, including but not limited to Sheriff Lanny North, Detective Edwin Downs or Chief Deputy Sheriff David Valkinburg.

2. Any and all documentation of any type whatsoever related to or concerning any communications by and between (i) you or anyone on your behalf and (ii) the Hocking County Prosecutor's office during the years 2012 through the date of your response to this request, including but not limited to Prosecutor Lania Fetherolf.

3. Any and all documentation created or received by you that is related to or concerns Jeremy Dye of Hocking County, Ohio through the years 2014 and 2015.

4. Any and all documentation created or received by you that is related to or concerns Captain Jerrod Alford of Hocking County, Ohio through the years 2014 and 2015.

5. Any and all documentation created or received by you that is related to or concerns any of the Plaintiffs in the above-caption matter of litigation, including but not limited to David Cummin of Hocking County, Ohio through the years 2014 and 2015.

6. Any and all documentation related to, concerning or constituting any contractual arrangements by and between you and the Hocking County Sheriff's office or any official in Hocking County, Ohio, including but not limited to the County Commissioners of Prosecutor's office.

7. Any and all communications between you and Attorney Randall Lambert.