UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID L. CUMMIN, M.D., et al; | : |
| PLAINTIFFS, | : Case No. 2:15-CV-1043 |
| v. | : |
| LANNY NORTH, et al; | : |
| DEFENDANTS | : |

### DEFENDANTS HOCKING COUNTY COMMISSIONERS, LAINA FETHEROLF, AND LANNY NORTH'S MOTION TO QUASH, IN PART, SUBPOENA TO SPRINT SPECTRUM

Now comes counsel for the Hocking County Commissioners, Prosecutor Laina Fetherolf, and Sheriff Lanny North, respectfully requesting this Court quash the subpoena issued by the Plaintiffs herein as to Sprint Spectrum, LP pursuant to Fed.R.Civ.P.45(d). The Defendants maintain that if the Hocking County Sheriff's Office did send subpoenas to Sprint Spectrum as part of any investigation action, then the information is privileged. A Memorandum in Support is attached hereto and incorporated by reference.

Respectfully Submitted,
Lambert Law Office

/s/ Randall L. Lambert
Randall L. Lambert (0017987)
215 South Fourth Street
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
Attorney for Defendants

1

## **MEMORANDUM IN SUPPORT**

Fed.R.Civ.P. 45(d) governs motions to quash subpoenas. The aforesaid rule requires that on a timely motion, the Court must quash or modify subpoenas requiring "disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed.R.Civ.P. 45(d)(3)(A)(iii); see also *Black v. Kyle-Reno*, No. 1:12-CV-503, 2014 WL 667788 (S.D. Ohio, 2014), reconsideration denied, No. 1:12-CV-503, 2014 WL 1308353 (S.D. Ohio, 2014). A qualified privilege applies to documents "'that would tend to reveal law enforcement, investigative techniques or sources.'" *Cessante v. City of Pontiac*, No. CIV.A. 07-CV-15250, 2009 WL 973339, at *7 (E.D. Mich., 2009), quoting *Assoc. for Reduction of Violence v. Hall*, 734 F.2d 63, 65-66 (1st Cir. 1984). The United States District Court for the Northern District of Ohio expressly held that police department records are privileged and not subject to subpoena duces tecum. *Kott v. Perini*, 283 F.Supp. 1 (N.D. Ohio, 1968). In determining that police department records are privileged, the Court noted the following:

> The members of a police department must be able to rely upon their confidential records and notations being preserved for their internal use in all cases, for if it were otherwise, the knowledge that some of the confidential information recorded might be later exposed to outside parties would have a certain and chilling effect upon the internal use of such record making.

*Id.* at *2. Moreover, "as a threshold matter, the plaintiff has the burden of showing that the information he seeks is relevant and material to the proofs of his claims before the Court is even obligated to consider whether defendants' claims of privilege should be upheld in a particular instance." *Jabara v. Kelley*, 75 F.R.D. 475, 481 (E.D. Mich., 1977).

2

In this case, Fed.R.Civ.P. 45(d)(3)(A)(iii) is applicable because the Plaintiffs seek information that is privileged, i.e., any subpoena that may have been issued by the Hocking County Sheriff's Office. If any subpoenas were issued by the Hocking County Sheriff's Office, they would be police department records, and thus, not subject to subpoena.

"Exhibit 1", attached to the Plaintiffs' subpoena to Sprint Spectrum, sets forth a variety of ways of asking for subpoenas received by Sprint Spectrum, documentation relating to subpoenas, correspondence relating to subpoenas, and phone records relating to subpoenas regarding the Plaintiff. For example, the first paragraph of Exhibit 1, attached to the Plaintiffs' subpoena sent to Sprint Spectrum, specifically requests "[a]ny and all documentation of any type whosoever related to or concerning any subpoena received by Sprint Spectrum, L.P. for any records relating" to the wireless account of the Plaintiff, from January 2012 through August 2015. (See Exhibit 1 attached to Plaintiffs' subpoena to Sprint Spectrum, ¶ 1). Additionally, the second paragraph of Exhibit 1 requests "[a]ny and all subpoenas received by Sprint Spectrum, L.P. for any records relating to the Spring Wireless user Dr. David L. Cummins" for the period of time from January 2012 through August 2015. (See Exhibit 1 attached to Plaintiffs' subpoena to Sprint Spectrum, ¶ 2). The broad requests set forth in the Plaintiffs' subpoena to Sprint Spectrum would apparently include any and all documentation, of any type whatsoever, related to, or concerning, subpoenas issued by any law enforcment agencies and particular any that may have been issued by the Hocking County Sheriff's Office. Thus, the subpoena to Sprint Spectrum should be

3

quashed insofar as it relates to any subpoena that may have been issued by the Hocking County Sheriff's Office.

Additionally, R.C. § 2935.23 expressly sets forth that after a felony has been committed, and before any arrest has been made, a subpoena may be issued for any person to give information concerning such felony. Therefore, any subpoenas that may have been received by Sprint Spectrum from the Hocking County Sheriff's Office concerning an investigation should be quashed pursuant to the entity's ability to conduct investigations prior to the filing of charges under R.C. § 2935.23. The statute is a part of the investigative tools available to law enforcement. This allows obtaining records before charges are filed.

By separate subpoena, the Plaintiff attempted to obtain these records from the Hocking County Clerk's Office. This is just another attempt to obtain these law enforcement investigative records by attempting to go through a third party.

Accordingly, if the Hocking County Sheriff's Office did issue any subpoenas to Sprint Spectrum, then such are sealed in the Clerk's office, would be privileged, and not subject to disclosure by subpoena to Sprint Spectrum. Thus, counsel herein, without acknowledging that any subpoenas were issued, is requesting the Court quash the Plaintiffs' subpoena to Sprint Spectrum insofar as it pertains to any subpoenas, any documentation, and/or any phone records regarding any subpoenas issued by the Hocking County Sheriff's Office and/or the Hocking County Clerk's office, if such were issued.

Respectfully Submitted,

/s/ Randall L. Lambert
Randall L. Lambert (0017987)
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Defendants Hocking County Commissioners, Laina Fetherolf, and Lanny North's Motion to Quash, In Part, Subpoena to Sprint Spectrum was provided via the Court's electronic filing system (CM/ECF) to Plaintiff on the 31st day of December 2015.

LAMBERT LAW OFFICE

/s/ Randall L. Lambert
RANDALL L. LAMBERT (0017987)
ATTORNEY FOR DEFENDANTS