IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| DAVID L. CUMMIN, M.D.<br>11423 Helber Road<br>Logan, Ohio 43138 | ) Case No.<br>)<br>) Judge |
| Plaintiff, | ) Magistrate Judge |
| and | ) (Demand for Jury Trial) |
| CRYSTAL CUMMIN<br>11423 Helber Road<br>Logan, Ohio 43138 | ) |
| and | ) |
| J.C., a minor, by Dr. David L. Cummin,<br>his parent and guardian<br>11423 Helber Road<br>Logan, Ohio 43138 | ) |
| and | ) |
| T.C., a minor, by Dr. David L. Cummin,<br>his parent and guardian<br>11423 Helber Road<br>Logan, Ohio 43138 | ) |
| and | ) |
| A.C., a minor, by Dr. David L. Cummin,<br>his parent and guardian<br>11423 Helber Road<br>Logan, Ohio 43138 | ) |
| and | ) |
| N.C., a minor, by Dr. David L. Cummin,<br>his parent and guardian<br>11423 Helber Road<br>Logan, Ohio 43138 | ) |

1



v.               )
                  )

LANNY NORTH          )
Hocking County Sheriff's Office  )
25 East Second Street      )
Logan, Ohio 43138       )
                  )
     and            )
                  )

DAVID VALKINBURG     )
Hocking County Sheriff's Office  )
25 East Second Street      )
Logan, Ohio 43138       )
                  )
     and            )
                  )

EDWIN DOWNS         )
Hocking County Sheriff's Office  )
25 East Second Street      )
Logan, Ohio 43138       )
                  )
     and            )
                  )

LAINA FETHEROLF      )
Hocking County Prosecuting Attorney  )
88 South Market Street     )
Logan, Ohio 43138       )
                  )
     and            )
                  )

HOCKING COUNTY BOARD OF  )
COMMISSIONERS       )
1 East Main Street        )
Logan, Ohio 43138       )
                  )
     and            )
                  )

SANDY OGLE           )
Hocking County Board of Commissioners )
1 East Main Street        )
Logan, Ohio 43138       )
                  )
     and            )
                  )

2

CLARK SHEETS )
Hocking County Board of Commissioners )
1 East Main Street )
Logan, Ohio 43138 )
)
      and )
)
JOHN WALKER )
Hocking County Board of Commissioners )
1 East Main Street )
Logan, Ohio 43138 )
)
      Defendants. )

## COMPLAINT

    FOR THEIR COMPLAINT against Defendants Lanny North, David Valkinburg, Edwin Downs, Laina Fetherolf, the Hocking County Board of Commissioners, Sandy Ogle, Clark Sheets, and John Walker, Plaintiffs David L. Cummin, Cyrstal Cummin, J.C., T.C., A.C., and N.C state as follows:

Introduction:

1.    This is an action brought pursuant to § 1983 to redress the violation of Plaintiff David Cummin's right to be free from malicious criminal prosecution brought in the absence of probable cause. As part of a scheme to control and dictate how Dr. Cummin, the elected Hocking County Coroner, conducts the business of his office, Defendants caused criminal charges to filed which were so flimsy in nature that all were dismissed before Dr. Cummin was even required to put on evidence in his own defense. Dr. Cummin therefore brings this action to redress these violations of his federal constitutional rights, as well as related claims under state law.

3

Parties:

2.  Plaintiff David L. Cummin is a natural person and a citizen of the United States and of the state of Ohio. Dr. Cummin is a medical doctor and is the duly elected Hocking County Coroner, currently serving his fifth term.

3.  Plaintiff Crystal Cummin is a natural person and a citizen of the United States and of the state of Ohio. Mrs. Cummin is, and at all material times has been, the spouse of Dr. Cummin.

4.  Plaintiffs J.C., T.C., A.C., and N.C. and are all natural persons and citizens of the United States and of the state of Ohio. Plaintiffs J.C., T.C., A.C., and N.C. are all minor children of Dr. Cummin and are identified only by their initials pursuant to Fed. R. Civ. P. 5.2(a)(3).

5.  Defendant Lanny North is a resident of Hocking County, Ohio. Defendant North is the duly elected Hocking County Sheriff. Defendant North is a "person" under 42 U.S.C. § 1983, and is sued in both his individual and his official capacity.

6.  Defendant David Valkinburg is a resident of Hocking County, Ohio. Defendant Valkinburg is the Chief Deputy Sheriff of Hocking County. Defendant Valkinburg is a "person" under 42 U.S.C. § 1983, and is sued in both his individual and official capacity.

7.  Defendant Edwin Downs is a resident of Hocking County, Ohio. Defendant Downs is a Detective employed by the Hocking County Sheriff. Defendant Downs is a "person" under 42 U.S.C. § 1983, and is sued in both his

individual and his official capacity. Defendants North, Valkinburg, and Downs are collectively referred to herein as the "Sheriff Defendants."

8.  Defendant Lania Fetherolf is a resident of Hocking County, Ohio. Defendant Fetherolf is the duly elected Hocking County prosecutor. Defendant Fetherolf is a "person" under 42 U.S.C. § 1983, and is sued in both her individual and her official capacity.

9.  Defendant Hocking County Board of Commissioners (the "Defendant Board") is a unit of local government organized under the laws of the state of Ohio. The Defendant Board is a "public body" as defined by Ohio Rev. Code § 121.22(B)(1).

10. Defendant Sandy Ogle is a resident of Hocking County, Ohio. Defendant Ogle is one of the duly elected members of the Hocking County Board of Commissioners.

11. Defendant Clark Sheets and Defendant John Walker are both residents of Hocking County, Ohio. Defendants Sheets and Walker were, at the times material hereto, duly elected members of the Hocking County Board of Commissioners.

12. Defendants Ogle, Sheets, and Walker are collectively referred to herein as the "Defendant Board Members."

13. At all times described herein, the Sheriff Defendants and Defendant Fetherolf acted under the color of Ohio law.

Jurisdiction and Venue:

14. Jurisdiction in this Court is proper pursuant to (i) 28 U.S.C. § 1331, insofar as this action arises under the Constitution and the law of the United States, namely 42 U.S.C. § 1983, (ii) 28 U.S.C. § 1343(a)(3) insofar as this action is brought to redress the deprivation, under color of state law, of Plaintiff's rights, privileges, and immunities secured by the Constitution of the United States, and (iii) as to Plaintiff's state law claims, 28 U.S.C. § 1367 insofar as those claims are so related to the claims brought within this Court's original jurisdiction as to form a single case or controversy under Article III of the Constitution.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) insofar as one or more of the defendants resides in this district and all of the defendants are residents of the state of Ohio. In addition, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) insofar as a substantial part of the events and omissions giving rise to the claims described herein occurred within this district.

Statement of Facts:

16. Pursuant to Ohio law, each county has an elected coroner who is responsible for performing the duties set forth in Chapter 313 of the Ohio Revised Code.

17. Every elected county coroner must be a licensed physician. Ohio Rev. Code 313.02(A). In addition, every county coroner is subject to continuing

education requirements which are different from those imposed on licensed physicians in general. Ohio Rev. Code 313.02(B).

18. Nothing in Ohio law, however, requires that a coroner in a smaller population county serve in a full-time capacity, or prohibits a coroner in a small county from maintaining a private medical practice separate and apart from their service as coroner. In fact, Ohio Rev. Code 325.15 expressly permits a county coroner to maintain a private medical practice.

19. Because of the small population in Hocking County, the office of coroner is classified by the State of Ohio as a part-time position, and state law fixes the annual salary of the Hocking Count Coroner at approximately $25,000.

20. For the bulk of the time that Dr. Cummin has served as the Hocking County Coroner, he has been assisted by two coroner's investigators. These investigator positions are part-time, and paid an annual salary of approximately $4,150, plus public employee healthcare and retirement benefits.

21. As an elected county officer, Dr. Cummin is entitled to legal representation and advice from the Hocking County Prosecuting Attorney, Defendant Fetherolf.

22. Beginning in 2012, the Sheriff Defendants and Defendant Fetherolf began an orchestrated plan to attempt to control and dictate how Dr. Cummin performed his duties as coroner.

23.  For example, in January, 2012, Dr. Cummin opened an inquest into the cause of death of one Glenn R. Swaim, and as authorized by Ohio law, subpoenaed each of the Sheriff Defendants to produce documents and give sworn testimony in order to "inquire how the deceased came to his death…" Ohio Rev. Code 313.17.

24.  Although she serves as Dr. Cummin's statutory counsel in his role as coroner, Defendant Fetherolf moved the Hocking County Court of Common Pleas to quash the subpoenas issued by Dr. Cummin in the Swaim inquest.

25.  In moving to quash the subpoenas, Defendant Fetherolf did not seek the appointment of outside, unconflicted counsel for Dr. Cummin.

26.  In 2013, the State of Ohio changed certain of the eligibility requirements for participation in the Public Employees Retirement System. Specifically, the requirements were changed such that only public employees who earned at least $1,000 per month were eligible to participate in PERS.

27.  Dr. Cummin's two part-time investigators did not meet the new minimum salary requirements for participation in PERS. As such, Dr. Cummin requested that the Hocking County Board of Commissioners approve an increase in the county coroner's budget for 2014 in order to pay his investigators the minimum salary required for their eligibility in the PERS.

28.  The Board of Commissioners did not approve Dr. Cummin's request for a budget increase that would allow for the two investigators to receive raises. As a result, the two investigators resigned their positions with the coroner's

office, and Dr. Cummin notified the Commissioners of that fact on January 6, 2014. See Exhibit 1 attached hereto.

29. The resignation of the two investigators left the county coroner's office with only one employee – Dr. Cummin.

30. At the same time that he notified the Commissioners of the resignation of his investigators, Dr. Cummin also notified the Commissioners that he would be away from Hocking County attending continuing education conferences on eight days during the month of January, 2014. *Id.*

31. To the best of Dr. Cummin's knowledge, no continuing education courses which satisfied the statutory requirements for a county coroner were held in Hocking County in the year 2014.

32. In response to Dr. Cummin's notification of his impending absence from the county, Defendant Fetherolf, in her own name, sued Dr. Cummin, her statutory client, in the Fourth District Court of Appeals. In her complaint, Defendant Fetherolf sought a writ of mandamus compelling Dr. Cummin to "appoint[]...a deputy coroner or staff to carry out his duties..."

33. As a result of the limited personnel budget available to him, Dr. Cummin was not able to hire a deputy coroner or staff, as Defendant Fetherolf well knew.

34. Recognizing the irreconcilable conflict created by her decision to file suit against her own client, Defendant Fetherolf asked for the Fourth District Court of Appeals to appoint special counsel to defend Dr. Cummin. In doing so, Defendant Fetherolf intentionally chose to disregard the well-established

procedures outlined in Ohio law for the appointment of special counsel for public officers. As a result, the Fourth District denied Defendant Fetherolf's request for the appointment of special counsel for Dr. Cummin.

35.   Following the filing of the complaint for a writ of mandamus, Dr. Cummin entered into an arrangement with the Franklin County Coroner for that office to provide services as-needed when Dr. Cummin was outside of Hocking County.

36.   In or around June, 2014, Dr. Cummin received an invoice from the Franklin County Coroner's office for services rendered during times in which Dr. Cummin was outside of Hocking County. Dr. Cummin promptly submitted that bill to the Hocking County Board of Commissioners for payment.

37.   The Hocking County Board of Commissions refused, from their receipt of the invoice in or about June, 2014 through at least October, 2014, to pay for the services of the Franklin County Coroner's Office on the grounds that the invoiced amount exceeded a line item appropriation in Dr. Cummin's budget.

38.   On or around the Fourth of July weekend in 2014, Dr. Cummin was away from Hocking County. During that weekend, the body of a deceased was transported to the Hocking Valley Community Morgue. At that point in time, Dr. Cummin was away from the county, had no employees, and reasonably believed that he could not secure the services of another coroner because of the Hocking County Board of Commissioners' refusal to pay invoices for such

services. As a result, the body of the deceased remained in the morgue for approximately forty-eight hours.

39. Shortly thereafter, the Sheriff Defendants and Defendant Fetherolf began to explore pursuing criminal charges against Dr. Cummin in order to make him "suffer…consequences for his actions," and "make him realize we are not going to tolerate his behavior anymore." See, e.g., Exhibit 2 attached hereto.

40. Defendant Fetherolf specifically sought to "investigat[e]" the bill from the Franklin County Coroner's Office described above "in the hopes of charging it as a felony" so as to trigger, by operation of Ohio law, Dr. Cummin's "immediate removal from office." *Id.* Defendant Fetherolf shared this course of action with Defendant North.

41. Defendant Fetherolf also shared with Defendant North her view that she had "many other remedies available for [Dr. Cummin's] bad behavior." See Exhibit 3 attached hereto.

42. Defendant Fetherolf began this investigation and attempt to pursue criminal charges against Dr. Cummin at a time when she also served as his statutory legal counsel.

43. By July 16, 2014, the budget for Dr. Cummin's official office had the sum of $610.25 in the "lab and morgue expenses" line item account.

44. Hocking County does not maintain sufficient facilities or personnel to conduct autopsies of victims of apparent homicide. Traditionally, such autopsies are

performed by the Franklin County Coroner's office, who in turn bills the Hocking County Coroner for the cost of doing so.

45. In July, 2014, the cost to obtain an autopsy from the Franklin County Coroner was approximately $1,100.

46. As a matter of Ohio law, Dr. Cummin is specifically prohibited from entering into any contract to pay money which has not been "previously appropriated for the purpose for which such contract is made, and remaining unexpended and applicable thereto…" Ohio Rev. Code 3.12. Any official who makes such a contract is "personally liable thereon…" *Id.*

47. Dr. Cummin was away from Hocking County on Saturday July 19, 2014.

48. On that same day, a shooting in Hocking County left one person dead as the victim of an apparent homicide. Defendant North notified Dr. Cummin of the shooting by telephone in the evening of July 19.

49. At the time he was notified of the shooting, Dr. Cummin knew that it was unlikely that the Franklin County Coroner would actually conduct an autopsy that weekend, and knew that no forensic evidence would be lost, destroyed, or damaged if the body were stored properly for a matter of days prior to being transported to Franklin County.

50. At the time of the shooting, Dr. Cummin also knew that his official budget did not contain sufficient funds to incur the debt for obtaining an autopsy from the Franklin County Coroner's office without violating Ohio law.

51. At the time of the shooting, Dr. Cummin also knew that the Hocking County Commissioners had refused to pay for at least one invoice from the Franklin County Coroner on the basis that the charged amount exceeded what was appropriated to Dr. Cummin in his official budget.

52. The general practice of the Hocking County Commissioners is to conduct regular public meetings every Tuesday morning at 9:00 a.m.

53. Based on, among others, the reasons outlined in paragraphs 49-52, Dr. Cummin declined to authorize the immediate transport of the shooting victim to Franklin County, and instead sought written authorization from the Hocking County Commissioners to incur the cost of doing so.

54. By telephone on the evening of July 19, 2014, Dr. Cummin advised Defendant Walker of this fact. In response, Defendant Walker attempted to orally assure Dr. Cummin that sufficient funds would be made available on July 22 (the next regularly scheduled meeting of the County Commissioners) for the transport of the shooting victim to Franklin County.

55. Because of past experiences with the County Commissioners (including the prior refusal to pay for the unbudgeted invoice from the Franklin County Coroner), and because a single commissioner does not have authority under Ohio law to bind the entire board, Dr. Cummin declined to act based on Defendant Walker's oral representation.

56. At the time, Defendant Walker knew full well that he, as only one of three members, did not have authority to bind the entire Board of Commissioners,

13

and knew that the Board of Commissioners had refused to pay the prior invoice from the Franklin County Coroner.

57.  On the evening of Saturday July 19 and continuing into the early morning hours of Sunday July 20, 2014, Defendants Walker, Ogle and Sheets met in a series of round-robin telephone calls to discuss the shortfall in Dr. Cummin's lab and morgue budget (the "Telephonic Meeting"). At no time during the Telephonic Meeting were all three of the Defendant Board Members simultaneously on the telephone.

58.  Defendant Hocking County Board of Commissioners do not hold regularly scheduled meetings on Saturdays or Sundays. Upon information and belief, neither the Defendant Board nor any of the Defendant Board Members notified any member of the public or the news media of the time, place, and purpose of their meeting on July 19-20.

59.  The Telephonic Meeting was not open to the public. Upon information and belief, no minutes of the Telephonic Meeting were even taken or prepared.

60.  During the Telephonic Meeting, the Defendant Board Members deliberated and discussed the shortfall in the lab and morgue budget. Following those deliberations and discussions, Defendant Board Members agreed to a resolution which provided that funds would be transferred into Dr. Cummin's lab and morgue account during the next regularly-scheduled meeting of the Board.

14

61. Defendant Board Members memorialized their deliberations in a handwritten resolution (the "Handwritten Resolution"). After the Handwritten Resolution was prepared, Defendant Walker met with Defendant North in the Sheriff's office and emailed the Handwritten Resolution to Dr. Cummin.

62. Defendant Board members met on July 22, their next regularly scheduled meeting, and formally adopted the resolution to which they had agreed during their prior Telephonic Meeting (the "Formal Resolution").

63. On July 23, 2014, Defendant Downs swore out five criminal complaints against Dr. Cummin arising out of the events described above. These complaints collectively charged Dr. Cummin with Obstructing Official Business, three counts of Dereliction of duty, and Coercion, all of which are second degree misdemeanors. See Exhibit 4 attached hereto.

64. One of the counts of dereliction of duty, assigned case number CRB1400714, charged Dr. Cummin based on the events alleged in Defendant Fetherolf's unsuccessful suit for a writ of mandamus against Dr. Cummin described in paragraph 32.

65. One of the counts of dereliction of duty, assigned case number CRB1400715, charged Dr. Cummin based on the events of the July 4 weekend described in paragraph 38 above and which led the Sheriff Defendants and Defendant Fetherolf to decide to make Dr. Cummin ""suffer…consequences for his actions," and "realize [they] are not going to tolerate his behavior anymore."

15

66. The count for obstructing official business, the remaining count of dereliction of duty, and the count for coercion, assigned case numbers CRB1400713A, B, and C respectively, charged Dr. Cummin based on the events of July 19 and 20 described above.

67. Upon information and belief, Defendant Downs swore out the criminal complaints against Dr. Cummin based on legal advice from Defendant Fetherolf.

68. Summonses on the criminal complaints were served on Dr. Cummin by or though the Sheriff Defendants.

69. The filing of the criminal charges against Dr. Cummin received widespread media and public attention throughout Hocking County and Central and Southeastern Ohio.

70. The filing of the criminal charges against Dr. Cummin and the subsequent notoriety surrounding them led to distress in his emotional well-being and adversely impacted both his personal relationships and his professional interests, including his private medical practice.

71. On August 11, 2014, Dr. Cummin appeared before the Hocking County Municipal Court, where he was arraigned on the criminal charges against him and pled not guilty. Dr. Cummin was released on a $1,500 recognizance bond, one of the conditions of which required Dr. Cummin to maintain his current address.

72. Because of her representation of Dr. Cummin in his role as elected county coroner, Defendant Fetherolf had an impermissible conflict of interest in prosecuting the charges against him. As such, the Hocking County Municipal Court appointed a special prosecutor to prosecute the charges against Dr. Cummin.

73. Prior to trial, the special prosecutor moved to dismiss all three of the charges for dereliction of duty and the charge of obstructing official business on the basis that the State of Ohio did "not have sufficient evidence" to establish the elements of those charges. On the special prosecutor's motion, those four charges against Dr. Cummin were dismissed on October 6, 2014.

74. The final remaining charge, for coercion related to the events of July 19-20, proceeded to trial before the Hocking County Municipal Court on November 21, 2014.

75. At the close of the special prosecutor's case, Dr. Cummin's moved for a judgment of acquittal under Ohio Rule of Criminal Procedure 29. The Hocking County Municipal Court granted that motion on the basis that the special prosecutor's evidence failed to establish the elements of a crime of coercion. As a result, the Court entered a judgment of acquittal and dismissed the complaint against Dr. Cummin.

76. Upon information and belief, Hocking County Municipal Court Judge Frederick Moses sought, in 2014, an increase in the budget allocated to the Municipal Court from the Hocking County Board of Commissioners. Also

upon information and belief, the Board and Defendant Fetherolf were aware that Judge Moses could potentially file suit against the Commissioners in order to obtain an increase his budget.

77. Upon information and belief, Judge Moses did in fact receive from the Hocking County Board of Commissioners the increased budget he sought.

78. Neither the Sheriff Defendants nor Defendant Fetherolf have charged Judge Moses with coercion or any other crime, nor have those defendants, upon information and belief, investigated Judge Moses for a potential coercion or other criminal charge.

Count One: § 1983 / Malicious Prosecution

79. The averments of paragraphs 1 through 78 above are incorporated by reference as if fully rewritten herein.

80. The Fourth Amendment, made applicable to the States by virtue of the Fourteenth Amendment, and/or the Due Process clause of the Fourteenth Amendment prohibit the wrongful investigation and prosecution without probable cause.

81. The right to be free from malicious prosecution is and at all times material has been a clearly established right.

82. Criminal proceedings were initiated against Dr. Cummin charging him with obstructing official business, coercion, and three counts of dereliction of duty.

83. The Sheriff Defendants and Defendant Fetherolf made, influenced, or participated in the decision prosecute Dr. Cummin.

84. Defendant Fetherolf's participation in the decision to prosecute Dr. Cummin was administrative or investigative, and not prosecutorial in nature, given that, among other things, Defendant Fetherolf at all times knew or should have known that she labored under an unwaivable conflict of interest in prosecuting her own client.

85. Defendant Fetherolf's role in the prosecution of Dr. Cummin ceased prior to the judicial phase of the criminal case, and upon information and belief, consisted instead of investigatory conduct and the giving of legal advice to the Sheriff Defendants.

86. No probable cause existed for the initiation of a criminal prosecution against Dr. Cummin.

87. As a consequence of the criminal prosecution, including but not limited to, the pretrial restrictions placed upon him, Dr. Cummin was deprived of his liberty in violation of the Fourth Amendment and was subjected to criminal charges without probable cause in violation of the Fourteenth Amendment.

88. The criminal prosecution was terminated in Dr. Cummin's favor when all of the charges against him were dismissed.

Count Two: Malicious Prosecution

89. The averments of paragraphs 1 through 88 above are incorporated by reference as if fully rewritten herein.

90. The Sheriff Defendants and Defendant Fetherolf initiated and caused to be continued criminal prosecution against Dr. Cummin.

91. The Sheriff Defendants and Defendant Fetherolf made, influenced, or participated in the decision prosecute Dr. Cummin.

92. Defendants' initiation and causing criminal prosecution to be continued was with malice, in bad faith, and in a wanton or reckless manner.

93. Defendant Fetherolf's participation in the decision to prosecute Dr. Cummin was administrative or investigative, and not prosecutorial in nature, given that, among other things, Defendant Fetherolf at all times knew or should have known that she labored under an unwaivable conflict of interest in prosecuting her own client.

94. Defendant Fetherolf's role in the prosecution of Dr. Cummin ceased prior to the judicial phase of the criminal case, and upon information and belief, consisted instead of investigatory conduct and the giving of legal advice to the Sheriff Defendants.

95. The criminal prosecution against Dr. Cummin lacked probable cause.

96. The criminal prosecution was terminated in Dr. Cummin's favor when all of the charges against him were dismissed.

Count Three: Abuse of Process

97. The averments of paragraphs 1 through 96 above are incorporated by reference as if fully rewritten herein.

98. The Sheriff Defendants and Defendant Fetherolf caused to be commenced criminal proceedings against Dr. Cummin in proper form and with probable cause.

99. After causing the commencement of criminal proceedings, the Sheriff Defendants and Defendant Fetherolf perverted those proceedings for the purpose of accomplishing an ulterior motive for which the proceedings were not designed, including but not limited to causing the removal of Dr. Cummin from the office of Coroner and exerting undue influence of the operations of the official office of the Coroner.

100. The Sheriff Defendants' and Defendant Fetherolf's use of process was malicious, in bad faith, and in a wanton and reckless manner.

101. As a direct and proximate result of Defendants' wrongful use of process, Dr. Cummin has been damaged.

Count Four: Intimidation of a Public Official

102. The averments of paragraphs 1 through 101 above are incorporated by reference as if fully rewritten herein.

103. The Sheriff Defendants and Defendant Fetherolf filed, recorded, or otherwise used a materially false or fraudulent writing, including but not limited to the criminal complaints against Dr. Cummin.

104. The Sheriff Defendants and Defendant Fetherolf did so for the purpose of influencing, intimidating, or hindering Dr. Cummin, the elected county coroner, in the discharge of his duties.

105. The Sheriff Defendants and Defendant Fetherolf did so with malicious purpose, in bad faith, and in a wanton and reckless manner.

21

106. Pursuant to Ohio Rev. Code 2921.03(C), Defendants are liable to Plaintiff for loss to his person or property as a result of their violation of Ohio Rev. Code 2921.03(A).

Count Five: Ohio Open Meetings Act

107. The averments of paragraphs 1 through 106 above are incorporated by reference as if fully rewritten herein.

108. The Hocking County Board of Commissioners is a "public body" as defined by Ohio Rev. Code 121.22(B)(1).

109. Defendant Board and the Defendant Board Members violated the Ohio Open Meetings Act, by way of example and not limitation, by (a) holding the Telephonic Meeting, which was not open to the public, (b) upon information and belief, not giving notice to any member of the news media who requested notice of the Telephonic Meeting, (c) adopting the Telephonic Resolution, which was not adopted in an open meeting, and (d) adopting the Formal Resolution, which resulted from deliberations in a meeting which was not open to the public.

110. No exception, defense, or justification excused any of the violations of the Ohio Open Meetings Act by Defendant Board and the Defendant Board Members.

111. By reason of the violations of the Ohio Open Meetings Act by Defendant Board and the Defendant Board Members, Dr. Cummin is entitled to the remedies set forth in Ohio Rev. Code 121.22(I).

## Count Six: Loss of Consortium

112. The averments of paragraphs 1 through 111 above are incorporated by reference as if fully rewritten herein.

113. At the time of the incidents described in this complaint, Dr. Cummin and Plaintiff Crystal Cummin were married.

114. At the time of the incidents described in this complaint, Plaintiffs J.C., T.C., A.C., and N.C. were minor children of Dr. Cummin.

115. As a result of the wrongful acts of the Sheriff Defendants and Defendant Fetherolf described herein, Plaintiff Crystal Cummin was caused to suffer loss of consortium, society, affection, and assistance

116. As a result of the wrongful acts of the Sheriff Defendants and Defendant Fetherolf described herein, Plaintiffs J.C., T.C., A.C., and N.C. were caused to suffer loss of consortium, society, companionship, affection, comfort, guidance, and counsel.

117. All of the aforesaid injuries and damages were proximately caused by the wrongful acts of the Sheriff Defendants and Defendant Fetherolf described herein.

## Count Seven: Declaratory Judgment

118. The averments of paragraphs 1 through 117 above are incorporated by reference as if fully rewritten herein.

119. The averments of this Count Seven constitute a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* and Fed. R. Civ. P. 57, and Ohio Rev. Code 2721.01 *et seq.*

120. There is a dispute and controversy between Dr. Cummin and Defendants as to the rights, status and other legal relations between them.

121. Dr. Cummin prays for a judgment declaring as follows:

    a. The Defendants have a duty nor the legal authority to control the behavior of Dr. Cummin in the conduct of his official duties; or, in the alternative,

    b. Declaring the respective rights, status, and legal relations as between Dr. Cummin and the Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    A. In regards to Count One, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in amounts to be determined at trial by a jury; and

    B. In regards to Count Two, or alternatively, Count Three, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in amounts to be determined at trial by a jury; and

    C. In regards to Count Four, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in amounts to be determined at trial by a jury; and

24

D. In regards to Count Five, for an injunction compelling the Defendant Board and its members to comply with the provisions of the Ohio Open Meetings Act and for a civil forfeiture of $500 to Dr. Cummin; and

E. In regards to Count Six, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Plaintiff Crystal Cummin, and Plaintiffs J.C., T.C., A.C., and N.C and in amounts to be determined at trial by a jury; and

F. In regards to Count Seven, for the declaratory judgments prayed for in such count, and pursuant to 28 U.S.C. § 2202 and/or Ohio Rev. Code 2721.09, for such further relief as is necessary or proper; and

G. For an award of punitive damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in an amount to be determined at trial by a jury for all conduct found to be motivated by bad faith, malice, intent, or reckless or callous indifference to Dr. Cummin's rights; and

H. For an award of costs, pre- and post-judgment interest, and pursuant to § 1988, Ohio Rev. Code 292103(C), and Ohio Rev. Code 121.22(I)(2), Plaintiffs' reasonable attorney's and expert witness fees; and

I. Any and all such other relief as the Court may find just and proper.

Respectfully Submitted,

/s/ Patrick Quinn
Rick L. Brunner                    (0012998)
Patrick M. Quinn                   (0081692)
BRUNNER QUINN
35 N. Fourth St., Ste. 200
Columbus, Ohio 43215
Telephone:  (614) 241-5550
Facsimile:  (614) 241-5551
Email:          rlb@brunnerlaw.com
                    pmq@brunnerlaw.com
*Attorneys for Plaintiffs Dr. David
Cummin, Crystal Cummin, J.C., T.C.,
A.C., and N.C.*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury of not less than eight (8) persons on all issues so triable.

/s/ Patrick Quinn
Rick L. Brunner                    (0012998)
Patrick M. Quinn                   (0081692)

EXHIBIT 1

Print                                                                                          Page 1 of 2

**From:** dave cummin <docded44@yahoo.com>
**Date:** January 6, 2014 at 1:50:05 PM EST
**To:** Hocking County Commissioners <commissioners@co.hocking.oh.us>
**Subject: Coroner Employees**
**Reply-To:** dave cummin <docded44@yahoo.com>

Jan 2 at 5:22 PM
David Cummin, MD
Hocking County Coroner
PO Box 917
Logan, OH  43138
January 2, 2014

Hocking County Commissioners

1 E. Main Street

Logan, OH 43138

Dear Commissioners:

I am regretfully writing to inform you of the resignation of my investigators due to lack
of funding provided for their salaries. This was a concern of mine that I addressed on the
record with you at an open Commissioner Meeting in late October 3, 2013. You asked
me what was necessary to retain my employees and told me to place $24,000.02 in my
budgetary line-item for employee salaries and then you would address it. Despite me
doing exactly as instructed, that amount was denied and thereby you essentially
terminated my employees. I do not understand your purpose of having me doing
meaningless work, only to be denied the requested result, without even a phone call.

Print                                                                                    Page 2 of 2

The Hocking County citizens had invested in at least twenty certified death investigator education hours for both investigators on a yearly basis. Jamie Walsh, a veteran of the office of eight years, and Mike Downour, a veteran of thirteen years, provided the county their dedicated service to assist law enforcement and the decedent families with their expertise, promptness, and compassion. With their assistance, the Hocking County Coroner Office has never mishandled a death investigation or been named in a law suit. They never asked to be reimbursed for mileage for the use of their vehicles. Lastly they were available and showed up to all death scenes since I took office, twenty-four hours a day, three hundred sixty-five days a year. They saved the county the cost of a deputy coroner physician by covering me when I was out of town or otherwise unavailable so that a trained death investigator was on all death scenes.

Clearly things will be different in the future. Please let me know what your plans for managing the caseload in an effective manner.

As Commissioners, if you deny me the tools necessary to do my job, then you will be the ones held accountable for my inability to do my elected job. I will be sending a letter to law enforcement offices, EMS, the 911 operators, funeral directors, and the hospital to notify you for their concerns as well as notifying the public for the imminent problems ahead. I predict that your defunding of my employees will be a costly mistake for the taxpayers of Hocking County.

Since I no longer have any staff to cover me, I will refer the above agencies to you for your contingency plans and I ask you to please forward them your personal contact numbers, including cell numbers and home phone numbers, so that their questions may be addressed and there is a seamless transition for all of those involved.

I will be out of town for medical educational conferences Thursday, January 9 – Sunday January 12, 2013 and Thursday, January 23 – Sunday January 26, 2013. I will be unavailable during those times and I will need you to find me coverage. I will let you know on a continuing monthly basis of my future planned absences and vacations so that you may plan accordingly.

Sincerely,
David Cummin, MD
Hocking County Coroner

EXHIBIT 2

Sheriff Lanny North

| | |
|---|---|
| From: | Leina Fetherolf |
| Sent: | Monday, July 14, 2014 12:00 PM |
| To: | Sheriff Lanny North |
| Subject: | Re: Coroner letter |

The main effect of it, from my perspective, is that it means that next time he won't be contending with us, but with them, and WE have some assurance that they'll intervene. I agree that he will be unfazed, and told them so.

Also, I intend to continue looking at the Gorniak bill as an open investigation in the hopes of charging it as a felony if we discover she was not privy to it. That's our best course of action if we can prove it. A felony is immediate removal from office.

Apparently, the records situation is happening across the state, so they're not particularly concerned with it. They also don't believe that Gorniak is necessarily violating anything because the statute just prevents her from engaging in "private practice" but apparently they've already allowed another coroner to be both a full time coroner and work parttime for another. If I'd known this before, I would have been running all over the state making money off of other prosecutors.

My conversation with them left me very frustrated. But I'm willing to be patient a little longer if it means we finally have them on the hook to help.

Sent from my iPhone

On Jul 14, 2014, at 11:50 AM, "Sheriff Lanny North" <Sheriff@co.hocking.oh.us> wrote:

> Laina,
>
> I understand the AG is going to send the Coroner a last chance letter.
> I wasn't sure of what all the letter entailed other than I had requested BCI to conduct an investigation.
>
> How many letters has he received over the years from you advising him is in violation of the law.  Not to mention the endless hours of meeting with Dave Warren and Steve Schierholt from BCI about his behavior.
>
> *He has violated the court ordered protocol.
> *He maintains coroner files in his private office.
> *He releases bodies of individuals who died from violent deaths without consulting with either one of us.
> *He leaves the county unattended for days without providing any deputy coroner coverage. It's my understanding the family from the last death is considering conferring with attorney.
>
> It isn't the AG that has to contend with his continual reckless disregard of the law by failing to perform his job duties. And is it isn't the AG who receives the calls from Commissioners and first responders whenever the Coroner isn't available.
>
> I know I am not telling you anything you don't already know.
>
> Given his past demeanor, I just don't believe a last chance letter is going to make a difference on how he handles situations in the future.

He will continue to do whatever he pleases and we will be discussing this all over again.

He knows he can do whatever he wishes and suffer no consequences for his actions.
Even filing of a criminal charge against him may not, but it may make him realize we are not going to tolerate his behavior anymore.

But it may be a start.

Lanny

## Sheriff Lanny North

From:      Laina Fetherolf
Sent:      Monday, July 14, 2014 1:16 PM
To:        Sheriff Lanny North
Subject:   Re: Coroner letter

Right, then they tried to say that about $2700 would fix the issue because he could add that to his travel budget and get the $12,000 for a new employee. I told them the travel line item was for paying funeral homes to transport bodies, and that the "employees" who suddenly were unavailable were his friends and it was all a big conspiracy.

Sent from my iPhone

On Jul 14, 2014, at 1:14 PM, "Sheriff Lanny North" <Sheriff@co.hocking.oh.us> wrote:

> Apparently there is more going on then I am aware of.
> Friday, Schierholt ask me for copies of his budget for 2013 & 2014, which I sent to him to indicate it wasn't actually cut.

From: Laina Fetherolf
Sent: Monday, July 14, 2014 12:11 PM
To: Sheriff Lanny North
Subject: Re: Coroner letter

Also, if the family files a report with us, I'm going to have to consider whether to file on their behalf as well.

We can discuss more in detail tomorrow or Wednesday, because they had various excuses/justifications he provided through the coroners association that I shot down.

Sent from my iPhone

On Jul 14, 2014, at 11:50 AM, "Sheriff Lanny North" <Sheriff@co.hocking.oh.us> wrote:

> Laina,
>
> I understand the AG is going to send the Coroner a last chance letter.
> I wasn't sure of what all the letter entailed other than I had requested BCI to conduct an investigation.
>
> How many letters has he received over the years from you advising him is in violation of the law.  Not to mention the endless hours of meeting with Dave Warren and Steve Schierholt from BCI about his behavior.
>
> *He has violated the court ordered protocol.
> *He maintains coroner files in his private office.
> *He releases bodies of individuals who died from violent deaths without consulting with either one of us.

1

*He leaves the county unattended for days without providing any deputy coroner coverage. It's my understanding the family from the last death is considering conferring with attorney.

It isn't the AG that has to contend with his continual reckless disregard of the law by failing to perform his job duties. And is it isn't the AG who receives the calls from Commissioners and first responders whenever the Coroner isn't available.

I know I am not telling you anything you don't already know.

Given his past demeanor, I just don't believe a last chance letter is going to make a difference on how he handles situations in the future.
He will continue to do whatever he pleases and we will be discussing this all over again.

He knows he can do whatever he wishes and suffer no consequences for his actions. Even filing of a criminal charge against him may not, but it may make him realize we are not going to tolerate his behavior anymore.

But it may be a start.

Lanny

EXHIBIT 3

Sheriff Lanny North

From:          Laina Fetherolf
Sent:          Wednesday, July 16, 2014 8:19 AM
To:            Sheriff Lanny North
Subject:       Re: LDN article

What's new? And they wonder why I won't comment.

Sent from my iPhone

> On Jul 16, 2014, at 8:18 AM, "Sheriff Lanny North" <Sheriff@co.hocking.oh.us> wrote:
>
> Article is full of falsehoods.
>
> And apparently one-sided!
>
>
>
> -----Original Message-----
> From: Laina Fetherolf
> Sent: Wednesday, July 16, 2014 8:18 AM
> To: Sheriff Lanny North
> Subject: Re: LDN article
>
> I saw. Clearly he's oblivious to the fact that I have many other remedies available for his
bad behavior.
>
> Sent from my iPhone
>
>> On Jul 16, 2014, at 8:16 AM, "Sheriff Lanny North" <Sheriff@co.hocking.oh.us> wrote:
>>
>>
>>
>>
>>
>> <Logandaily pg 1 7-16-14.pdf>
>> <Logandaily pg 2 7-16-14.pdf>

1



EXHIBIT 4

COPY TO SERVE

## HOCKING COUNTY MUNICIPAL COURT
1 East Main Street, Logan, Ohio 43138
(740) 385 2250
(HTTP://www.hockingcountymunicipalcourt.com)

**FILED**

JUL 2 3 2014

HOCKING COUNTY
MUNICIPAL COURT

| State of Ohio/City of Logan | | : | Case No.: CRB 1400714 |
|---|---|---|---|
| | Plaintiff | : | |
| Vs. | | : | Judge Frederick T. Moses |
| **DAVID L CUMMIN** | | : | |
| 11423 HELBER ROAD | | : | |
| LOGAN, OH 43138 | | : | **Summons Upon Complaint** |
| | Defendant | : | |

FORM VI
TO THE ABOVE NAMED DEFENDANT:

     A Complaint, a copy of which is attached hereto, has been filed in the above named court charging you with the following:

        2921.44E DERELICTION OF

     You are hereby summoned and ordered to appear in this Court on **08/11/2014 at 08:15 AM.**

Date:   July 23, 2014

                  Michele Bell
                  Clerk of Court

                  By  _____
                  Clerk/Deputy Clerk

TO: Hocking County Sheriff's Office
**RETURN OF SERVICE**

PERSONAL
Received this writ on _____ at _____ o'clock ___m, and served the same by personal service on _____, at _____.

FAILURE OF SERVICE
Received this writ on _____ at _____ o'clock ___m, and was unable to serve the same for the following reason

| | FEES | | |
|---|---|---|---|
| | | By_____ | |
| SERVICE | $ _____ | | Officer Serving Writ |
| MILES | $ _____ | | |
| TOTAL | $ _____ | | |

COPY TO SERVE

## HOCKING COUNTY MUNICIPAL COURT
## HOCKING COUNTY, OHIO

State of Ohio
/City of Logan/

NO. CRB1400714

v.

David L. Cummin
_____
name
11423 Helber Road
_____
street
Logan  Ohio 43138
_____
city  state zip

FILED

'JUL 2 3 2014

HOCKING COUNTY
MUNICIPAL COURT

Complainant being duly sworn states that David L. Cummin
                    defendant
at 16095 Sherman Street Hocking County, Ohio on or about January 10 ,2014,
    place

did, No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office; to wit: Coroner David L. Cummin did knowingly and recklessly leave Hocking County without any Coroner coverage on January 10, 2014, thus leaving us without a Coroner. Russell Swackhammer died unattended and we had difficulty finding his family physician to have him sign off on the death certificate which was finally done after several hours.

in violation of Section 2921.44E of the Ohio Revised Code.

Dereliction of duty
M-2

Det. Sgt. Ed

_____
Complainant

Sworn to and subscribed before me by Detective Sergeant Ed on July 23 ,2014
                Downs

_____
/ Judge / Clerk / Deputy Clerk /
Hocking County Municipal Court

or

_____
PEACE OFFICER
Authorized To Administer Oaths Pursuant to ORC 2935.08.1

HOCKING COUNTY MUNICIPAL COURT
1 East Main Street, Logan, Ohio 43138
(740) 385 2250
(HTTP://www.hockingcountymunicipalcourt.com)

**FILED**

JUL 2 3 2014

HOCKING COUNTY
MUNICIPAL COURT

| | | |
|---|---|---|
| State of Ohio/City of Logan | : | Case No.: CRB 1400715 |
| Plaintiff | : | |
| Vs. | : | Judge Frederick T. Moses |
| **DAVID L CUMMIN** | : | |
| 11423 HELBER RD | : | |
| LOGAN, OH 43138 | : | **Summons Upon Complaint** |
| Defendant | : | |

*COPY TO SERVE*

FORM VI
TO THE ABOVE NAMED DEFENDANT:

A Complaint, a copy of which is attached hereto, has been filed in the above named court charging you with the following:
2921.44E DERELICTION OF
You are hereby summoned and ordered to appear in this Court on **08/11/2014 at 08:15 AM**.

Date:   July 23, 2014                              Michele Bell
                                                            Clerk of Court

                                                            *Kyle White*

                                                    By _____
                                                    Clerk/Deputy Clerk

TO: Hocking County Sheriff's Office
**RETURN OF SERVICE**

PERSONAL
Received this writ on _____ at _____ o'clock ___m, and served the same by personal service on _____ , at _____ .

FAILURE OF SERVICE
Received this writ on _____ at _____ o'clock ___m, and was unable to serve the same for the following reason

_____

FEES

By_____

| | | |
|---|---|---|
| SERVICE | $ _____ | |
| MILES | $ _____ | Officer Serving Writ |
| TOTAL | $ _____ | |

*COPY TO SERVE*

## HOCKING COUNTY MUNICIPAL COURT
## HOCKING COUNTY, OHIO

State of Ohio
/City of Logan/

v.

NO. CRB 1400715

David L. Cummin
name
11423 Helber Road
street
Logan     Ohio     43138
city      state     zip

# FILED

JUL 2 3 2014

HOCKING COUNTY
MUNICIPAL COURT

Complainant being duly sworn states that    David L. Cummin
                                                            defendant

at    Hocking Valley Community      Hocking County, Ohio on or about    July 3 to July 6    ,2014,
    Hospital
        place

did, No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office; to wit: Coroner David L. Cummin did knowingly and recklessly leave Hocking County without any Coroner coverage between July 3 and July 6, 2014, thus resulting in leaving a decedant lie in the Hocking Valley Community Hospital Morgue from July 3, 2014 at approximately 2pm until July 5, 2014 at approximately 6:30 pm at his direction. This resulted in the Athens County Coroner's Office having to release the body.

in violation of Section    2921.44E     of the Ohio Revised Code.

Dereliction of duty
M-2

                          *Det. Sgt. [signature]*
                                    Complainant

Sworn to and subscribed before me by    Detective Sergeant Ed    on    July 23    ,2014
                                        Downs

/ Judge / Clerk / Deputy Clerk /
Hocking County Municipal Court

or

PEACE OFFICER
Authorized To Administer Oaths Pursuant to ORC 2935.08.1

COPY TO SERVE

### HOCKING COUNTY MUNICIPAL COURT
1 East Main Street, Logan, Ohio 43138
(740) 385 2250
(HTTP://www.hockingcountymunicipalcourt.com)

| | | |
|---|---|---|
| State of Ohio/City of Logan | : | Case No.: CRB 1400713 A |
| Plaintiff | : | |
| Vs. | : | Judge Frederick T. Moses |
| **DAVID L CUMMIN** | : | |
| 11423 HELBER RD | : | |
| LOGAN, OH 43138 | : | **Summons Upon Complaint** |
| Defendant | : | |

FILED

JUL 2 3 2014

HOCKING COUNTY
MUNICIPAL COURT

FORM VI
TO THE ABOVE NAMED DEFENDANT:

     A Complaint, a copy of which is attached hereto, has been filed in the above named court charging you with the following:
        2921.31 OBSTRUCTING OFF
     You are hereby summoned and ordered to appear in this Court on **08/11/2014 at 08:15 AM**.

Date:  July 23, 2014

                      Michele Bell
                      Clerk of Court

                      *Cindy L Kasler*

               By _____
               Clerk/Deputy Clerk

TO: HOCKING COUNTY SHERIFF
**RETURN OF SERVICE**

PERSONAL
Received this writ on _____ at _____ o'clock __m, and served the same by personal service on _____, at _____.

FAILURE OF SERVICE
Received this writ on _____ at _____ o'clock __m, and was unable to serve the same for the following reason

| FEES | | |
|---|---|---|
| | | By_____ |
| SERVICE | $_____ |             Officer Serving Writ |
| MILES | $_____ | |
| TOTAL | $_____ | |

HOCKING COUNTY MUNICIPAL COURT
HOCKING COUNTY, OHIO

State of Ohio
/City of Logan/

NO. CRB 1400713A

v.

David L. Cummin
name
11423 Helber Road
street
Logan                     Ohio        43138
city                      state       zip

FILED

JUL 2 3 2014

HOCKING COUNTY
MUNICIPAL COURT

Complainant being duly sworn states that _____ David L. Cummin _____
                                                    defendant

at _____ 15780 State Route 678 _____ Hocking County, Ohio on or about _____ July 19, _____ ,2014
          place

did, No person, without privilege to do so and with purpose to prevent, obstruct,
or delay the performance by a public official of any authorized act within the
public official's official capacity, shall do any act that hampers or impedes a public
official in the performance of the public official's lawful duties; to wit: Coroner
Cummin told Commissioner Walker that he didn't have any money in the lab/morgue and would
not send the body for autopsy until he had it in writing that the commissioners would transfer the
money into that fund.

in violation of Section _____ 2921.31 _____ of the Ohio Revised Code.

Obstructing Official Business
M-2

_____
Complainant

Sworn to and subscribed before me by   Detective Sergeant Ed   on   July 23   ,2014
                                        Downs

_____
/ Judge / Clerk / Deputy Clerk /
Hocking County Municipal Court

or

_____
PEACE OFFICER
Authorized To Administer Oaths Pursuant to ORC 2935.081

### HOCKING COUNTY MUNICIPAL COURT
### HOCKING COUNTY, OHIO

State of Ohio
/City of Logan/

v.

NO. CRB 1400 713 B

David L. Cummin
name
11423 Helber Road
street
Logan      Ohio      43138
city      state      zip

FILED

JUL 2 3 2014

HOCKING COUNTY
MUNICIPAL COURT

Complainant being duly sworn states that    David L. Cummin
                                                   defendant
at   15780 State Route 378     Hocking County, Ohio on or about    July 19     ,2014,
       place

did, No public servant shall recklessly fail to perform a duty expressly imposed by law with
respect to the public servant's office, or recklessly do any act expressly forbidden by law with
respect to the public servant's office; to wit: Coroner David L. Cummin did knowingly and
recklessly leave Hocking County without any Coroner coverage on July 19, 2014 through July 20,
2014, thus resulting in failing to respond to the scene of a double shooting with one person
deceased because he was not in town and told a Commissioner that he didn't have any money in
the lab/morgue and would not send the body for autopsy until he had it in writing that the
commissioners would transfer the money into that fund.

in violation of Section    2921.44E     of the Ohio Revised Code.

Dereliction of duty
M-2

                                 Det. Sgt. _____
                                             Complainant

Sworn to and subscribed before me by    Detective Sergeant Ed    on    July 23    ,2014
                                          Downs

_____
/ Judge / Clerk / Deputy Clerk /
Hocking County Municipal Court

or

_____
PEACE OFFICER
Authorized To Administer Oaths Pursuant to ORC 2935.08.1

**HOCKING COUNTY MUNICIPAL COURT**
**HOCKING COUNTY, OHIO**

State of Ohio
/City of Logan/

v.

David L. Cummin
name
11423 Helber Road
street
Logan                Ohio        43138
city                 state       zip

NO. CRB 1400 713 C

FILED

JUL 2 3 2014

HOCKING COUNTY
MUNICIPAL COURT

Complainant being duly sworn states that    David L. Cummin
                                                  defendant
at    15780 State Route 678        Hocking County, Ohio on or about    July 19        ,2014,
          place

did, No person, with purpose to coerce another into taking or refraining from action concerning
which the other person has a legal freedom of choice, shall take, withhold, or threaten to take or
withhold official action, or cause or threaten to cause official action to be taken or withheld; to
wit: Coroner Cummin told Commissioner Walker that he didn't have any money in the lab/morgue
fund and would not send the body of a homicide victim for an autopsy until he had it writing.

in violation of Section    2905.12A5        of the Ohio Revised Code.

Coercion
M-2

_____
                 Complainant

Sworn to and subscribed before me by    Detective Sergeant Ed      on    July 23        ,2014
                                         Downs

_____
/ Judge / Clerk / Deputy Clerk /
Hocking County Municipal Court

or

_____
           PEACE OFFICER
Authorized To Administer Oaths Pursuant to ORC 2935.08.1