OATH OF OFFICE

*12 MS 0134*

STATE OF OHIO

HOCKING COUNTY SS:

      I, David L. Cummin, do solemnly swear or affirm that I will support, protect and defend the Constitution of the United States and the Constitution of the State of Ohio, that I will discharge the duties of the office of Hocking County Coroner with fidelity; and I have not paid or contributed or promised to pay or contribute, either directly or indirectly, any money or other valuable thing to procure my nomination or elections (or appointment), except for necessary and proper expenses expressly authorized by law; that I have not knowingly receive, directly or indirectly, any money or other valuable thing for the performance or non-performance of any act or duty pertaining to my office than the compensation allowed by law. So help me God.

Sworn to and subscribed before me this 23rd day of December, A. D. 2012.

Frederick T Moses, Judge
Hocking County Municipal Court

Exhibit

DC 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| DAVID L. CUMMIN, M.D. <br> 11423 Helber Road <br> Logan, Ohio 43138 | Case No. |
| | Judge |
| Plaintiff, | Magistrate Judge |
| and | (Demand for Jury Trial) |
| CRYSTAL CUMMIN <br> 11423 Helber Road <br> Logan, Ohio 43138 | |
| and | |
| J.C., a minor, by Dr. David L. Cummin, <br> his parent and guardian <br> 11423 Helber Road <br> Logan, Ohio 43138 | |
| and | |
| T.C., a minor, by Dr. David L. Cummin, <br> his parent and guardian <br> 11423 Helber Road <br> Logan, Ohio 43138 | |
| and | |
| A.C., a minor, by Dr. David L. Cummin, <br> his parent and guardian <br> 11423 Helber Road <br> Logan, Ohio 43138 | |
| and | |
| N.C., a minor, by Dr. David L. Cummin, <br> his parent and guardian <br> 11423 Helber Road <br> Logan, Ohio 43138 | |

Exhibit

DC 2

1

|                                                  |   |
|--------------------------------------------------|---|
| v.                                               | ) |
|                                                  | ) |
| LANNY NORTH                                      | ) |
| Hocking County Sheriff's Office                  | ) |
| 25 East Second Street                            | ) |
| Logan, Ohio 43138                                | ) |
|                                                  | ) |
| and                                              | ) |
|                                                  | ) |
| DAVID VALKINBURG                                 | ) |
| Hocking County Sheriff's Office                  | ) |
| 25 East Second Street                            | ) |
| Logan, Ohio 43138                                | ) |
|                                                  | ) |
| and                                              | ) |
|                                                  | ) |
| EDWIN DOWNS                                      | ) |
| Hocking County Sheriff's Office                  | ) |
| 25 East Second Street                            | ) |
| Logan, Ohio 43138                                | ) |
|                                                  | ) |
| and                                              | ) |
|                                                  | ) |
| LAINA FETHEROLF                                  | ) |
| Hocking County Prosecuting Attorney             | ) |
| 88 South Market Street                           | ) |
| Logan, Ohio 43138                                | ) |
|                                                  | ) |
| and                                              | ) |
|                                                  | ) |
| HOCKING COUNTY BOARD OF                          | ) |
| COMMISSIONERS                                    | ) |
| 1 East Main Street                               | ) |
| Logan, Ohio 43138                                | ) |
|                                                  | ) |
| and                                              | ) |
|                                                  | ) |
| SANDY OGLE                                       | ) |
| Hocking County Board of Commissioners            | ) |
| 1 East Main Street                               | ) |
| Logan, Ohio 43138                                | ) |
|                                                  | ) |
| and                                              | ) |
|                                                  | ) |

2

CLARK SHEETS )
Hocking County Board of Commissioners )
1 East Main Street )
Logan, Ohio 43138 )
)
     and )
)
JOHN WALKER )
Hocking County Board of Commissioners )
1 East Main Street )
Logan, Ohio 43138 )
)
       Defendants. )

## COMPLAINT

FOR THEIR COMPLAINT against Defendants Lanny North, David Valkinburg, Edwin Downs, Laina Fetherolf, the Hocking County Board of Commissioners, Sandy Ogle, Clark Sheets, and John Walker, Plaintiffs David L. Cummin, Cyrstal Cummin, J.C., T.C., A.C., and N.C state as follows:

**Introduction:**

1.    This is an action brought pursuant to § 1983 to redress the violation of Plaintiff David Cummin's right to be free from malicious criminal prosecution brought in the absence of probable cause. As part of a scheme to control and dictate how Dr. Cummin, the elected Hocking County Coroner, conducts the business of his office, Defendants caused criminal charges to filed which were so flimsy in nature that all were dismissed before Dr. Cummin was even required to put on evidence in his own defense. Dr. Cummin therefore brings this action to redress these violations of his federal constitutional rights, as well as related claims under state law.

3

**Parties:**

2. Plaintiff David L. Cummin is a natural person and a citizen of the United States and of the state of Ohio. Dr. Cummin is a medical doctor and is the duly elected Hocking County Coroner, currently serving his fifth term.

3. Plaintiff Crystal Cummin is a natural person and a citizen of the United States and of the state of Ohio. Mrs. Cummin is, and at all material times has been, the spouse of Dr. Cummin.

4. Plaintiffs J.C., T.C., A.C., and N.C. and are all natural persons and citizens of the United States and of the state of Ohio. Plaintiffs J.C., T.C., A.C., and N.C. are all minor children of Dr. Cummin and are identified only by their initials pursuant to Fed. R. Civ. P. 5.2(a)(3).

5. Defendant Lanny North is a resident of Hocking County, Ohio. Defendant North is the duly elected Hocking County Sheriff. Defendant North is a "person" under 42 U.S.C. § 1983, and is sued in both his individual and his official capacity.

6. Defendant David Valkinburg is a resident of Hocking County, Ohio. Defendant Valkinburg is the Chief Deputy Sheriff of Hocking County. Defendant Valkinburg is a "person" under 42 U.S.C. § 1983, and is sued in both his individual and official capacity.

7. Defendant Edwin Downs is a resident of Hocking County, Ohio. Defendant Downs is a Detective employed by the Hocking County Sheriff. Defendant Downs is a "person" under 42 U.S.C. § 1983, and is sued in both his

individual and his official capacity. Defendants North, Valkinburg, and Downs are collectively referred to herein as the "Sheriff Defendants."

8. Defendant Lania Fetherolf is a resident of Hocking County, Ohio. Defendant Fetherolf is the duly elected Hocking County prosecutor. Defendant Fetherolf is a "person" under 42 U.S.C. § 1983, and is sued in both her individual and her official capacity.

9. Defendant Hocking County Board of Commissioners (the "Defendant Board") is a unit of local government organized under the laws of the state of Ohio. The Defendant Board is a "public body" as defined by Ohio Rev. Code § 121.22(B)(1).

10. Defendant Sandy Ogle is a resident of Hocking County, Ohio. Defendant Ogle is one of the duly elected members of the Hocking County Board of Commissioners.

11. Defendant Clark Sheets and Defendant John Walker are both residents of Hocking County, Ohio. Defendants Sheets and Walker were, at the times material hereto, duly elected members of the Hocking County Board of Commissioners.

12. Defendants Ogle, Sheets, and Walker are collectively referred to herein as the "Defendant Board Members."

13. At all times described herein, the Sheriff Defendants and Defendant Fetherolf acted under the color of Ohio law.

**Jurisdiction and Venue:**

14. Jurisdiction in this Court is proper pursuant to (i) 28 U.S.C. § 1331, insofar as this action arises under the Constitution and the law of the United States, namely 42 U.S.C. § 1983, (ii) 28 U.S.C. § 1343(a)(3) insofar as this action is brought to redress the deprivation, under color of state law, of Plaintiff's rights, privileges, and immunities secured by the Constitution of the United States, and (iii) as to Plaintiff's state law claims, 28 U.S.C. § 1367 insofar as those claims are so related to the claims brought within this Court's original jurisdiction as to form a single case or controversy under Article III of the Constitution.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) insofar as one or more of the defendants resides in this district and all of the defendants are residents of the state of Ohio. In addition, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) insofar as a substantial part of the events and omissions giving rise to the claims described herein occurred within this district.

**Statement of Facts:**

16. Pursuant to Ohio law, each county has an elected coroner who is responsible for performing the duties set forth in Chapter 313 of the Ohio Revised Code.

17. Every elected county coroner must be a licensed physician. Ohio Rev. Code 313.02(A). In addition, every county coroner is subject to continuing

6

education requirements which are different from those imposed on licensed physicians in general. Ohio Rev. Code 313.02(B).

18. Nothing in Ohio law, however, requires that a coroner in a smaller population county serve in a full-time capacity, or prohibits a coroner in a small county from maintaining a private medical practice separate and apart from their service as coroner. In fact, Ohio Rev. Code 325.15 expressly permits a county coroner to maintain a private medical practice.

19. Because of the small population in Hocking County, the office of coroner is classified by the State of Ohio as a part-time position, and state law fixes the annual salary of the Hocking Count Coroner at approximately $25,000.

20. For the bulk of the time that Dr. Cummin has served as the Hocking County Coroner, he has been assisted by two coroner's investigators. These investigator positions are part-time, and paid an annual salary of approximately $4,150, plus public employee healthcare and retirement benefits.

21. As an elected county officer, Dr. Cummin is entitled to legal representation and advice from the Hocking County Prosecuting Attorney, Defendant Fetherolf.

22. Beginning in 2012, the Sheriff Defendants and Defendant Fetherolf began an orchestrated plan to attempt to control and dictate how Dr. Cummin performed his duties as coroner.

23. For example, in January, 2012, Dr. Cummin opened an inquest into the cause of death of one Glenn R. Swaim, and as authorized by Ohio law, subpoenaed each of the Sheriff Defendants to produce documents and give sworn testimony in order to "inquire how the deceased came to his death..." Ohio Rev. Code 313.17.

24. Although she serves as Dr. Cummin's statutory counsel in his role as coroner, Defendant Fetherolf moved the Hocking County Court of Common Pleas to quash the subpoenas issued by Dr. Cummin in the Swaim inquest.

25. In moving to quash the subpoenas, Defendant Fetherolf did not seek the appointment of outside, unconflicted counsel for Dr. Cummin.

26. In 2013, the State of Ohio changed certain of the eligibility requirements for participation in the Public Employees Retirement System. Specifically, the requirements were changed such that only public employees who earned at least $1,000 per month were eligible to participate in PERS.

27. Dr. Cummin's two part-time investigators did not meet the new minimum salary requirements for participation in PERS. As such, Dr. Cummin requested that the Hocking County Board of Commissioners approve an increase in the county coroner's budget for 2014 in order to pay his investigators the minimum salary required for their eligibility in the PERS.

28. The Board of Commissioners did not approve Dr. Cummin's request for a budget increase that would allow for the two investigators to receive raises. As a result, the two investigators resigned their positions with the coroner's

office, and Dr. Cummin notified the Commissioners of that fact on January 6, 2014. See Exhibit 1 attached hereto.

29. The resignation of the two investigators left the county coroner's office with only one employee – Dr. Cummin.

30. At the same time that he notified the Commissioners of the resignation of his investigators, Dr. Cummin also notified the Commissioners that he would be away from Hocking County attending continuing education conferences on eight days during the month of January, 2014. *Id.*

31. To the best of Dr. Cummin's knowledge, no continuing education courses which satisfied the statutory requirements for a county coroner were held in Hocking County in the year 2014.

32. In response to Dr. Cummin's notification of his impending absence from the county, Defendant Fetherolf, in her own name, sued Dr. Cummin, her statutory client, in the Fourth District Court of Appeals. In her complaint, Defendant Fetherolf sought a writ of mandamus compelling Dr. Cummin to "appoint[]...a deputy coroner or staff to carry out his duties..."

33. As a result of the limited personnel budget available to him, Dr. Cummin was not able to hire a deputy coroner or staff, as Defendant Fetherolf well knew.

34. Recognizing the irreconcilable conflict created by her decision to file suit against her own client, Defendant Fetherolf asked for the Fourth District Court of Appeals to appoint special counsel to defend Dr. Cummin. In doing so, Defendant Fetherolf intentionally chose to disregard the well-established

9

procedures outlined in Ohio law for the appointment of special counsel for public officers. As a result, the Fourth District denied Defendant Fetherolf's request for the appointment of special counsel for Dr. Cummin.

35. Following the filing of the complaint for a writ of mandamus, Dr. Cummin entered into an arrangement with the Franklin County Coroner for that office to provide services as-needed when Dr. Cummin was outside of Hocking County.

36. In or around June, 2014, Dr. Cummin received an invoice from the Franklin County Coroner's office for services rendered during times in which Dr. Cummin was outside of Hocking County. Dr. Cummin promptly submitted that bill to the Hocking County Board of Commissioners for payment.

37. The Hocking County Board of Commissions refused, from their receipt of the invoice in or about June, 2014 through at least October, 2014, to pay for the services of the Franklin County Coroner's Office on the grounds that the invoiced amount exceeded a line item appropriation in Dr. Cummin's budget.

38. On or around the Fourth of July weekend in 2014, Dr. Cummin was away from Hocking County. During that weekend, the body of a deceased was transported to the Hocking Valley Community Morgue. At that point in time, Dr. Cummin was away from the county, had no employees, and reasonably believed that he could not secure the services of another coroner because of the Hocking County Board of Commissioners' refusal to pay invoices for such

services. As a result, the body of the deceased remained in the morgue for approximately forty-eight hours.

39. Shortly thereafter, the Sheriff Defendants and Defendant Fetherolf began to explore pursuing criminal charges against Dr. Cummin in order to make him "suffer...consequences for his actions," and "make him realize we are not going to tolerate his behavior anymore." See, e.g., Exhibit 2 attached hereto.

40. Defendant Fetherolf specifically sought to "investigat[e]" the bill from the Franklin County Coroner's Office described above "in the hopes of charging it as a felony" so as to trigger, by operation of Ohio law, Dr. Cummin's "immediate removal from office." *Id.* Defendant Fetherolf shared this course of action with Defendant North.

41. Defendant Fetherolf also shared with Defendant North her view that she had "many other remedies available for [Dr. Cummin's] bad behavior." See Exhibit 3 attached hereto.

42. Defendant Fetherolf began this investigation and attempt to pursue criminal charges against Dr. Cummin at a time when she also served as his statutory legal counsel.

43. By July 16, 2014, the budget for Dr. Cummin's official office had the sum of $610.25 in the "lab and morgue expenses" line item account.

44. Hocking County does not maintain sufficient facilities or personnel to conduct autopsies of victims of apparent homicide. Traditionally, such autopsies are

performed by the Franklin County Coroner's office, who in turn bills the Hocking County Coroner for the cost of doing so.

45. In July, 2014, the cost to obtain an autopsy from the Franklin County Coroner was approximately $1,100.

46. As a matter of Ohio law, Dr. Cummin is specifically prohibited from entering into any contract to pay money which has not been "previously appropriated for the purpose for which such contract is made, and remaining unexpended and applicable thereto..." Ohio Rev. Code 3.12. Any official who makes such a contract is "personally liable thereon..." *Id.*

47. Dr. Cummin was away from Hocking County on Saturday July 19, 2014.

48. On that same day, a shooting in Hocking County left one person dead as the victim of an apparent homicide. Defendant North notified Dr. Cummin of the shooting by telephone in the evening of July 19.

49. At the time he was notified of the shooting, Dr. Cummin knew that it was unlikely that the Franklin County Coroner would actually conduct an autopsy that weekend, and knew that no forensic evidence would be lost, destroyed, or damaged if the body were stored properly for a matter of days prior to being transported to Franklin County.

50. At the time of the shooting, Dr. Cummin also knew that his official budget did not contain sufficient funds to incur the debt for obtaining an autopsy from the Franklin County Coroner's office without violating Ohio law.

51. At the time of the shooting, Dr. Cummin also knew that the Hocking County Commissioners had refused to pay for at least one invoice from the Franklin County Coroner on the basis that the charged amount exceeded what was appropriated to Dr. Cummin in his official budget.

52. The general practice of the Hocking County Commissioners is to conduct regular public meetings every Tuesday morning at 9:00 a.m.

53. Based on, among others, the reasons outlined in paragraphs 49-52, Dr. Cummin declined to authorize the immediate transport of the shooting victim to Franklin County, and instead sought written authorization from the Hocking County Commissioners to incur the cost of doing so.

54. By telephone on the evening of July 19, 2014, Dr. Cummin advised Defendant Walker of this fact. In response, Defendant Walker attempted to orally assure Dr. Cummin that sufficient funds would be made available on July 22 (the next regularly scheduled meeting of the County Commissioners) for the transport of the shooting victim to Franklin County.

55. Because of past experiences with the County Commissioners (including the prior refusal to pay for the unbudgeted invoice from the Franklin County Coroner), and because a single commissioner does not have authority under Ohio law to bind the entire board, Dr. Cummin declined to act based on Defendant Walker's oral representation.

56. At the time, Defendant Walker knew full well that he, as only one of three members, did not have authority to bind the entire Board of Commissioners,

and knew that the Board of Commissioners had refused to pay the prior invoice from the Franklin County Coroner.

57. On the evening of Saturday July 19 and continuing into the early morning hours of Sunday July 20, 2014, Defendants Walker, Ogle and Sheets met in a series of round-robin telephone calls to discuss the shortfall in Dr. Cummin's lab and morgue budget (the "Telephonic Meeting"). At no time during the Telephonic Meeting were all three of the Defendant Board Members simultaneously on the telephone.

58. Defendant Hocking County Board of Commissioners do not hold regularly scheduled meetings on Saturdays or Sundays. Upon information and belief, neither the Defendant Board nor any of the Defendant Board Members notified any member of the public or the news media of the time, place, and purpose of their meeting on July 19-20.

59. The Telephonic Meeting was not open to the public. Upon information and belief, no minutes of the Telephonic Meeting were even taken or prepared.

60. During the Telephonic Meeting, the Defendant Board Members deliberated and discussed the shortfall in the lab and morgue budget. Following those deliberations and discussions, Defendant Board Members agreed to a resolution which provided that funds would be transferred into Dr. Cummin's lab and morgue account during the next regularly-scheduled meeting of the Board.

14

61. Defendant Board Members memorialized their deliberations in a handwritten resolution (the "Handwritten Resolution"). After the Handwritten Resolution was prepared, Defendant Walker met with Defendant North in the Sheriff's office and emailed the Handwritten Resolution to Dr. Cummin.

62. Defendant Board members met on July 22, their next regularly scheduled meeting, and formally adopted the resolution to which they had agreed during their prior Telephonic Meeting (the "Formal Resolution").

63. On July 23, 2014, Defendant Downs swore out five criminal complaints against Dr. Cummin arising out of the events described above. These complaints collectively charged Dr. Cummin with Obstructing Official Business, three counts of Dereliction of duty, and Coercion, all of which are second degree misdemeanors. See Exhibit 4 attached hereto.

64. One of the counts of dereliction of duty, assigned case number CRB1400714, charged Dr. Cummin based on the events alleged in Defendant Fetherolf's unsuccessful suit for a writ of mandamus against Dr. Cummin described in paragraph 32.

65. One of the counts of dereliction of duty, assigned case number CRB1400715, charged Dr. Cummin based on the events of the July 4 weekend described in paragraph 38 above and which led the Sheriff Defendants and Defendant Fetherolf to decide to make Dr. Cummin ""suffer…consequences for his actions," and "realize [they] are not going to tolerate his behavior anymore."

15

66. The count for obstructing official business, the remaining count of dereliction of duty, and the count for coercion, assigned case numbers CRB1400713A, B, and C respectively, charged Dr. Cummin based on the events of July 19 and 20 described above.

67. Upon information and belief, Defendant Downs swore out the criminal complaints against Dr. Cummin based on legal advice from Defendant Fetherolf.

68. Summonses on the criminal complaints were served on Dr. Cummin by or though the Sheriff Defendants.

69. The filing of the criminal charges against Dr. Cummin received widespread media and public attention throughout Hocking County and Central and Southeastern Ohio.

70. The filing of the criminal charges against Dr. Cummin and the subsequent notoriety surrounding them led to distress in his emotional well-being and adversely impacted both his personal relationships and his professional interests, including his private medical practice.

71. On August 11, 2014, Dr. Cummin appeared before the Hocking County Municipal Court, where he was arraigned on the criminal charges against him and pled not guilty. Dr. Cummin was released on a $1,500 recognizance bond, one of the conditions of which required Dr. Cummin to maintain his current address.

72. Because of her representation of Dr. Cummin in his role as elected county coroner, Defendant Fetherolf had an impermissible conflict of interest in prosecuting the charges against him. As such, the Hocking County Municipal Court appointed a special prosecutor to prosecute the charges against Dr. Cummin.

73. Prior to trial, the special prosecutor moved to dismiss all three of the charges for dereliction of duty and the charge of obstructing official business on the basis that the State of Ohio did "not have sufficient evidence" to establish the elements of those charges. On the special prosecutor's motion, those four charges against Dr. Cummin were dismissed on October 6, 2014.

74. The final remaining charge, for coercion related to the events of July 19-20, proceeded to trial before the Hocking County Municipal Court on November 21, 2014.

75. At the close of the special prosecutor's case, Dr. Cummin's moved for a judgment of acquittal under Ohio Rule of Criminal Procedure 29. The Hocking County Municipal Court granted that motion on the basis that the special prosecutor's evidence failed to establish the elements of a crime of coercion. As a result, the Court entered a judgment of acquittal and dismissed the complaint against Dr. Cummin.

76. Upon information and belief, Hocking County Municipal Court Judge Frederick Moses sought, in 2014, an increase in the budget allocated to the Municipal Court from the Hocking County Board of Commissioners. Also

upon information and belief, the Board and Defendant Fetherolf were aware that Judge Moses could potentially file suit against the Commissioners in order to obtain an increase his budget.

77. Upon information and belief, Judge Moses did in fact receive from the Hocking County Board of Commissioners the increased budget he sought.

78. Neither the Sheriff Defendants nor Defendant Fetherolf have charged Judge Moses with coercion or any other crime, nor have those defendants, upon information and belief, investigated Judge Moses for a potential coercion or other criminal charge.

**Count One: § 1983 / Malicious Prosecution**

79. The averments of paragraphs 1 through 78 above are incorporated by reference as if fully rewritten herein.

80. The Fourth Amendment, made applicable to the States by virtue of the Fourteenth Amendment, and/or the Due Process clause of the Fourteenth Amendment prohibit the wrongful investigation and prosecution without probable cause.

81. The right to be free from malicious prosecution is and at all times material has been a clearly established right.

82. Criminal proceedings were initiated against Dr. Cummin charging him with obstructing official business, coercion, and three counts of dereliction of duty.

83. The Sheriff Defendants and Defendant Fetherolf made, influenced, or participated in the decision prosecute Dr. Cummin.

18

84. Defendant Fetherolf's participation in the decision to prosecute Dr. Cummin was administrative or investigative, and not prosecutorial in nature, given that, among other things, Defendant Fetherolf at all times knew or should have known that she labored under an unwaivable conflict of interest in prosecuting her own client.

85. Defendant Fetherolf's role in the prosecution of Dr. Cummin ceased prior to the judicial phase of the criminal case, and upon information and belief, consisted instead of investigatory conduct and the giving of legal advice to the Sheriff Defendants.

86. No probable cause existed for the initiation of a criminal prosecution against Dr. Cummin.

87. As a consequence of the criminal prosecution, including but not limited to, the pretrial restrictions placed upon him, Dr. Cummin was deprived of his liberty in violation of the Fourth Amendment and was subjected to criminal charges without probable cause in violation of the Fourteenth Amendment.

88. The criminal prosecution was terminated in Dr. Cummin's favor when all of the charges against him were dismissed.

**Count Two: Malicious Prosecution**

89. The averments of paragraphs 1 through 88 above are incorporated by reference as if fully rewritten herein.

90. The Sheriff Defendants and Defendant Fetherolf initiated and caused to be continued criminal prosecution against Dr. Cummin.

91. The Sheriff Defendants and Defendant Fetherolf made, influenced, or participated in the decision prosecute Dr. Cummin.

92. Defendants' initiation and causing criminal prosecution to be continued was with malice, in bad faith, and in a wanton or reckless manner.

93. Defendant Fetherolf's participation in the decision to prosecute Dr. Cummin was administrative or investigative, and not prosecutorial in nature, given that, among other things, Defendant Fetherolf at all times knew or should have known that she labored under an unwaivable conflict of interest in prosecuting her own client.

94. Defendant Fetherolf's role in the prosecution of Dr. Cummin ceased prior to the judicial phase of the criminal case, and upon information and belief, consisted instead of investigatory conduct and the giving of legal advice to the Sheriff Defendants.

95. The criminal prosecution against Dr. Cummin lacked probable cause.

96. The criminal prosecution was terminated in Dr. Cummin's favor when all of the charges against him were dismissed.

**Count Three: Abuse of Process**

97. The averments of paragraphs 1 through 96 above are incorporated by reference as if fully rewritten herein.

98. The Sheriff Defendants and Defendant Fetherolf caused to be commenced criminal proceedings against Dr. Cummin in proper form and with probable cause.

99. After causing the commencement of criminal proceedings, the Sheriff Defendants and Defendant Fetherolf perverted those proceedings for the purpose of accomplishing an ulterior motive for which the proceedings were not designed, including but not limited to causing the removal of Dr. Cummin from the office of Coroner and exerting undue influence of the operations of the official office of the Coroner.

100. The Sheriff Defendants' and Defendant Fetherolf's use of process was malicious, in bad faith, and in a wanton and reckless manner.

101. As a direct and proximate result of Defendants' wrongful use of process, Dr. Cummin has been damaged.

**Count Four: Intimidation of a Public Official**

102. The averments of paragraphs 1 through 101 above are incorporated by reference as if fully rewritten herein.

103. The Sheriff Defendants and Defendant Fetherolf filed, recorded, or otherwise used a materially false or fraudulent writing, including but not limited to the criminal complaints against Dr. Cummin.

104. The Sheriff Defendants and Defendant Fetherolf did so for the purpose of influencing, intimidating, or hindering Dr. Cummin, the elected county coroner, in the discharge of his duties.

105. The Sheriff Defendants and Defendant Fetherolf did so with malicious purpose, in bad faith, and in a wanton and reckless manner.

106. Pursuant to Ohio Rev. Code 2921.03(C), Defendants are liable to Plaintiff for loss to his person or property as a result of their violation of Ohio Rev. Code 2921.03(A).

## Count Five: Ohio Open Meetings Act

107. The averments of paragraphs 1 through 106 above are incorporated by reference as if fully rewritten herein.

108. The Hocking County Board of Commissioners is a "public body" as defined by Ohio Rev. Code 121.22(B)(1).

109. Defendant Board and the Defendant Board Members violated the Ohio Open Meetings Act, by way of example and not limitation, by (a) holding the Telephonic Meeting, which was not open to the public, (b) upon information and belief, not giving notice to any member of the news media who requested notice of the Telephonic Meeting, (c) adopting the Telephonic Resolution, which was not adopted in an open meeting, and (d) adopting the Formal Resolution, which resulted from deliberations in a meeting which was not open to the public.

110. No exception, defense, or justification excused any of the violations of the Ohio Open Meetings Act by Defendant Board and the Defendant Board Members.

111. By reason of the violations of the Ohio Open Meetings Act by Defendant Board and the Defendant Board Members, Dr. Cummin is entitled to the remedies set forth in Ohio Rev. Code 121.22(I).

**Count Six: Loss of Consortium**

112. The averments of paragraphs 1 through 111 above are incorporated by reference as if fully rewritten herein.

113. At the time of the incidents described in this complaint, Dr. Cummin and Plaintiff Crystal Cummin were married.

114. At the time of the incidents described in this complaint, Plaintiffs J.C., T.C., A.C., and N.C. were minor children of Dr. Cummin.

115. As a result of the wrongful acts of the Sheriff Defendants and Defendant Fetherolf described herein, Plaintiff Crystal Cummin was caused to suffer loss of consortium, society, affection, and assistance

116. As a result of the wrongful acts of the Sheriff Defendants and Defendant Fetherolf described herein, Plaintiffs J.C., T.C., A.C., and N.C. were caused to suffer loss of consortium, society, companionship, affection, comfort, guidance, and counsel.

117. All of the aforesaid injuries and damages were proximately caused by the wrongful acts of the Sheriff Defendants and Defendant Fetherolf described herein.

**Count Seven: Declaratory Judgment**

118. The averments of paragraphs 1 through 117 above are incorporated by reference as if fully rewritten herein.

119. The averments of this Count Seven constitute a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* and Fed. R. Civ. P. 57, and Ohio Rev. Code 2721.01 *et seq.*

120. There is a dispute and controversy between Dr. Cummin and Defendants as to the rights, status and other legal relations between them.

121. Dr. Cummin prays for a judgment declaring as follows:

    a. The Defendants have a duty nor the legal authority to control the behavior of Dr. Cummin in the conduct of his official duties; or, in the alternative,

    b. Declaring the respective rights, status, and legal relations as between Dr. Cummin and the Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. In regards to Count One, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in amounts to be determined at trial by a jury; and

B. In regards to Count Two, or alternatively, Count Three, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in amounts to be determined at trial by a jury; and

C. In regards to Count Four, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in amounts to be determined at trial by a jury; and

D.  In regards to Count Five, for an injunction compelling the Defendant Board and its members to comply with the provisions of the Ohio Open Meetings Act and for a civil forfeiture of $500 to Dr. Cummin; and

E.  In regards to Count Six, for an award of compensatory damages against the Sheriff Defendants and Defendant Fetherolf in favor of Plaintiff Crystal Cummin, and Plaintiffs J.C., T.C., A.C., and N.C and in amounts to be determined at trial by a jury; and

F.  In regards to Count Seven, for the declaratory judgments prayed for in such count, and pursuant to 28 U.S.C. § 2202 and/or Ohio Rev. Code 2721.09, for such further relief as is necessary or proper; and

G.  For an award of punitive damages against the Sheriff Defendants and Defendant Fetherolf in favor of Dr. Cummin and in an amount to be determined at trial by a jury for all conduct found to be motivated by bad faith, malice, intent, or reckless or callous indifference to Dr. Cummin's rights; and

H.  For an award of costs, pre- and post-judgment interest, and pursuant to § 1988, Ohio Rev. Code 292103(C), and Ohio Rev. Code 121.22(I)(2), Plaintiffs' reasonable attorney's and expert witness fees; and

I.  Any and all such other relief as the Court may find just and proper.

25

Respectfully Submitted,

_/s/ Patrick Quinn_
Rick L. Brunner                    (0012998)
Patrick M. Quinn                   (0081692)
BRUNNER QUINN
35 N. Fourth St., Ste. 200
Columbus, Ohio 43215
Telephone:  (614) 241-5550
Facsimile:  (614) 241-5551
Email:      rlb@brunnerlaw.com
            pmq@brunnerlaw.com
*Attorneys for Plaintiffs Dr. David Cummin, Crystal Cummin, J.C., T.C., A.C., and N.C.*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury of not less than eight (8) persons on all issues so triable.

_/s/ Patrick Quinn_
Rick L. Brunner                    (0012998)
Patrick M. Quinn                   (0081692)

26

Case: 2:15-cv-01043-EAS-KAJ Doc #: 142-1 Filed: 09/06/16 Page: 28 of 107 PAGEID #: 3473

## 313.04 Absence, service, or disability.

When the coroner is absent temporarily from the county, or when on duty with the armed services of the United States, the state militia, or the American red cross, or when unable to discharge the duties of his office, such coroner may appoint a person with the necessary qualifications to act as coroner during such absence, service, or disability.

Effective Date: 10-12-1961

Exhibit

Dc 3

Case: 2:15-cv-01043-EAS-KAJ Doc #: 142-1 Filed: 09/06/16 Page: 29 of 107  PAGEID #: 3474

## 313.02 Qualifications for coroner - continuing education.

(A) No person shall be eligible to the office of coroner except a physician who has been licensed to practice as a physician in this state for a period of at least two years immediately preceding election or appointment as a coroner, and who is in good standing in the person's profession, or is a person who was serving as coroner on October 12, 1945.

(B)

(1) Beginning in calendar year 2000 and in each fourth year thereafter, each newly elected coroner, after the general election but prior to commencing the term of office to which elected, shall attend and successfully complete sixteen hours of continuing education at programs sponsored by the Ohio state coroners association. Within ninety days after appointment to the office of coroner under section 305.02 of the Revised Code, the newly appointed coroner shall attend and successfully complete sixteen hours of continuing education at programs sponsored by the association. Hours of continuing education completed under the requirement described in division (B)(1) of this section shall not be counted toward fulfilling the continuing education requirement described in division (B)(2) of this section.

As used in division (B) (1) of this section, "newly elected coroner" means a person who did not hold the office of coroner on the date the person was elected coroner.

(2) Except as otherwise provided in division (B)(2) of this section, beginning in calendar year 2001, each coroner, during the coroner's four-year term, shall attend and successfully complete thirty-two hours of continuing education at programs sponsored by the Ohio state coroners association. Except as otherwise provided in division (B)(2) of this section, each coroner shall attend and successfully complete twenty-four of these thirty-two hours at statewide meetings, and eight of these thirty-two hours at regional meetings, sponsored by the association. The association may approve attendance at continuing education programs it does not sponsor but, if attendance is approved, successful completion of hours at these programs shall be counted toward fulfilling only the twenty-four-hour requirement described in division (B)(2) of this section.

(3) Upon successful completion of a continuing education program required by division (B)(1) or (2) of this section, the person who successfully completes the program shall receive from the association or the sponsoring organization a certificate indicating that the person successfully completed the program.

Effective Date: 02-13-2001

Case: 2:15-cv-01043-EAS-KAJ Doc #: 142-1 Filed: 09/06/16 Page: 30 of 107 PAGEID #: 3475

# 313.06 Duties of coroner and deputies.

The coroner, his deputy, and assistants shall be available at all times for the performance of their duties as set forth in sections 313.01 to 313.22, inclusive, of the Revised Code.

Effective Date: 10-01-1953

Case: 2:15-cv-01043-EAS-KAJ Doc #: 142-1 Filed: 09/06/16 Page: 31 of 107 PAGEID #: 3476

# 313.09 Records.

The coroner shall keep a complete record of and shall fill in the cause of death on the death certificate, in all cases coming under his jurisdiction. All records shall be kept in the office of the coroner, but, if no such office is maintained, then such records shall be kept in the office of the clerk of the court of common pleas. Such records shall be properly indexed, and shall state the name, if known, of every deceased person as described in section 313.12 of the Revised Code, the place where the body was found, date of death, cause of death, and all other available information. The report of the coroner and the detailed findings of the autopsy shall be attached to the report of each case. The coroner shall promptly deliver, to the prosecuting attorney of the county in which such death occurred, copies of all necessary records relating to every death in which, in the judgment of the coroner or prosecuting attorney, further investigation is advisable. The sheriff of the county, the police of the city, the constable of the township, or marshal of the village in which the death occurred may be requested to furnish more information or make further investigation when requested by the coroner or his deputy. The prosecuting attorney may obtain copies of records and such other information as is necessary from the office of the coroner. All records of the coroner are the property of the county.

Effective Date: 08-26-1975

Case: 2:15-cv-01043-EAS-KAJ Doc #: 142-1 Filed: 09/06/16 Page: 32 of 107  PAGEID #: 9477

# 313.15 Determination of responsibility for death.

All dead bodies in the custody of the coroner shall be held until such time as the coroner, after consultation with the prosecuting attorney, or with the police department of a municipal corporation, if the death occurred in a municipal corporation, or with the sheriff, has decided that it is no longer necessary to hold such body to enable him to decide on a diagnosis giving a reasonable and true cause of death, or to decide that such body is no longer necessary to assist any of such officials in his duties.

Effective Date: 10-01-1953

Case: 2:15-cv-01045-EAS-KAJ Doc #: 142-1 Filed: 09/06/16 Page: 33 of 107 PAGEID #: 3478

## 313.141 Disposition of firearms in personal effects of deceased person.

If firearms are included in the valuable personal effects of a deceased person who met death in the manner described by section 313.12 of the Revised Code, the coroner shall deliver the firearms to the chief of police of the municipal corporation within which the body is found, or to the sheriff of the county if the body is not found within a municipal corporation. The firearms shall be used for law enforcement purposes only or they shall be destroyed. Upon delivery of the firearms to the chief of police or the sheriff, the law enforcement officer to whom the delivery is made shall give the coroner a receipt for the firearms that states the date of delivery and an accurate description of the firearms.

Effective Date: 08-01-1976

Case: 2:15-cv-01043-EAS-KAJ Doc #: 142-1 Filed: 09/06/16 Page: 34 of 107  PAGEID #: 3479

## 313.17 Subpoenas - oath and testimony of witnesses.

The coroner or deputy coroner may issue subpoenas for such witnesses as are necessary, administer to such witnesses the usual oath, and proceed to inquire how the deceased came to his death, whether by violence to self or from any other persons, by whom, whether as principals or accessories before or after the fact; and all circumstances relating thereto. The testimony of such witnesses shall be reduced to writing and subscribed to by them, and with the findings and recognizances mentioned in this section, shall be kept on file in the coroner's office, unless the county fails to provide such an office, in which event all such records, findings and recognizances shall be kept on file in the office of the clerk of the court of common pleas. The coroner may cause such witnesses to enter into recognizance, in such sum as is proper, for their appearance to give testimony concerning the matter. He may require any such witnesses to give security for their attendance, and, if any of them fails to comply with his requirements he shall commit such person to the county jail until discharged by due course of law. In case of the failure of any person to comply with such subpoena, or on the refusal of a witness to testify to any matter regarding which he may lawfully be interrogated, the probate judge, or a judge of the court of common pleas, on application of the coroner, shall compel obedience to such subpoena by attachment proceedings as for contempt. A report shall be made from the personal observation by the coroner or his deputy of the corpse, from the statements of relatives or other persons having any knowledge of the facts, and from such other sources of information as are available, or from the autopsy.

Effective Date: 08-06-1976

Case: 2:15-cv-01043-EAS-KAJ Doc #: 142-1 Filed: 09/06/16 Page: 35 of 107  PAGEID #: 3480

# 313.23 View of autopsy by interested person.

(A) As used in this section:

(1) "Interested person" means an employee of the coroner's office, a physician, dentist, nurse, professor at a medical school, medical student, medical resident, nursing student, an employee of a procurement organization, a member of a law enforcement agency, or any other person the coroner, in the coroner's discretion, determines is appropriate.

(2) " Procurement organization" has the same meaning as in section 2108.01 of the Revised Code.

(B) The coroner may allow an interested person to view an autopsy of a decedent without the interested person receiving permission to view the decedent's autopsy from the decedent's next of kin.

(C) No person who is under eighteen years of age and who is not an interested person may view an autopsy.

Effective Date: 08-17-2006; 2008 HB529 04-07-2009

# COMMISSIONERS MEETING OCTOBER 3, 2013

| | | | |
|---|---|---|---|
| Elisa Ricketts | 8380 | Travel Expense – SHSC | 76.00 |
| The Ambassador Co. | 8381 | Special Add Sponsorship – SHSC | 350.00 |
| Mark Stout | 8382 | Phone Adapter for Phones – EMA | 177.44 |
| Frontier | 8383 | Phone Service – EMA | 113.54 |
| David Ogg | 8384 | Reimb. Cell Phone – EMA | 160.12 |
| MEDBEN | 8385 | October Cobra Fees – Medical Reserve | 362.00 |
| Victoria Hilliard | 8386 | Supplies – FCFC | 8.25 |
| Diana Canter | 8387 | Payment for Photo Sold from Photo Group – FCFC | 9.00 |
| Victoria Hilliard | 8388 | Travel Expenses – FCFC | 85.20 |
| Eric Hoffman | 8389 | Social/Recreation Supports – FCFC | 1,800.00 |
| Gordon Flesch | 8390 | Maint. Agreement on Canon IRAC 2030 Copier – Engineer | 65.70 |
| Logan Welding, Inc. | 8391 | Mtls. For Repairs- Engineer | 44.00 |
| Safety Kleen | 8392 | Service Parts Washer – Engineer | 241.49 |
| Logan Glass & Window | 8393 | Repair Window in Door Between Office & Garage – Engineer | 199.00 |
| Marty's Wrecker Service & Repair | 8394 | Hauled #160 – Engineer | 65.00 |
| Kelly's auto Electric | 8395 | Alternator for #160 – Engineer | 90.00 |
| Amy Campbell | 8396 | Cleaning – Engineer | 125.00 |
| James Moore Construction | 8394 | Repairs for Geiger Building – Engineer | 5,500.00 |
| Frontier | 8395 | Service – Engineer | 272.14 |
| AEP | 8396 | Service – Engineer | 1,112.54 |
| Columbia Gas of Ohio | 8397 | Service – Engineer | 27.86 |
| Supermedia LLC | 8398 | Premium Website – Engineer | 14.95 |
| Goss Supply Co. | 8399 | Supplies – Engineer | 322.14 |
| RH Fire Extinguisher | 8400 | Inspection – EMA | 37.00 |

$126,057.55

**County, Dog & Kennel, Municipal Clerk's Computer, Special Projects-Probate Ct., Real Estate Assessments, Soil & Water Conservation, Capital Projects-SHSC, County Permanent Improvement, Hocking County Sewer District, Senior Citizens, Hocking Co. Emergency Management, Medical Ins. Reserve, Family and Children First, Auto Gas**

**ADDITIONAL APPROPRIATIONS:** Motion by Sandy Ogle and seconded by John Walker to approve the following Additional Appropriations:

1) Municipal Ct.        -        $5,000.00 to G13-05A/Other Expense

2) Municipal Ct.        -        $1,500.00 to G13-01/Salaries

Vote: Walker, yea, Ogle, yea, Sheets, yea.

**APPROPRIATION TRANSFERS:** Motion by Sandy Ogle and seconded by John Walker to approve the following Appropriation Transfers:

1) Veterans Service        -        $8,000.00 from A09C06/Relief to A09C02/Salaries

2) Veterans Service        -        $1,120.00 from A09C06/Relief to A09C09A/PERS

Vote: Walker, yea, Ogle, yea, Sheets, yea.

**BWC CLAIM TRANSFER FORM-JFS:** Motion by Sandy Ogle and seconded by John Walker to authorize President Clark Sheets to sign the BWC Claim Transfer Form for the South Central Jobs and Family Services. Vote: Walker, yea, Ogle, yea, Sheets, yea.

**PROSECUTORS REPORT:** Motion by John Walker and seconded by Sandy Ogle to approve the Prosecutors Report for the month of September. Vote: Walker, yea, Ogle, yea, Sheets, yea.

**NICK WILSON-AFLAC:** Nick Wilson of Aflac spoke to the Commissioners regarding different policy's that are available through Aflac.

**DISCUSSION:** Sandy said that she had left messages with Susan Black of Darlene's Flowers and Specialty Concrete and they had not returned her call. Sandy asked about who pays for the microfilm. John asked if we had a line item for that and the clerk stated they did for $350.00. Sandy also said that they had received a bill from Iron Mountain and would find out more information.

Clark said there is a Solid Waste Meeting on Monday.

**RECESS:** 9:23AM        **RECONVENE:** 9:50AM

**CORONER DAVID CUMIN:** Coroner David Cumin informed the Commissioners that two of his employees would be leaving on January 1st. The Coroner stated that those employees only made $4,150.00 a year with no benefits and he would like to hire two employees and contract another one on a flat rate of $75.00 to cover him in his absence. Sandy asked if the budget stayed the same could he work with one employee. The Coroner said he needed two people. John asked what he needed. The Coroner said $12,000.00 and PERS benefits per person. Sandy said so you are asking for $16,000.00. The Coroner stated at least. Clark asked if he was looking for the next year's budget. The Coroner said yes. Clark stated that he put the requested amounts on the budget sheet.

**ADJOURNMENT:** Motion by John Walker and seconded by Sandy Ogle to adjourn the meeting. Vote: Walker, yea, Ogle, yea, Sheets, yea.



Exhibit
DC 4

**Commissioners**

| | |
|---|---|
| **From:** | dave cummin <docded44@yahoo.com> |
| **Sent:** | Monday, January 06, 2014 1:50 PM |
| **To:** | Commissioners |
| **Subject:** | Coroner Employees |

Jan 2 at 5:22 PM
David Cummin, MD
Hocking County Coroner
PO Box 917
Logan, OH 43138
January 2, 2014


Hocking County Commissioners


1 E. Main Street


Logan, OH 43138


Dear Commissioners:

I am regretfully writing to inform you of the resignation of my investigators due to lack of funding provided for their salaries. This was a concern of mine that I addressed on the record with you at an open Commissioner Meeting in late October 3, 2013. You asked me what was necessary to retain my employees and told me to place $24,000.02 in my budgetary line-item for employee salaries and then you would address it. Despite me doing exactly as instructed, that amount was denied and thereby you essentially terminated my employees. I do not understand your purpose of having me doing meaningless work, only to be denied the requested result, without even a phone call.

The Hocking County citizens had invested in at least twenty certified death investigator education hours for both investigators on a yearly basis. Jamie Walsh, a veteran of the office of eight years, and Mike Downour, a veteran of thirteen years, provided the county their dedicated service to assist law enforcement and the decedent families with their expertise, promptness, and compassion. With their assistance, the Hocking County Coroner Office has never mishandled a death investigation or been named in a law suit. They never asked to be reimbursed for mileage for the use of their vehicles. Lastly they were available and showed up to all death scenes since I took office, twenty-four hours a day, three hundred sixty-five days a year. They saved the county the cost of a deputy coroner physician by covering me when I was out of town or otherwise unavailable so that a trained death investigator was on all death scenes.

Clearly things will be different in the future. Please let me know what your plans for managing the caseload in an effective manner.

As Commissioners, if you deny me the tools necessary to do my job, then you will be the ones held accountable for my inability to do my elected job. I will be sending a letter to law enforcement offices, EMS, the 911 operators, funeral directors, and the hospital to notify you for their concerns as well as notifying the public for the imminent problems ahead. I predict that your defunding of my employees will be a costly mistake for the taxpayers of Hocking County.

# Exhibit

1

DC 5

**Commissioners**

**Subject:**                    FW: coroner coverage

**From:** dave cummin <docded44@yahoo.com>
**Date:** January 9, 2014 at 12:24:18 AM EST
**To:** "docded44@yahoo.com" <docded44@yahoo.com>, Crystal <crystalcummin@gmail.com>
**Reply-To:** dave cummin <docded44@yahoo.com>

David Cummin, MD
Hocking County Coroner
PO Box 917
Logan, OH 43138

January 2, 2014

Hocking County Commissioners
1 E. Main St
Logan, Ohio 43138

Dear Commissioners:

I notified you on January 2, 2014 of the lapse of coroner coverage as a result of your
defunding and effective termination of my two employees for the 2014 budget year. As stated in
my previous letter one week ago, I will be out of town for the upcoming weekend and
additionally a few days later in the month of January 2014 for planned medical conferences. I
asked for you to provide your personal contact numbers, including cell phone numbers and home
numbers for concerned agencies that would be requiring the Hocking County Coroner services
during my absence. I have been waiting on your contingency plans regarding coverage by a
qualified physician (deputy) coroner since you defunded my employees.

I am concerned that your lack of response regarding this urgent matter involving the lack of
coroner coverage will adversely affect emergency response agencies, including Hocking
County 911, Hocking County EMS, Hocking Valley Community Hospital, Logan Police
Department, Ohio State Highway Patrol, State Park offices, Hocking County Sheriff Office and
the various surrounding fire departments, as well as the funeral homes and any affected
grieving families. I found Mr.Sheets comments of it being, "a matter to be discussed later," as he
stated at the Hocking County Commissioner Meeting on Tuesday, January 7, 2014, as being
irresponsible and dismissive.

When will you respond to this urgent matter?

1

David Cummin, MD
Hocking County Coroner
PO Box 917
Logan, OH 43138
January 13, 2014

Hocking County Commissioners
1 E. Main St
Logan, Ohio 43138

Dear Commissioners:

As an elected official of Hocking County, I have written to you regarding my concerns as
County Coroner only to have no response what-so-ever from you. When shall I expect to receive
a response from you? I would also like a reason in your response for your delay.

Secondly I was frankly shocked to read the Saturday, January 11, 2014 headline article that
exposed the county commissioners operating under false pretenses of Hocking County being
broke and not having monies, as declared by an informed Judge Moses and supported by
Hocking County Treasurer Diane Sargent. The greater than $16 million in various banks was
known by two of the commissioners while the third claimed ignorance to its existence. Now that
the falsehood of lack of funds has been exposed by The Logan Daily News, it appears that the
various county office financial needs can be met.

Therefore I am asking for the immediate funding and rehiring of my two previous employees so
that we can restore the coroner services to the emergency services and citizens.
Other departments also have immediate needs and should be addressed and restored and then a
global assessment can be made later for department raises and distributed appropriately.

As the fourth commissioner (ORC 305.03 D), a county office holder and a fellow citizen, I
would like to know your intent of hiding the money. You have been caught in a lie and therefore
you have lost my trust, fellow office holders' trust as well as lost the trust of the public. Perhaps
after restoring the county offices' budgets inappropriately cut this year, your resignations should
be considered, because once you no longer have your integrity, you can longer be an effective
leader.

David Cummin, MD
Hocking County Coroner

**Exhibit**

DC 6

**4677 Docs from Auditor- 02470 -022515**

Case: 2:15-cv-01043-EAS-KAJ Doc #: 142-1 Filed: 09/06/16 Page: 40 of 107  PAGEID #: 3485

# 305.03 Absence of certain county officers; office deemed vacant.

(A)

(1) Whenever any county officer, except the county auditor or county treasurer, fails to perform the duties of office for ninety consecutive days, except in case of sickness or injury as provided in divisions (B) and (C) of this section, the office shall be deemed vacant.

(2) Whenever any county auditor or county treasurer fails to perform the duties of office for thirty consecutive days, except in case of sickness or injury as provided in divisions (B) and (C) of this section, the office shall be deemed vacant.

(B) Whenever any county officer is absent because of sickness or injury, the officer shall cause to be filed with the board of county commissioners a physician's certificate of the officer's sickness or injury. If the certificate is not filed with the board within ten days after the expiration of thirty consecutive days, in the case of a county auditor or county treasurer, or within ten days after the expiration of ninety consecutive days of absence, in the case of all other county officers, the office shall be deemed vacant.

(C) Whenever a county officer files a physician's certificate under division (B) of this section, but continues to be absent for an additional thirty days commencing immediately after the last day on which this certificate may be filed under division (B) of this section, the office shall be deemed vacant.

(D) If at any time two county commissioners in a county are absent and have filed a physician's certificate under division (B) of this section, the county coroner, in addition to performing the duties of coroner, shall serve as county commissioner until at least one of the absent commissioners returns to office or until the office of at least one of the absent commissioners is deemed vacant under this section and the vacancy is filled. If the coroner so requests, the coroner shall be paid a per diem rate for the coroner's service as a commissioner. That per diem rate shall be the annual salary specified by law for a county commissioner of that county whose term of office began in the same year as the coroner's term of office began, divided by the number of days in the year.

While the coroner is serving as a county commissioner, the coroner shall be considered an acting county commissioner and shall perform the duties of the office of county commissioner until at least one of the absent commissioners returns to office or until the office of at least one of the absent commissioners is deemed vacant. Before assuming the office of acting county commissioner, the coroner shall take an oath of office as provided in sections 3.22 and 3.23 of the Revised Code. The coroner's service as an acting county commissioner does not constitute the holding of an incompatible public office or employment in violation of any statutory or common law prohibition against the simultaneous holding of more than one public office or employment.

The coroner shall give a new bond in the same amount and signed and approved as provided in section 305.04 of the Revised Code. The bond shall be conditioned for the faithful discharge of the coroner's duties as acting county commissioner and for the payment of any loss or damage that the county may sustain by reason of the coroner's failure in those duties. The bond, along with the oath of office and approval of the probate judge indorsed on it, shall be deposited and paid for as provided for the bonds in section 305.04 of the Revised Code.

(E) Any vacancy declared under this section shall be filled in the manner provided by section 305.02 of the Revised Code.

Exhibit

DC 7

Case: 2:15-cv-01045-EAS-KAJ Doc #: 142-1 Filed: 09/06/16 Page: 41 of 107  PAGEID #: 3486

(F) This section shall not apply to a county officer while in the active military service of the United States.

Amended by 130th General Assembly File No. TBD, HB 10, §1, eff. 3/23/2015.

Effective Date: 03-30-1999

David L. Cummin, M.D.
Hocking County Coroner
P.O. Box 917
Logan, OH 43138

January 9, 2014

To Whom It May Concern:

I will be out of town for medical educational conferences Thursday, January 9 – Sunday January 12, 2013 and Thursday, January 23 – Sunday January 26, 2013. During my above times, please contact your Hocking County Commissioners, Mr. John Walker, Mr. Clark Sheets, and Mrs. Sandy Ogle for their coverage plans and any questions concerning coroner services.

David Cummin, MD
Hocking County Coroner



**Exhibit**

8

**4677 Docs from Auditor- 02178 -022515**

**Commissioners**

**Subject:** FW: Coroner coverage

**From:** dave cummin <docded44@yahoo.com>
**Date:** January 9, 2014 at 12:37:07 AM EST
**To:** "docded44@yahoo.com" <docded44@yahoo.com>, Crystal <crystalcummin@gmail.com>
**Subject: Coroner coverage**
**Reply-To:** dave cummin <docded44@yahoo.com>

January 9, 2014

To Whom It May Concern:

I will be out of town for medical educational conferences Thursday, January 9 – Sunday January 12, 2013 and Thursday, January 23 – Sunday January 26, 2013. During my above times, please contact your Hocking County Commissioners, Mr. John Walker, Mr. Clark Sheets, and Mrs. Sandy Ogle for their coverage plans and any questions concerning coroner services.

David Cummin, MD
Hocking County Coroner

NetZero now offers 4G mobile broadband. Sign up now.

1

## Commissioners

| | |
|---|---|
| **From:** | ccfarms1@juno.com |
| **Sent:** | Friday, January 10, 2014 12:12 PM |
| **To:** | Commissioners |
| **Subject:** | Fwd: Coroner coverage |

---------- Forwarded Message ----------
From: Dave Cummin <docded44@yahoo.com>
To: Sandra Ogle <sleeogle@hotmail.com>, Clark Sheets Jr <ccfarms1@juno.com>, John Walker <jhwalker28@gmail.com>
Subject: Fwd: Coroner coverage
Date: Thu, 9 Jan 2014 07:15:17 -0500

Sent from my iPhone

Begin forwarded message:

> **From:** dave cummin <docded44@yahoo.com>
> **Date:** January 9, 2014 at 12:37:07 AM EST
> **To:** "docded44@yahoo.com" <docded44@yahoo.com>, Crystal <crystalcummin@gmail.com>
> **Subject: Coroner coverage**
> **Reply-To:** dave cummin <docded44@yahoo.com>
>
> January 9, 2014
>
> To Whom It May Concern:
>
> I will be out of town for medical educational conferences Thursday, January 9 – Sunday January 12, 2013 and Thursday, January 23 – Sunday January 26, 2013.  During my above times, please contact your Hocking County Commissioners, Mr. John Walker, Mr. Clark Sheets, and Mrs. Sandy Ogle for their coverage plans and any questions concerning coroner services.
>
> David Cummin, MD
> Hocking County Coroner

NetZero now offers 4G mobile broadband. Sign up now.

January 9, 2014

David Cummin, MD
Hocking County Coroner
PO Box 917
Logan, OH 43138

Hocking County Commissioners
1 E. Main St
Logan, Ohio 43138

Dear Commissioners:

I notified you on January 2, 2014 of the lapse of coroner coverage as a result of your defunding and effective termination of my two employees for the 2014 budget year. As stated in my previous letter one week ago, I will be out of town for the upcoming weekend and additionally a few days later in the month of January 2014 for planned medical conferences. I asked for you to provide your personal contact numbers, including cell phone numbers and home numbers for concerned agencies that would be requiring the Hocking County Coroner services during my absence. I have been waiting on your contingency plans regarding coverage by a qualified physician (deputy) coroner since you defunded my employees.

I am concerned that your lack of response regarding this urgent matter involving the lack of coroner coverage will adversely affect emergency response agencies, including Hocking County 911, Hocking County EMS, Hocking Valley Community Hospital, Logan Police Department, Ohio State Highway Patrol, State Park offices, Hocking County Sheriff Office and the various surrounding fire departments, as well as the funeral homes and any affected grieving families. I found Mr. Sheets comments of it being, "a matter to be discussed later," as he stated at the Hocking County Commissioner Meeting on Tuesday, January 7, 2014, as being irresponsible and dismissive.

When will you respond to this urgent matter?

My priority lies with aiding law enforcement in accurately determining the cause and manner of expected and unexpected deaths and assisting grieving families of loved ones. These coroner services include having a trained death investigator on every death scene requested, as had been done by my previous dedicated employees and myself the past fourteen years without fail. But without that assurance that trained personnel will be present and evaluate each death situation, I require that all deaths in Hocking County be autopsied so that suspicious deaths, including potential homicides, will not inadvertently be overlooked and that they be properly handled for prosecution. I will also notify the above agencies to contact you with any further questions or concerns.

Sincerely,

David Cummin, M.D.

4/28/2002 18:56 FAX 740 385 0630     DAVID M. CUMMIN MD     ☑ 001/002

Ohio Department of Health
VITAL STATISTICS
**CERTIFICATE OF DEATH**
Type or print in permanent blue or black ink

Reg. Dist. No.   37
Primary Reg. Dist. No. 3701
Registrar's No.

State File No.

| | | |
|---|---|---|
| **1. Decedent's Legal Name** (Include AKA's if any) [First, Middle, LAST, suffix] GLENN R SWAIM | **2. Sex** Male | **3. Date of Death** (Mo/Day/Year) June 09, 2011 |

| 4. Social Security Number 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 | 5a. Age (Years) 26 | 5b. Under 1 Year Months / Days | 5c. Under 1 day Hours / Minutes | 6. Date of Birth (Mo/Day/Year) April 26, 1985 | 7. Birthplace(City and State or Foreign Country) ATHENS, OHIO |
|---|---|---|---|---|---|

| 8a. Residence State OHIO | 8b. County HOCKING | 8c. City or Town LOGAN | |
|---|---|---|---|
| 8d. Street and Number 23054 S R 93 S | 8e. Apt. No. | 8f. Zipcode 43138 | 8g. Inside City Limits? No |

| 9. Ever in US Armed Forces? No | 10. Marital Status at Time of Death Married | 11. Surviving Spouse's Name (If wife, give name prior to first marriage) MEGAN PEPPERS |
|---|---|---|

| 12. Decedent's Education 9TH THRU 12TH GRADE; NO DIPLOMA | 13. Decedent of Hispanic Origin No | 14. Decedent's Race White |
|---|---|---|

| 15. Father's Name UNKNOWN | 16. Mother's Name (prior to first marriage) DEBORAH S WATSON | |
|---|---|---|
| 17a. Informant's Name MEGAN SWAIM | 17b. Relationship to Decedent Wife | 17c. Mailing Address (Street and Number, City, State, Zip Code) PO Box 15 |

| 18. Place of Death Hospital - Emergency Room / Outpatient | | UNION FURNACE, OHIO 43158 |
|---|---|---|
| 18a. Facility Name (If not institution, give street & number) HOCKING VALLEY COMMUNITY HOSPITAL | 18b. City or Town, State and Zip Code LOGAN, OH 43138 | 18c. County of Death HOCKING |

| 19. Signature of Funeral Service Licensee or Other Agent | 20. License Number (of licensee) 005647 | 21. Name and Complete Address of Funeral Facility HEINLEIN-BROWN FUNERAL HOME |
|---|---|---|
| 22a. Method of Disposition Cremation | 22b. Date of Disposition June 17, 2011 | |
| 22c. Place of Disposition (Name of Cemetery, Crematory, or other place) Central Ohio Cremation Service | 22d. Location (City/Town and State) WORTHINGTON, OH | 204 W MAIN ST LOGAN, OH 43138 |

| 23. Registrar's Signature | 24. Date Filed |
|---|---|

| 25a. Name of Person Issuing Burial Permit ROBISON, SUSAN L. | 25b. District No. 3700 | 25c. Date Burial Permit Issued |
|---|---|---|

26a. Certifier (Check only one)
☐ Certifying Physician - To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner stated.
☒ Coroner - On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated.

| 26b. Time of Death 1940 | 26c. Date Pronounced Dead (Mo/Day/Year) 06/09/2011 | 26d. Was case referred to coroner? Yes |
|---|---|---|
| 26e. Signature and Title of Certifier    MD | 26f. License number 35,069372 | 26g. Date Signed June 21, 2011 |

27. Name (Last, First, Middle) and Address of Person who Completed Cause of Death
CUMMIN, DAVID L, P.O. BOX 917 LOGAN, OH 43138

| 28. Part I. Enter the diseases, injuries, or complications that caused the death. Do not enter mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line. Type of death (in permanent blue or black ink). | | Approximate Interval Between Onset and Death |
|---|---|---|
| Immediate Cause (Final disease or condition resulting in death) a. Pending | | |
| Sequentially list conditions, if any, leading to immediate cause. Enter Underlying Cause (Disease or injury that initiated events resulting in death) | b. Due to (or as Consequence of): | |
| | c. Due to (or as Consequence of): | |
| | d. Due to (or as Consequence of): | |

| Part II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. | 29a. Was An Autopsy Performed? Yes | 29b. Were Autopsy Findings Available Prior To Completion Of Cause of Death? No |
|---|---|---|

| 30. Did Tobacco Use Contribute to Death? Unknown | 31. If Female, Pregnancy Status NOT APPLICABLE. | 32. Manner of Death Pending Investigation |
|---|---|---|

| 33a. Date of Injury (Mo/Day/Year) June 09, 2011 | 33b. Time of Injury 19:00 | 33c. Place of Injury (e.g., Decedent's home, construction site, restaurant, wooded area) BATHROOM FLOOR | 33d. Injury at Work? No |
|---|---|---|---|

| 33e. Location of Injury (Street and Number or Rural Route Number, City and State) 32179 SHAW RD, LOGAN, OHIO | |
|---|---|
| 33f. Describe How Injury Occurred: PENDING INVESTIGATION | 33g. If Transportation Injury, Specify: |

HEA 3724 Rev. 9/03

**Exhibit**

DC 9

**4677 Docs from Auditor- 02423 -022515**

Reg. Dist. No. 3701

Registrar's No. 3700-2011000096

498824

**Ohio Department of Health**
**VITAL STATISTICS**
**Supplementary Medical Certification**

State File No. 2011050045

| Name of Deceased | | |
|---|---|---|
| GLENN R SWAIM | | |

| Place of Death | Date of Death |
|---|---|
| Hospital - Emergency Room / Outpatient | June 09, 2011 |

| 23. Registrar's Signature | 24. Date Filed |
|---|---|
| *Susan L. Robison* | 12-14-11 |

| 25a. Certifier (Check only one) | |
|---|---|
| ☐ Certifying Physician | To the best of my knowledge, death occurred at the time, date, and place; and due to the cause(s) and manner stated. |
| ☒ Coroner | On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, and place; and due to the cause(s) and manner stated. |

| 26b. Time of Death | 26c. Date Pronounced Dead (Mo/Day/Year) | 26d. Was Case referred to Coroner? |
|---|---|---|
| 1940 | June 9,2011 | Yes |

| 25c. Signature and Title of Certifier | 26f. License number | 26g. Date Signed |
|---|---|---|
| *[signature]* MD | 35.069372 | December 13, 2011 |

| 27. Name (Last, First, Middle) and Address of Person who Completed Cause of Death |
|---|
| CUMMIN, DAVID L, P.O. BOX 917, LOGAN, OH, 43138 |

28. Part I. Enter the disease, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line. Type or print in permanent black ink.

| | | Approximate Interval Between Onset and Death |
|---|---|---|
| Immediate Cause (Final disease or condition resulting in death) | a. HEMOPERITONEUM FROM HEPATIC PARENCHYMAL HEMORRHAGE | 90 MINUTES |
| Sequentially list conditions, if any, leading to the immediate cause. | b. Due to (or as Consequence of) Hepatic Lacerations | 90 MINUTES |
| Enter Underlying Cause Last (Disease or injury that initiated events resulting in a death) | c. Due to (or as Consequence of) Blunt Impact To The Torso | 90 MINUTES |
| | d. Due to (or as Consequence of) Presumed Physical Altercation | 90 MINUTES |

| Part II. Other Significant Conditions contributing to death but not resulting in the underlying cause given in Part I. | 29a. Was an Autopsy Performed? | 29b. Were Autopsy Findings Available Prior to completion of Cause of Death? |
|---|---|---|
| Hypertensive Cardiovascular Disease With Cardiomegaly | Yes | Yes |

| 30. Did Tobacco Use Contribute to Death? | 31. If Female, Pregnancy Status | 32. Manner of Death |
|---|---|---|
| No | NOT APPLICABLE. | Homicide |

| 33a. Date of Injury (Mo/Day/Year) | 33b. Time of Injury | 33c. Place of Injury (e.g., Decedent's home, construction site, restaurant, wooded area) | 33d. Injury at Work? |
|---|---|---|---|
| June 09, 2011 | 17:00 | BATHROOM FLOOR | No |

| 33e. Location of Injury (Street and Number or Rural Route Number, City or Town, State) |
|---|
| 32179 SHAW RD , LOGAN, OHIO |

| 33f. Describe How Injury Occurred: | 33g. If Transportation Injury, Specify: |
|---|---|
| Multiple Blunt Force Impacts To The Abdomen | |

HEA 2752
Rev. 01/07

**THIS SUPPLEMENTARY CERTIFICATE IS TO BE COMPLETED BY THE ATTENDING PHYSICIAN OR CORONER AND FILED WITH LOCAL REGISTRAR OF VITAL STATISTICS**
Required by section 3705.27 of the Ohio Revised Code



498824



2011050045

Exhibit

DC 10

**LAINA FETHEROLF**
PROSECUTING ATTORNEY
HOCKING COUNTY, OHIO
88 SOUTH MARKET STREET, LOGAN, OH 43138
Telephone (740) 385-5343     Fax (740) 385-5922

William L. Archer, Jr.              Trecia Kimes-Brown              Ann A. McDonough
Asst. Prosecuting Attorney         Asst. Prosecuting Attorney       Asst. Prosecuting Attorney

January 5, 2012

Dr. David Cummin
Hocking County Coroner
29592 Chieftain Drive
Logan, Ohio 43138

Dear Dr. Cummin,

Pursuant to Ohio Revised Code Section 313.09, I am requesting that you deliver any and all records in your possession relating to the death of Glenn R. Swaim, including but not limited to:

-Any and all notes, reports, or other records of interviews conducted by yourself or your agents in connection with the death of Glenn R. Swaim.

-Any/all correspondence between yourself or your agents and the Franklin County Coroner's Office regarding the death of Glenn R. Swaim.

-Copies of any and all reports of the autopsy performed on Glenn R. Swaim, including any preliminary reports.

-Names of any and all expert witnesses consulting in determining that the death of Glenn R. Swaim was a homicide.

Further, I wish to formally notify you that your failure to consult with my office or the sheriff of this county before releasing the decedent's body is in violation of Ohio Revised Code Section 313.15, and could impact further investigation of, or possible prosecution of any case arising out of this matter. Especially as the body has now been cremated, and further testing or inspection that might have been needed has been irretrievably foreclosed on. I am frustrated at the lack of courtesy and cooperation in this matter, and hope that things will be handled according to the law in the future. In that regard, I ask that you immediately make available any and all tissue or fluid samples, photographs, or other evidence still being held in this case for any testing deemed necessary by my office or the sheriff's department as our respective offices continue to look into this matter. I would ask that you contact the Franklin County Coroner's Office,

Exhibit

DC 11

Exhibit-C

**4677 Docs from Auditor- 02425 -022515**

if those items are still being held by them, and notify them to make this material available for pickup by myself or an agent of my choosing.

Your cooperation and prompt attention to this request is greatly appreciated.

Sincerely,

Laina Fetherolf
Hocking County Prosecuting Attorney

C19NC

*Serve*

SUBPOENA (including command to produce document or object)

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

IN THE __HOCKING COUNTY COMMON PLEAS COURT__ , ___LOGAN___ , OHIO
(Court)

___STATE OF OHIO___                    Case No. __12CRJD0007__

                                    Plaintiff

                    VS                         **SUBPOENA**

                                               XXXXX CRIMINAL          XX
                                               DUCES TECUM             ☐
        ___JOHN DOE___                         GRAND JURY              ☐
                                    Defendant

TO:  DET. ED DOWNS

__HOCKING CO SHERIFF'S OFFICE__          __25 E. SECOND ST. LOGAN, OHIO  43138__
             Name                                      Address

YOU ARE HEREBY COMMANDED TO appear __JANUARY 20, 2012 AT 10:30 A.M.__ ,

on the _____ day of _____ , _____ at _____

o'clock _____ M.   SAID ORDER IS MADE PERSUANT ORC SECTION 313.17

You are further ordered to: __SEE ATTACHED EXHIBIT "A" FOR ALL INSTRUCTIONS__

_____

_____

__DAVID L. CUMMIN M.D.__                 Witness my hand and seal of said Court this __12th__ day of
~~ATTORNEY NAME~~ HOCKING CO CORONER
__751 ST. RT. 664__                      __JANUARY__, 2012 ,
Attorney's Address
__LOGAN, OHIO  43138__                   NARCIE STAHR, Clerk of the Common Pleas Court

                                         By _____
Attorney for: _____                                      Judge

Phone No: __740-385-9646__               By __Kelly Redman__
                                                                    Deputy

RETURN ON SERVICE

On the _____ day of _____ , _____ ,

I served the above named individual by _____

Dated _____ , _____

By _____          Service fees:
           (Process Server)
                                         1 day's fee tendered .............................$ _____

        **Exhibit**                      Service and Return ...............................  _____

                                         Mileage .............................................  _____
(Over)

__DC /2__                                Total .................................................$ _____

                                         **4677 Docs from Auditor- 02427 -022515**

*Exhibit "A"*

IN THE COURT OF COMMON PLEAS, HOCKING COUNTY, OHIO

STATE OF OHIO                                   CASE NO. 12CR5A0045

     Plaintiff                                CORONER'S SUBPOENA

     Vs.

JOHN DOE

     Defendant

To the Clerk: -- Issue subpoena for

To: Det. Ed Downs, Hocking County Sheriff's Office, 25 E. Second St., Logan, Ohio 43138.

     You are hereby commanded to appear at 751 St. Rt. 664 North, Logan, Ohio 43138 at 10:30 a.m. on 1/20/2012 and bring with you and produce for examination all records and correspondence that you possess or control in regards to Glenn R. Swaim, d.o.b. 4/26/1985 deceased on 6/9/2011. Your appearance is required pursuant to Ohio Revised Code Section 313.17. Should you have any questions call 740-385-9646, David L. Cummin, M.D., Hocking County Coroner.

David L. Cummin, M.D.
Coroner
Hocking County, Ohio



DAVID L. CUMMIN, M.D.
CORONER
HOCKING COUNTY
OHIO

JAMIE WALSH, LPN
CORONER INVESTIGATOR

MIKE DOWNOUR
CORONER INVESTIGATOR

MIKE STEPHENSON, EMT-P
CORONER INVESTIGATOR

ALEX PAVLUCK
PROSECUTOR LIASON

January 23, 2012

Ms. Laina Fetherolf
Hocking County Prosecutor
88 South Market Street
Logan, Ohio 43138

Dear Ms. Fetherolf:

I am writing you in response to your recent letters and legal actions against myself and the Hocking County Coroner's Office. In your letters you formally notified me that I was "in violation of Ohio Revised Code Section 313.15, and could impact further investigation of, or possible prosecution of any case arising out of this matter. Especially as the body has now been cremated, and further testing or inspection that might have been needed has been irretrievably foreclosed on. I am frustrated at the lack of courtesy and cooperation in this matter, and hope that things will be handled according to the law in the future. In that regard, I ask that you immediately make available any and all tissue or fluid samples, photographs, or other evidence still being held in this case for any testing deemed necessary by my office or the sheriff's department as our respective offices continue to look into this matter."

You have also attempted to interfere with my office's subpoenas for witnesses regarding the Inquest regarding Glenn Swaim's death. Your failed attempt of quashing my Coroner Subpoena is the second time that you have inappropriately represented the Sheriff office against the Coroner's office. Let me remind you that when a civil dispute exists between county officials (statutory clients) that the Prosecutor is required to recuse herself.

Perhaps you could show me in the Ohio Revised Code where the Sheriff Department has specified death investigative authority. Moreover, you should also show me where the Sheriff's death investigative authority supersedes the Coroner's authority in death investigation in the state of Ohio. I don't believe you can, because your opinion on this matter does not exist in Ohio law. I took note that you were so kind to furnish Mr. Celebrezze's Attorney General Opinion No. 88-035. I am very familiar with that opinion and perhaps if you acquainted yourself with that opinion, you would understand how the Coroner's authority has purpose and is not superseded by the Sheriff in death

Exhibit



DC 13

January 24, 2012
Page 2

investigations. The Opinion also validates the use of the Coroner Subpoena that you inappropriately and unsuccessfully attempted to quash.

Thirdly, you attached your own sworn and signed affidavit that is somehow related to my Inquest, even though you are not a subpoenaed witness. I have performed well over a dozen Inquests in my career, and I have never before received affidavits from participants or in your case, nonparticipants. So I thank you for those, as I will find them helpful for my Inquest.

I wanted to address a few issues that you brought up in your affidavit. Let me remind you that we had a face-to-face conversation in my office about my findings and rulings on the Swaim death. I told you then that the Sheriff Office had the investigative materials that were previously in my possession and I also told you that I would eventually release my verdict to the newspaper after the Sheriff Office had time to talk to witnesses. I did not give you an autopsy report, as you erroneously stated, so I assume you received only the autopsy report and no information from the Sheriff Department. I have a witness in my office who heard us speak and you did not express any misgivings regarding my communication to you or lack of information at that time. So I consider your affidavit ingenuous, if not on the edge of perjurious. Secondly, I have a software program that records all my text messages and I am happy to give them to the newspaper, since I believe that they discuss procedural matters and therefore are public record of communication between our offices, as is this letter and your recent letters to me.

Fourthly, I would like to discuss your insinuation that I had knowingly violated ORC Section 313.15, as quoted at the beginning of this letter. When a body is sent for autopsy from Hocking County to any other county, including Franklin County, all of the forensic evidence, including photos, trace evidence, and the collected tissues and toxicology, are collected and preserved for any future potential litigation. Then after all of the evidence is collected from the body and retained, the body, which no longer provides forensic importance, is released to the funeral home. It is the legal responsibility of Franklin County Coroner Office to retain these stored tissues for three years and the toxicology specimens for six months. Your belief that the forensic evidence and results of the autopsy have somehow been lost with the cremation of body shows your naivety of the collection of evidence and inexperience of homicide prosecution. I have discussed your unusual requests with the Franklin County Coroner, Dr. Jan Gorniak, several times over the past week. She suggested that you contact her directly regarding what exactly you want evidence-wise from her office. We do not agree with your statement that "further testing or inspection that might have been needed has been irretrievably foreclosed on."

I think that you would have been better served to follow the law, as written in the ORC, in regards to recusing yourself from the interference of the Sheriff Office towards my office, thereby requiring my subpoenas. Furthermore, when you have any questions in future cases, perhaps you would be better served to pick up the phone and call me, since you have not done so yet to date, but instead written inflammatory letters and

4677 Docs fm Prosecutors-00101-022515

January 24, 2012
Page 3

wasted court time with your inappropriate representation of the Sheriff Office against the
Coroner Office.
Sincerely,

David Cummin
Hocking County Coroner

**LAINA FETHEROLF**
PROSECUTING ATTORNEY
HOCKING COUNTY, OHIO
88 SOUTH MARKET STREET, LOGAN, OH 43138
Telephone (740) 385-5343    Fax (740) 385-5922

| William L. Archer, Jr. | Trecia Kimes-Brown | Ann A. McDonough |
|---|---|---|
| Asst. Prosecuting Attorney | Asst. Prosecuting Attorney | Asst. Prosecuting Attorney |

David Cummin
751 State Route 664 N
Logan, OH 43138

Dear Mr. Cummin:

    I am writing you this letter in an attempt to resolve the issues regarding the Swaim matter short of an inquest, as Judge Wallace requested in his entry of January 19, 2012. In that vein, I would propose that the Hocking County Sheriff's Office will bring the information you requested to my office at 4:00 on Monday January 23, 2012, if at that time you also bring the information I requested from you in my January 5, 2012 letter. ALL parties need to cooperate to bring this matter to a successful conclusion. If that time is not acceptable to you, please contact my office and we would be happy to meet at a time that is more convenient.

Sincerely,

Laina Fetherolf (#0077786)
Prosecuting Attorney
88 S. Market St.
Logan, OH 43138
Phone: (740) 385-5343
Fax: (740) 385-5922

cc: Judge Wallace, Hocking County Common Pleas Court

Exhibit

DC 14

**4677 Docs fm Prosecutors-00394-022515**



DAVID L. CUMMIN, M.D.
CORONER
HOCKING COUNTY
OHIO

JAMIE WALSH, LPN
CORONER INVESTIGATOR

MIKE DOWNOUR
CORONER INVESTIGATOR

MIKE STEPHENSON, EMT-P
CORONER INVESTIGATOR

February 27, 2012

Ms. Laina Fetherolf
Hocking County Prosecutor
88 S. Market Street
Logan, Ohio 43138

Dear Ms Fetherolf:

In response to your Subpoena Duces Tecum for certified copies of records regarding the Swaim case, the following are included:

1. The autopsy report of Glenn Swaim and photos from the Franklin County Coroner Office.

2. The pending and supplemental death certificates.

3. Autopsy permit form.

4. Medical records of Glenn Swaim from 6/9/11.

5. Six correspondence letters between the prosecutor and coroner.

6. Negative urine toxicology result of buprenorphrine run on 1/24/12.

As for the additional requested information in your Subpoena Duces Tecum:

1. I have no knowledge of any notes or recordings of any conversations with any individuals pertaining to this case except the Inquest. You could ask Mr. Pavluck of any pertinent notes or recordings, but I don't believe that he would understand what you are referring to either.

2. As was written in my letter to the prosecutor, Ms. Laina Fetherolf, on January 23, 2012, "permission" was granted on page 2, paragraph 3 for Ms. Fetherolf to directly contact Dr Jan Gorniak, Franklin County Coroner, for what you wanted evidence-wise from her office. This permission cites specifically the prosecutor so that there is no miscommunication with intermediaries. I have checked with Dr. Gorniak and as of February 25, 2012, no contact has been made. So I assume that this discussion is not of a high priority for you.

Exhibit

DC 15

3. The determiner of homicide manner of death lies with me, The Hocking County Coroner, and Franklin County Coroner Office subcontracts to Hocking County for autopsies. "The Panel of Experts" is a mystery to me and written by The Logan Daily News. I would suggest not using media outlets for evidentiary value in the future.

4. There is no correspondence between the Hocking County and Franklin County Coroner Offices regarding Logan Daily News articles. I don't truly believe that anyone at the Franklin County Coroner Office reads The Logan Daily News.

5. Lastly the ruling of cause and manner of death was done on the date of the supplemental death certificate and not 2-3 days after the autopsy, according to The Logan Daily News article of December 17, 2012. Once again, I would suggest not using media outlets for evidentiary value in the future.

I expect that the Hocking County Sheriff's Office and your office will be reciprocating the files on this same case to be delivered to my office. If the entire sheriff file previously promised in an exchange of information is not received by my office within the next week, then I would expect you, the prosecutor, to give the Hocking County Coroner's Office the same courtesy of a Subpoena Duces Tecum served upon the Hocking County Sheriff Office for that file. I hope that you find these documents helpful in the ongoing investigation .

Sincerely,

Dave Cummin, MD
Hocking County Coroner

**IN THE COURT OF COMMON PLEAS**
HOCKING CO.
COMMON PLEAS CT.

**HOCKING COUNTY, OHIO**

2012 AUG 27 PM 1 32

SHARON EDWARDS
CLERK OF COURTS

IN RE: HOCKING COUNTY :
SPECIAL GRAND JURY
2012 (2nd PART) TERM :

MOTION FOR ORDER REQUIRING CORONER TO
PROVIDE AUTOPSY PHOTOS AND
REQUEST FOR ASSESSMENT OF ATTORNEY FEES

On February 22, 2012 this court appointed the undersigned as the Special Prosecuting Attorney representing the Grand Jury to investigate the circumstances surrounding and subsequent investigation of the June 9, 2011death of Glenn Swaim which was ruled a homicide by Hocking County Coroner David Cummin on December 13, 2011. As a result of the appointment, the undersigned requested and was granted the appointment of a special investigator, Jeffery Scholl, to assist in the investigation.

Shortly after my appointment I served a letter on all parties, including the Hocking County Coroner, Dr. David Cummin and Sheriff Lanny North of my involvement in the investigation and arranged for meetings with family members, Sheriff's investigators and Dr. Cummin. During my initial meetings with witnesses I found that the cause of Mr. Swaim's death was a point of extreme contention.

On May 22, 2012 I and Investigator Scholl arranged to meet in the late afternoon with Dr. Cummin at Dr. Cummin's private office in Logan. We discussed the investigation at length, actually longer than expected. Near the end of the meeting I asked Dr. Cummin to see the autopsy photos but Dr. Cummin asked if we could do that later because he needed to pick up his children from the sitter. I had no problem and said I would try to get the photos from Franklin County Coroner Dr. Jan Gorniak when I met with her or contact him later to look at the photos.

Exhibit

DC 16

-1-

**4677 Docs fm Prosecutors-00130-022515**

On June 7, 2012 I met with Dr. Gorniak at her office in Columbus. She explained the injuries and possible causes of Swaim's death and various protocols of her office. I asked Dr. Gorniak if I could obtain from her the Swaim autopsy photos and she stated that because her office is under contract with the Hocking County Coroner, that I would need to go through Dr. Cummin to get the photos. I thanked her for all her help and said I would contract Dr. Cummin.

On July 18, 2012 I notified Dr. Cummin by e-mail that a grand jury subpoena would be served on him which would order, among other things, that Dr. Cummin produce his complete file to the Special Grand Jury scheduled to meet on August 3, 2012. Dr. Cummin did appear as requested but when I asked him in the hall prior to his testimony if he had brought the autopsy photos he stated the he had left them at his office. Rather than delay the grand jury session I asked him if I and my investigator could arrange to see them later and he said we could.**

Later I texted messaged Dr. Cummin about arranging a meeting to see the autopsy photos. We finally reached an agreed upon date where myself and Investigator Scholl could meet with Dr. Cummin at his office in Logan. We agreed upon the morning of August 18, 2012 as the meeting date and I asked about getting copies of the photos. Dr. Cummin explained that due to budget problems he could not provide copies and that we should bring a laptop computer to view the photos.

On August 18, 2012 Investigator Scholl and I met Dr. Cummin at his office. Dr. Cummin began being, let's say, less than cordial stating that he had no idea why we were there. I explained to him that we had agreed upon this meeting to view the autopsy photos and reminded him that he required us to bring a laptop computer which we did. He then had to call his home to have his Swaim investigation file delivered to his office. A few minutes later after the file arrived he reached into the file and pulled out an envelope containing a compact disc saying "There's the F---ing pictures, take the file, I'm done." While explaining to

---

**A Subpoena was issued for the August 3rd Grand Jury but the Sheriff's Office was unable to locate Dr. Cummin for service before the grand Jury met.

4677 Docs fm Prosecutors-00131-022515

Dr. Cummin that I cannot have possession of the file for public record reasons my Investigator down loaded the CD only to discover that the only information on the disc were two pictures of the residence where Swaim was found unconscious and no autopsy photos. Dr. Cummin then stated "well I must not have any autopsy photos". After some more profane laced language about how he did not have to cooperate with the Sheriff's office and that we were wasting his time, Dr. Cummin got up and left, shouting as he drove out of the parking lot at the top of his lungs "TRUTH AND JUSTICE GENTLEMEN, TRUTH AND JUSTICE." I still have not seen the requested photos.

In over 30 years of prosecuting criminal cases and representing local government officials I have never had to seek a Court Order to obtain information from an elected official. I am very reluctant to break that record. However, I have never been faced with a situation of being denied copies of or access to evidence in a homicide case. It is beyond any reasonable argument that a special prosecuting attorney investigating a homicide is entitled to copies of autopsy photographs and all investigation materials. Professionalism would dictate that a special prosecutor is also entitled to the cooperation of everyone on the investigation team. Petty infighting, school yard name calling, rumor mongering, and unprofessional language and conduct has no place in the justice system. It demeans the seriousness of the process, erodes public confidence, and above all is a disservice to a victim's family whose only question is "What happened to my child; my parent; my spouse?"

I always reminded my elected officials to respect each other and the public. In fact the last note I left my successor said, "Remember who you work for!". While an elected official should perform his duties to the best of his or her abilities, refusing to work together, especially in something a serious as a homicide investigation, does nothing in the pursuit of "Truth and Justice". And any elected official whose "personality" prevents or delays "Truth and Justice" should seriously reconsider whether their continued occupancy of their office is in the best interest of the people whom they have sworn to serve.

-3-

4677 Docs fm Prosecutors-00132-022515

WHEREFORE, the undersigned requests that the Court issue an immediate order to Hocking County Coroner David Cummin to obtain copy and deliver to the Hocking County Prosecutors Office autopsy photographs of Glenn Swaim on or before 3:00 p.m. on August 31, 2012 subject to the Court's contempt power. Certainly these photos can be obtained from the Franklin County Coroner's Office electronically and then copied to a CD and delivered.

Additionally, the Hocking County taxpayers should not be required to foot the bill for wasted attorney and investigator time. Ignoring, for the time being the little likelihood that a County Coroner didn't know he did not have autopsy photos after being asked to supply them on numerous occasions and even setting up appointments for them to be shown, any reasonable professional coroner would know the prosecutor would need to see those pictures and be ready to provide copies of them. Therefore, Dr. Cummin should be held personally responsible for all fees associated with the meeting on August 18, 2012 and the prosecution of this motion.

Respectfully Submitted,

C. David Warren (#0024763)
6001 E. Clinton Street
Albany, Ohio 45710
(740) 591-9209
Special Hocking County Prosecutor

-4-

4677 Docs fm Prosecutors-00133-022515

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion for Autopsy Photos and Request for Attorney Fees upon Hocking County Prosecutor Laina Fetherolf, Attorney for Hocking County Coroner David Cummin, by personal service to her office at 88 South Market Street, Logan, Ohio 43138 on this 27th day of August, 2012.

C. David Warren (#0024763)
Special Hocking County Prosecutor

-5-

IN THE COURT OF COMMON PLEAS, HOCKING COUNTY, OHIO

STATE OF OHIO,                 :

      Plaintiff,          :      CASE NO.  12 CRDJ0006

v.                      :      <u>AFFIDAVIT OF CHIEF DEPUTY DAVID VALKINBURG</u>

JOHN DOE             :

      Defendant.     :

State of Ohio      :
                  : ss
County of Hocking   :

Before me the undersigned David Valkinburg, having been duly cautioned and sworn, does hereby state:

    1. My name is David Valkinburg, and I am the Chief Deputy at the Hocking County Sheriff's Office, located at 25 East Second Street, Logan, Ohio.

    2. As part of my job duties, I assist with investigations, and oversee the Detective Bureau.

    3. I texted Hocking County Coroner David Cummin on or about December 27, 2011, asking if he would be willing to meet with personnel from the Sheriff's Office and the Hocking County Prosecuting Attorney regarding the death of Glenn Swaim.

    4. He responded that he was done with his part of the Swaim matter, but would be available for a phone conference if we needed to meet with him.

    5. He gave no indication at that time that he wanted more information from myself or my subordinates at the Sheriff's Office.

Further affiant sayeth naught.

                                          _____

                                          David Valkinburg

Sworn to and subscribed before me by David Valkinberg on this 18th day of January, 2012.

                                        CAROLYN S. HARRIS
                                        Notary Public, State of Ohio
                                        My Commission Expires November 25, 2012     Notary Public

Exhibit



                                      Exhibit-A

**4677 Docs from Auditor- 02429 -022515**

IN THE COURT OF COMMON PLEAS, HOCKING COUNTY, OHIO

STATE OF OHIO,                          :

     Plaintiff,                        :        CASE NO. 12 CRDJ0006

v.                                      :        <u>AFFIDAVIT OF DETECTIVE EDWIN DOWNS</u>

JOHN DOE                                :

     Defendant.                        :

State of Ohio              :
                  : ss
County of Hocking          :

Before me the undersigned Edwin Downs, having been duly cautioned and sworn, does hereby state:

1. My name is Edwin Downs, and I am a Detective at the Hocking County Sheriff's Office, located at 25 East Second Street, Logan, Ohio.

2. As part of my job duties, I conduct investigations, including homicide investigations.

3. I texted Hocking County Coroner David Cummin on or about September 29, 2011, asking if he needed the report on Glenn Swaim. He responded that he did.

4. On September 29, 2011, I dropped off the Glenn Swaim report to the Coroner at his medical practice located on State Route 664N.

5. At that time, Coroner Cummin let me save autopsy photographs from another investigation to my jump drive from his "coroner's office" computer, which he has set up in an examination room at his private practice. I note this because it is how I recalled the date that I contacted the Coroner.

6. I cannot recall having any further contact from the Coroner requesting further information on Glenn Swaim. It is possible, but I do not remember any other contact.

Further affiant sayeth naught.

                                 _____
                                 Edwin Downs

Sworn to and subscribed before me by Edwin Downs on this 18th day of January, 2012.

                                 _____

**DAVID M. VALKINBURG**
Notary Public, State of Ohio
My Commission Expires
December 19, 2016

Exhibit-B

**4677 Docs from Auditor- 02430 -022515**

IN THE COURT OF COMMON PLEAS, HOCKING COUNTY, OHIO

STATE OF OHIO,                              :

     Plaintiff,                              :          CASE NO.  12 CRDJ0006

v.                                          :          <u>AFFIDAVIT OF PROSECUTOR LAINA FETHEROLF</u>

JOHN DOE                                    :

     Defendant.                             :

State of Ohio                       :
                 : ss
County of Hocking                   :

Before me the undersigned Laina Fetherolf, having been duly cautioned and sworn, does hereby state:

    1.  My name is Laina Fetherolf, and I am the Hocking County Prosecuting Attorney, and my office is located at 88 South Market Street, Logan, Ohio.

    2.  Under Ohio law, it is my responsibility to determine whether charges are appropriate out of any alleged homicide cases occurring in Hocking County.  I am also authorized under Ohio law to ask the Coroner and/or the Sheriff and their agents for information pertaining to an alleged homicide.

    3.  On January 5, 2012, I sent a letter to Hocking County Coroner David Cummin requesting information on the Glenn Swaim death.  Dr. Cummin had informed me previously that he intended to rule the death a homicide.  However, I read his ruling in the newspaper before I received anything other than an autopsy report.

    4.  Later in the day on January 5, 2012, I received a series of text messages from the Coroner, informing me that my letter was "insulting" and to "expect repercussions".  When I responded that I needed to make a move on this case since the public had been told there was a homicide, he responded that he'd "make his move next".  I can provide my cell phone to the Court to read the series of messages.

    5.  I have not removed or deleted any messages by either myself or the Coroner regarding the Swaim matter from my phone.

    6.  I have still not received any information from the Coroner regarding the Swaim matter.  However, I was contacted by the Hocking County Sheriff's Office regarding subpoenas they received for an inquest on the Swaim matter.

    7.  I believe that this inquest is being conducted as retaliation for my information request.  A death certificate, including cause of death, has already been filed in the Swaim matter.  Any further investigation should be conducted by the Hocking County Sheriff's Office, so that my office can make a determination regarding charges.

Exhibit-D

4677 Docs from Auditor- 02431 -022515

Further affiant sayeth naught.

_Laina Fetherolf_
Laina Fetherolf

Sworn to and subscribed before me by Laina Fetherolf on this 18th day of January, 2012.

_Carolyn S. Harris_
Notary Public

CAROLYN S. HARRIS
Notary Public, State of Ohio
My Commission Expires November 25, 2012

4677 Docs from Auditor- 02432 -022515



DAVID L. COWMAN, M.D.
CORONER
HOCKING COUNTY
OHIO

JAMIE WALSH, LPN
CORONER INVESTIGATOR

MIKE DOWNOUR
CORONER INVESTIGATOR

MIKE STEPHENSON, EMT-P
CORONER INVESTIGATOR

March 5, 2012

Sheriff Lanny North
Hocking County Sheriff
25 E. 2nd Street
Logan, Ohio 43138

Dear Sheriff North:

This letter is to inform you of the Hocking County Coroner's Office permanent disassociation with your detective, Mr. Ed Downs. I have instructed my employees to longer have any contact with him regarding the business of the coroner office. He will not be permitted to attend autopsies or have contact regarding Hocking County cases with the Franklin County Coroner's Office.

These actions, while unprecedented by myself, are a result of Detective Downs' own unprofessional actions and are necessary. He has hindered my ability to do the peoples' business regarding my duties of the coroner office. Many families that I have dealt with regarding deaths that have been investigated have stated to me that he has repeatedly said negative statements regarding me as coroner. Moreover he has told them not to discuss that case with the coroner. This appears to be a recurring almost rehearsed behavior of his. I find this disturbing because he must think that his authority as a detective supersedes the coroner.

His negative banter regarding the Hocking County Coroner's Office has reached a new level with two law enforcement agencies, including the Ohio State Highway Patrol, personally visiting my office to tell me about his behavior. I was also notified of an incident from 2/8/12 when Mr. Downs went to a follow up appointment for a doctor visit in Lancaster and decided to spout off to a couple in the waiting room about me. He first identified himself as a detective from the Hocking County Sheriff Office. Then he said in reference to me, "He is going to get his butt in trouble," and that "He is going down. It should have been done ten years ago." These people, who I have never met, were so disturbed that they notified me to let me know of his bizarre behavior, and "thought that I should know." The doctor's office was also concerned. I don't know if Detective Downs even knew the people to whom he was speaking.

His behavior leaves much to be desired with regard to professionalism and reflects poorly on your department and your leadership as the sheriff of this county. I can't imagine one of my employees being so undisciplined as to speak in public, in such a reckless manner,

**Exhibit**



DC 18

STATE ROUTE 664 NORTH • P.O. BOX 917 • LOGAN, OHIO 43138 • 740-385-9646 • FAX 740-385-0630

**4677 Docs from Auditor- 03174 -022515**

March 2, 2012
Page 2

about another elected person, such as yourself as sheriff, and expect to still be employed. If he does not have your instructions to speak in such a manner, then I would describe him as a rogue member of your department. Clearly he does not respect authority or working with me or my department, and therefore he should not in the future. His open bashing of elected public officials, such as myself, erodes the confidence of the public and the entire justice system that we are an integral part.

His complete lack of respect was demonstrated as part of the recent Swaim Inquest when he accused me of coercing the Franklin County Coroner pathologist of changing his autopsy for some unknown reason. This was a public hearing and he was, in essence, accusing me of a felony.

He has also violated numerous parts of the Ohio Revised Code. He has not shared information with our department as I requested, which is a violation of ORC313.09. He does not seem to understand that he is not the coroner, and therefore can't issue the verdict of the legally accepted manner and mode in which the death occurred. Without any consultation with myself, he has believed that he can determine the cause of death as a drug overdose, when the toxicology is negative, that maybe CPR caused liver injuries based upon his internet research, or perhaps a Suboxone overdose, when that too is not in the decedent's body system. Clearly he has no understanding of basic medicine and should not waste the tax payer's money on his medical research. He has to accept the cause and manner of death ruled by an educated medical doctor with forensic training. His lack of understanding of ORC 313.19 does not allow him to decide which autopsies that he wants to believe to be true and which ones he chooses not to and wants to make up his own diagnoses. He does not have the authority to pick and choose which cases he wants to work as homicides and which ones he wants to determine himself as another manner of death that fits his detective theory.

Lastly I really question his abilities, training and intelligence. I am sure that you remember a 2009 multi-department meeting with your office, the prosecutor and the coroner office. As you may recall this meeting at the prosecutor's office was called for similar reasons of your department and mine having conflict over protocols of exchanging investigative information and disturbing weapons at the death scenes with the same individual, Mr. Downs, being the center of the controversy. He was then trying to make amends for his destructive comments and was his usual disrespectful in-your-face self. There were promises that things would improve and that your department would furnish the materials requested, and that really did improve for a while.

However, the disturbing part that I remember the most about that meeting was my witnessing this disrespectful detective telling me that at a violent crime scene he had to move the weapons, specifically the gun, from the decedent to "make it safe." He said that he had been doing this action, despite my objection, because he did not want the gun to go off by itself. Puzzled, I told him that does not ever happen and that he was contaminating a crime scene every time that he did that action. Then he proceeded to tell all of us in his idiocy that he had even seen a gun go off by itself once, at which point you

March 2, 2012
Page 3

had to correct him that guns do not go off on their own. He is your senior detective and
he believes this notion. I have been to many crime scene investigation courses over the
past thirteen years. Over those years I have taught crime scene investigation courses to
new coroners and to police science majors. The first five minutes of the course always
talks about not disturbing scenes, especially guns, because they don't go off on their own.
So you can understand my concerns about his abilities, training, or intelligence.

We would like to improve our relationship and morale with your department, but we need
to work with a detective who is professional, honest, disciplined, respectful and well-
trained. I see many individuals in your department who have all of these traits, but
Detective Downs has proven to me that he is not one of them. Therefore after many
chances to improve himself, it is best for all of those involved to disassociate him from
my department. Please inform him of this determination and that his status with my
department is based upon his actions and is permanent. This disassociation will follow
Mr. Downs to any other agency that employs him in the future, including those that he
has already applied, BCI&I and State Fire Marshall Office. I also will keep this letter as
public record, if needed, and it may be referenced if I am called for further references.

I hope that we will move forward and forge a better relationship.


Sincerely,

Dave Cummin, MD
Hocking County Coroner



## Office of the Sheriff

**HOCKING COUNTY**
25 East Second Street
Logan, Ohio  43138

Sheriff
LANNY E. NORTH

Phone: 740-385-2131
Fax: 740-380-2121

March 20, 2012

Dr. David L. Cummin, M.D.
Hocking County Coroner
751A St 664 North
P.O. Box 917
Logan, OH  43138

Dear Dr. Cummin,

I am in receipt of your correspondence dated March 5, 2012 with regard to Detective Ed Downs permanent disassociation with your office and employees.

As Sheriff, it is my decision who criminally investigates homicides. Detective Downs will be present on any death scene when so directed by me or my designee.

With this understanding, I am certain this will alleviate any future conflicts.

Thank you in advance for your cooperation in this matter.

Sincerely,

Lanny E. North

Lanny E. North
Sheriff

**4677 Docs fm Sheriffs-00213-022515**

*emailed to David Warren*
*at cdavidwarren @ hotmail.com*



DAVID L. CUMMIN, M.D.
CORONER
HOCKING COUNTY

August 27, 2012

Hocking County Common Pleas Court
Judge Jonathan Wallace
C. David Warren, Special Hocking County Prosecutor
Court House
Logan, OH 43138

RE: Hocking County Special Grand Jury 2012 (2nd part) Term

I received an order today at 2:50pm to provide autopsy photos for Glenn Swaim no later than 3:00pm on August 31, 2012. I have called the Franklin County Coroner's Office to request these photos but had to leave a voice mail for "Stephanie" who handles the autopsy photo requests.

I do not think that a three day notice is acceptable to obtain photos that I do not have in my possession. I have started the process for obtaining the photos but cannot determine when the Franklin County Coroner's Office will produce them. I had also previously given C. David Warren, Special Hocking County Prosecutor, information on how to obtain the photos.

I will continue to try to pursue the matter to the best of my ability.

Sincerely,

David L. Cummin, M.D.
Hocking County Coroner

Exhibit

DC 19

**4677 Docs from Auditor- 15173 -022515**

IN THE COURT OF COMMON PLEAS

HOCKING COUNTY, OHIO

IN RE: HOCKING COUNTY       :
SPECIAL GRAND JURY           JOURNAL ENTRY AND ORDER
2012 (2nd PART) TERM      :

Dr. David Cummin is the elected Coroner of Hocking County, Ohio. Lanny North is the elected Sheriff of Hocking County, Ohio. Laina Fetherolf is the elected Prosecuting Attorney of Hocking County, Ohio. All officials in cooperation of each other wish to establish a protocol regarding the investigation of questioned or violent deaths which occur in Hocking County in order to effectively represent the people of Hocking County and to bring those criminally responsible for deaths to justice.

WHEREFORE, Dr. David Cummin as Coroner, Lanny North as Sheriff, and Laina Fetherolf as Prosecuting Attorney, hereby enter into and agree to this Consent Entry and Order establishing procedures and guidelines to be followed in cases of suspicious or violent deaths as described in Ohio Revised Code Section 313.12.

IT IS THEREFORE ORDERED as follows:

I.    Notification of the Coroner and Conduct at the Scene

A.    Any ambulance service, emergency squad or law enforcement officer will notify the Coroner of all non-Hospice related deaths immediately upon arrival. The parties shall request 911 to notify the Coroner directly of all such deaths.

B.    The coroner or his investigator, accompanied by the law enforcement officer in charge, will perform an initial scene "walk through" in order to minimize scene disturbance and to prevent the loss and/or contamination of physical or fragile evidence, and establish scene safety. A joint scene briefing between the law enforcement officer in charge and coroner or his investigator for initial and factual information exchange shall occur immediately thereafter at the scene, and then a determination whether the scene shall be treated as a crime scene, whether a warrant shall be obtained and whether the assistance of crime scene technicians from BCI or other agents of law enforcement shall be requested at the scene. If the law enforcement officer in charge and coroner or his investigator cannot agree, such assistance as deemed necessary by either party shall be requested and the premises shall be considered a "crime scene" for purposes of this

ERNEN & SHEPLER, LLC
ATTORNEYS AT LAW
158 EAST MAIN STREET
P. O. BOX 388
LOGAN, OHIO 43138-0388

TEL: (740) 385-2121
FAX: (740) 385-2122

Exhibit

DC 20

{ 1 }

**4677 Docs from Auditor- 02187 -022515**

protocol. If the scene is being secured due to being determined a "crime scene" and a search warrant has been requested, the law enforcement officer in charge and Coroner shall exit the scene and no search will be conducted by any party until a warrant is obtained and crime scene assistants have arrived. No scene evidence shall be disturbed.

1. After obtaining a warrant and the arrival of crime scene assistants, the Coroner or his staff along with designated law enforcement personnel will be permitted to enter the scene with crime scene assistants and the coroner shall take charge of the body and the area reasonably within the control of the body as defined in Opinion No. 88-035 (1988), 1988 Ohio AG Lexis 35..

   a. If the Coroner chooses to wait until the scene is processed to take charge of the body, no one is to disturb the body or the area within the reasonable control of the body. Photographs are to be taken to evidence that the body and the area around the body have not been disturbed. The coroner is to be notified when evidence collection has been completed and the scene will continue to be secured until the Coroner or his staff arrives.

   b. If the coroner or his staff wishes to see or obtain evidence from areas other than within the reasonable control of the body, the Coroner shall be accompanied by an evidence technician or law enforcement officer so as to preserve the chain of custody of the evidence.

   c. The Coroner may take possession of items or evidence helpful or necessary to an autopsy; including, for example, but not limited to, prescription and/or illicit drugs present, the deceased's apparel and drug paraphernalia found on or in the area reasonably within control of the body as defined in Opinion No. 88-035 (1988), 1988 Ohio AG Lexis 35.

   d. In order to preserve the chain of custody and integrity of the evidence collected, the remaining evidence collected will remain with the BCI agent, or law enforcement officer in charge who collected the evidence. Any evidence collected which is not taken directly to the BCI labs by BCI agents or law enforcement officer will be stored in the law enforcement office's evidence room until such time as the evidence is submitted to BCI for testing or ordered disposed by court order.

ERNEN & SHEPLER, LLC
ATTORNEYS AT LAW
158 EAST MAIN STREET
P. O. BOX 388
LOGAN, OHIO 43138-0388

TEL. (740) 385-2121
FAX: (740) 385-2122

**4677 Docs from Auditor- 02188 -022515**

II. Coroner and Law Enforcement Investigation and Cooperation.

A. Unless otherwise required or prohibited by law or court order, the Coroner or his staff will determine the disposition of the body and whether an autopsy is to be performed. Trace evidence collected from the body will be provided to BCI or law enforcement pursuant to procedures adopted by the entity performing the autopsy.

1. If the venue was treated as a crime scene, or the cause of death was homicide, the Coroner will not release the body until he has sent an electronic notice to the Prosecutor or the law enforcement agency in charge.

B. Evidence Collection and Witness Statements.

Due to the need to be in compliance with evidence collection standards regarding scientific testing, all evidence at the scene will be secured and photographed where found and collected only by crime scene technicians or law enforcement officers pursuant to the warrant. The crime scene technicians will be available to the Coroner or his staff to collect evidence which the Coroner deems necessary to determine mode, manner or cause of death.

1. The law enforcement officer in charge will assign deputies/officers to take witness statements and preserve the same either in writing or tape recording. All witness statements will be provided to the County Prosecutor. All witness statements which the Coroner deems necessary or helpful to establish mode, manner or cause of death will be made available to the Coroner upon request. All parties shall comply with the new statement guidelines which have been established regarding the taking and recording of suspect statements in which require that all suspect statements be video recorded.

2. Copies of any statements taken by the Coroner or his staff will be provided to the Prosecutor and the law enforcement agency in charge in a timely manner to insure compliance with Criminal Rule 16.

3. Cooperation between the law enforcement office in charge, the Coroner and the Prosecutor is required for the successful prosecution of a criminal case and determination of non-criminal, accidental or suicide deaths. The law enforcement office in charge, the Prosecutor's office and Coroner's office shall have a free flow of

ERNEN & SHEPLER, LLC
ATTORNEYS AT LAW
198 East Main Street
P. O. Box 388
.oam, Ohio 43138-0388

Tel. (740) 385-2121
Fax (740) 385-2122

3

information, including exchange of files regarding death investigations. Any party may freely consult and obtain verbal or written information that could benefit either agency in its cooperative pursuit of its duties, including investigative materials.

4. Neither the Coroner, Prosecutor, _____, nor any law enforcement officer shall make any public or private comment, remark, statement or communication to any third party regarding the cause of death of any homicide or suspected homicide until the investigation is concluded, the autopsy is final or that party is required to do so by law. The Coroner, Prosecutor or a law enforcement agent in charge of the investigation may, however, release such a statement with the consent of all three parties.

5. The Coroner's verdict is the legally accepted cause of death, unless the court of common pleas directs the coroner to change his decision as to such cause and manner and mode of death. In cases of suspicious or violent deaths, the Coroner will provide a preliminary autopsy report, in writing or electronically to the Prosecutor and the law enforcement agency in charge of the investigation as soon as one becomes available. A final autopsy report will be provided to the law enforcement agency by the Coroner.

Judge Michael Ward
Sitting by Assignment

Prepared and submitted by:

C. David Warren
Special Prosecuting Attorney

Approved by:

Laina Fetherolf
Hocking County Prosecuting Attorney

ERNEN & SHEPLER, LLC
ATTORNEYS AT LAW
156 EAST MAIN STREET
P. O, BOX 388
LOGAN, OHIO 43138-0388

TEL. (740) 385-2121
FAX: (740) 385-2122

4

**4677 Docs from Auditor- 02190 -022515**

Lanny North
Hocking County Sheriff

Dr. David Cummin
Hocking County Coroner

KERNEN & SHEPLER, LLC
ATTORNEYS AT LAW
158 EAST MAIN STREET
P. O. BOX 388
LOGAN, OHIO 43138-0388

TEL. (740) 385-2121
FAX: (740) 385-2122

**4677 Docs from Auditor- 02191 -022515**

**LAINA FETHEROLF**
**PROSECUTING ATTORNEY**
**HOCKING COUNTY, OHIO**
88 SOUTH MARKET STREET, LOGAN, OH 43138
Telephone (740) 385-5343    Fax (740) 385-5922

William L. Archer, Jr.                    Jonah M. Saving                    Ann A. McDonough
Asst. Prosecuting Attorney        Asst. Prosecuting Attorney        Asst. Prosecuting Attorney

David Cummin, MD
Hocking County Coroner                                    January 10, 2014
P.O. Box 917
Logan, Ohio 43138

Dear Dr. Cummin:

I am in receipt of your communication to the Hocking County Commissioners dated January 9, 2014, and your communication, ostensibly to law enforcement and other interested personnel, also dated January 9, 2014, indicating that the Hocking County Commissioners should be contacted regarding coroner services.

I directed your attention to Ohio Revised Code Section 313.06, which states, "The coroner, his deputy, and assistants shall be available at all times for the performance of their duties as set forth in sections 313.01 to 313.22, inclusive, of the Revised Code." There is no exception in this provision. It is unequivocally your responsibility to cover your duties when you are unavailable. The Revised Code provides various ways for you to do this, however, instructing everyone to contact the commissioners is not one of these options. They have no authority to perform your statutory duties.

Also, recall that you signed a protocol with law enforcement, which was filed with the court on May 1, 2013, outlining how death scenes were to be handled. Your current course of action violates that protocol as well as the Ohio Revised Code. Neither the Ohio Revised Code nor the protocol you signed contains an exception for budgetary issues. You are required by both the law and a court order to fulfill your duties, or appoint a deputy coroner or provide other staff to do so. Although your investigators can authorize moving of a body under Ohio Revised Code Section 313.11, they cannot discharge all the duties of a coroner. Ideally, you would appoint a deputy coroner to serve during your absence from the county, as authorized by Ohio Revised Code 313.04. However, at a minimum you are required to provide staff or a deputy coroner to carry out the protocol and the obligations under the Revised Code in your absence. The commissioners cannot fulfill that role.

Please notify law enforcement and the commissioners of your intended course of action before your next scheduled absence from the county. If you choose to continue to violate the law and the protocol you signed, we will be forced to pursue action with the courts, which could include an action for contempt for violating the protocol to which you agreed, a mandamus action to force compliance with Ohio law, and any other available remedies.

Thank you for your attention to this matter.

Sincerely,

Laina Fetherolf
Hocking County Prosecuting Attorney

Exhibit

DC 21

**4677 Docs fm Prosecutors-00543-022515**

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

FILED

JAN 14 2014

HOCKING COUNTY
COURT OF APPEALS
SHARON EDWARDS, CLERK

THE STATE OF OHIO,                          :
ex rel., LAINA FETHEROLF,
HOCKING COUNTY PROSECUTING ATTORNEY         :
88 South Market Street
Logan, Ohio 43138                           :

                                            :       NO. _14 AP 000.2_

            Relator,                        :

    v.                                       :       COMPLAINT FOR WRIT OF MANDAMUS

                                            :

DAVID CUMMIN, M.D.,                         :
HOCKING COUNTY CORONER
P.O. Box 917                                :
Logan, Ohio 43138                           :

            Respondent.                     :

Relator, Laina Fetherolf, on relation to the State of Ohio, for her Petition for Writ of Mandamus herein, states as follows:

1.  Relator is a citizen of the State of Ohio, and the County of Hocking.

2.  Relator is the duly elected Prosecuting Attorney for Hocking County, Ohio, and brings this action on behalf of the citizens of Hocking County.

3.  At all relevant times herein, Respondent David Cummin, M.D., was the duly elected coroner for Hocking County, Ohio.

4.  On or about January 9, 2014, a letter from Respondent was delivered to the Hocking County Commissioners informing them that he had notified other area agencies to contact the Commissioners' office with regard to any required coroner services during his periods of unavailability. A copy of said letter is attached hereto as "Exhibit A".

5.  On or about January 9, 2014, a separate letter from Respondent was delivered to law enforcement and emergency services personnel in Hocking County, informing them of Respondent's upcoming absences from the county, and instructing them to contact the Hocking County Commissioners for instructions about any necessary coroner services during those times. A copy of that letter is attached hereto as "Exhibit B".

6.  The Hocking County Commissioners neither agreed to this procedure nor have any authority to carry out tasks assigned to the coroner under the Ohio Revised Code.

Exhibit

DC 22

4677 Docs fm Prosecutors-00538-022515

7. On January 10, 2014, employees of the Hocking County Sheriff's Office attempted to contact the coroner with regard to a deceased individual located in Hocking County. He did not personally respond, nor did he send other staff.

8. Ohio Revised Code Section 313.06 states, "The coroner, his deputy, and assistants shall be available at all times for the performance of their duties as set forth in sections 313.01 to 313.22, inclusive, of the Revised Code."

9. Ohio Revised Code Section 313.04 authorizes the coroner to appoint a deputy coroner to serve in his absence.

10. Ohio Revised Code Section 313.05 further authorizes the coroner to appoint deputy coroners and/or other employees to assist with his duties.

11. The Revised Code does not authorize the county commissioners to carry out the coroner's duties in his absence.

12. Relator submits that on January 10, 2014, Respondent refused to comply with his duty under the Ohio Revised Code. Further, in the letters he submitted to the Hocking County Commissioners and emergency services personnel, he made clear his intention to continue to not comply with Section 313.06 during future scheduled absences from the county.

13. Relator has no adequate remedy in the ordinary course of law.

WHEREFORE, Relator seeks a Peremptory Writ of Mandamus or, in the alternative, an Alternative Writ of Mandamus commanding Respondent immediately comply with his duties under the Ohio Revised Code, including making provision for his absences from the county by the appointment of a deputy coroner or staff to carry out his duties as outlined in Chapter 313 of the Ohio Revised Code, and for any other relief deemed just and proper by the Court.

Respectfully submitted,

Laina Fetherolf (#0077786)
Hocking County Prosecutor
88 South Market Street
Logan, Ohio 43138
740-385-5343/fax: 740-385-5922

**4677 Docs fm Prosecutors-00539-022515**

## CERTIFICATE OF SERVICE

This certifies that a true copy of the foregoing Complaint for Writ of Mandamus

was served on Dr. David Cummin, Hocking County Coroner, by personal service by the Hocking County

Sheriff's Office, this 14th day of January, 2014.

Laina Fetherolf
Hocking County Prosecutor

**4677 Docs fm Prosecutors-00540-022515**

EXHIBIT "A"

January 9, 2014

David Cummin, MD
Hocking County Coroner
PO Box 917
Logan, OH 43138

Hocking County Commissioners
1 E. Main St
Logan, Ohio 43138

Dear Commissioners:

I notified you on January 2, 2014 of the lapse of coroner coverage as a result of your
defunding and effective termination of my two employees for the 2014 budget year. As stated in
my previous letter one week ago, I will be out of town for the upcoming weekend and
additionally a few days later in the month of January 2014 for planned medical conferences. I
asked for you to provide your personal contact numbers, including cell phone numbers and home
numbers for concerned agencies that would be requiring the Hocking County Coroner services
during my absence. I have been waiting on your contingency plans regarding coverage by a
qualified physician (deputy) coroner since you defunded my employees.

I am concerned that your lack of response regarding this urgent matter involving the lack of
coroner coverage will adversely affect emergency response agencies, including Hocking
County 911, Hocking County EMS, Hocking Valley Community Hospital, Logan Police
Department, Ohio State Highway Patrol, State Park offices, Hocking County Sheriff Office and
the various surrounding fire departments, as well as the funeral homes and any affected
grieving families. I found Mr. Sheets comments of it being, "a matter to be discussed later," as he
stated at the Hocking County Commissioner Meeting on Tuesday, January 7, 2014, as being
irresponsible and dismissive.

When will you respond to this urgent matter?

My priority lies with aiding law enforcement in accurately determining the cause and manner of
expected and unexpected deaths and assisting grieving families of loved ones. These coroner
services include having a trained death investigator on every death scene requested, as had been
done by my previous dedicated employees and myself the past fourteen years without fail. But
without that assurance that trained personnel will be present and evaluate each death situation, I
require that all deaths in Hocking County be autopsied so that suspicious deaths, including
potential homicides, will not inadvertently be overlooked and that they be properly handled for
prosecution. I will also notify the above agencies to contact you with any further questions or
concerns.

Sincerely,

David Cummin, M.D.

**4677 Docs fm Prosecutors-00541-022515**

EXHIBIT "B"

David L. Cummin, M.D.
Hocking County Coroner
P.O. Box 917
Logan, OH 43138

January 9, 2014

To Whom It May Concern:

I will be out of town for medical educational conferences Thursday, January 9 – Sunday January 12, 2013 and Thursday, January 23 – Sunday January 26, 2013.  During my above times, please contact your Hocking County Commissioners, Mr. John Walker, Mr. Clark Sheets, and Mrs. Sandy Ogle for their coverage plans and any questions concerning coroner services.

David Cummin, MD
Hocking County Coroner

4677 Docs fm Prosecutors-00542-022515

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

THE STATE OF OHIO,                          :     Case No. 14 AP 0002
ex rel., LAINA FETHEROLF,
HOCKING COUNTY                              :     Dismissal of Writ of Mandamus
PROSECUTING ATTORNEY
88 South Market Street                      :
Logan, Ohio 43138
                                            :

          Relator,                          :

      v.                                    :

DAVID CUMMIN, M.D.,                         :
HOCKING COUNTY CORONER
P.O. Box 917                                :
Logan, Ohio 43138
                                            :

          Respondent.                       :

      Now comes, Relator, Laina Fetherolf, on relation to the State of Ohio, and moves

to dismiss this action, without prejudice, as the Respondent, David Cummin, M.D.,

Hocking County Coroner, has taken action to remedy the situation for which this writ

was sought.

                                   Respectfully submitted,

                                   *(signature)*
                                   Laina Fetherolf (#0077786)
                                   Hocking County Prosecuting Attorney
                                   88 South Market Street
                                   Logan, Ohio 43138
                                   Phone: (740) 385-5343
                                   Fax: (740) 385-5922
                                   Relator

Exhibit

DC23

**4677 Docs fm Prosecutors-00520-022515**

Hocking County Coroner
PO Box 917
Logan, Ohio  43138
May 29, 2014

Hocking County Commissioners
1 E. Market Street
Logan, Ohio  43138

Dear Commissioners:

The prosecutor has stated in letters and her law suit on your behalf that I shall have coverage for the coroner duties at all times and that it is my responsibilities to provide coverage when I am absent from the county. This coverage was previously provided by my former investigators who were defunded for the 2014 calendar year. I reached an agreement with a pool of doctors for coverage and they will fulfill the minimal requirement by being "a physician in good standing." The lack of coroner coverage and defunding of the coroner employees has been a recent public spectacle and the covering doctors would not like to be part of any ongoing conflict in the newspaper nor mentioned publically by name. Their agreement for coverage is as follows:

The Hocking County Commissioner agree to pay $500.00 per day to the Covering Physician for coverage and $1000 for any call out to a suspicious or non-natural death, including suicide, accident or homicide.

As you know their time is valuable and the minimum time on scene for a non-natural death is 2-3 hours, if not more. They will need coverage and compensation for time lost in their practice. They also do not desire to be away from their families with young children. For the protection of the county, the covering doctor will be instructed to autopsy all deaths of non-terminal decedents, so that an accurate cause and manner of death will be obtained to the best of his or her ability.

Please sign the agreement so that I shall have the funding to provide what is specified by law and the Hocking County Prosecutor. This agreement and contract of assured payment will be applied when I am unable to be present in Hocking County. I have several out-of-town medical meetings that I will be attending, destination family weddings this summer, and scheduled vacations for the 2014 calendar year.

Sincerely,

David Cummin, MD
Hocking County Coroner

Exhibit

DC 25

**4677 Docs fm Client -00069 -012016**

# The Hocking County Commissioner Coroner

# Coverage Compensation Agreement:

The Hocking County Commissioner agree to pay $500.00 per day to the Covering Physician, being duly sworn in and thereby acting as Deputy Coroner, Dr._____ for coverage and $1000 for any call out to a suspicious or non-natural death, including suicide, accident or homicide.


_____

Sandy Ogle

Hocking County Commissioner.


_____

John Walker

Hocking County Commissioner.


_____

Clark Sheets, Jr.

Hocking County Commissioner.


**4677 Docs fm Client -00070 -012016**



1 EAST MAIN STREET – COURTHOUSE – LOGAN, OHIO 43138

www.co.hocking.oh.us

Sandra Ogle, President
John Walker, Vice President
Clark Sheets, Commissioner

Peggi Warthman, Clerk
Phone: (740) 385-5195
Fax: (740) 385-1105

June 3, 2014

Dear Dr. David Cummin,

We the Commissioners feel the proposal you have made is unreasonable. We are willing to work with you and wish to come up with a favorable outcome, however, your proposal is quite expensive and we do not believe you have adequately investigated other options.

Specifically, we would like to know if you have made contact with other county coroners for coverage when you are absent on a reciprocating basis or as a favor. Have you contacted a local physician for a call out basis? These are other alternatives we would like you to look into.

Sincerely,
The Board of Hocking County Commissioners

_____
Sandy Ogle

_____
John Walker

_____
Clark Sheets

## Exhibit

DC25B



June 16, 2014

Invoice for Coroner Coverage Services 6/5/14-6/12/14

Total:          4000.00
Payable to:     Jan Gorniak, D.O.
                7374 Claddaugh Lane
                Dublin, OH 43016


David L. Cummin, M.D.
Hocking County Coroner

Exhibit

DC 26

4677 Docs fm Client -00082 -012016

From: **Jan Gorniak** drquincydo@sbcglobal.net
Subject: Invoice for Coroner Coverage
Date: September 2, 2014 at 9:05 AM
To: Dave Cummin docded44@yahoo.com

Dr. Cummin,

Attached is an invoice for my services. As you recall, I covered for you June 5, 2014 -
June 12, 2014. Thank you.

Dr. Gorniak

Until next time, take care of yourself and each other. ☺

Hocking County Coroner
Coverage.xlsx



Invoice No. 2014-06C

| Name | Hoking County Commissioners | | |
|---|---|---|---|
| Address | 1 East Main Street | | |
| City | Logan | State OH | ZIP 43138 |
| Phone | 74-385-5195 | | |

| Date | 9/1/14 |
|---|---|
| Order No. | |
| Rep | |
| FOB | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| 8 | Coroner Coverage - 06/05/2014 - 06/12/2014 | $500.00 | $4,000.00 |

|  | SubTotal | $4,000.00 |
|---|---|---|
|  | Shipping & Handling | $0.00 |
| Taxes | State | |
|  | **TOTAL** | $4,000.00 |

Cash
Check
2    Credit Card
Name
CC #                    Expires

Office Use Only

4677 Docs fm Client -00080 -012016

December 9, 2014

Hocking County Commissioners
Courthouse
Logan, OH 43138

RE: Funding

Dear Commissioners,

As per our previous discussion by telephone on 12/9/14 during the Commissioner meeting, I am requesting appropriation transfers to fund contract services in order to pay the invoice previously submitted for coroner coverage by Dr. Gorniak. I am resubmitting Dr. Gorniak's bill with detailed description on her letterhead for payment at this time as well.

Sincerely,


David L. Cummin, M.D.



Sandra Ogle, President
John Walker, Vice President
Clark Sheets, Commissioner

1 EAST MAIN STREET – COURTHOUSE – LOGAN, OHIO 43138

www.co.hocking.oh.us

Peggi Warthman, Clerk
Phone: (740) 385-5195
Fax: (740) 385-1105

April 24, 2014

Dr. David Cummin,
Hocking County Coroner

Dear Dr. Cummin,

The Commissioners will be transferring $5,500.00 into you line item A02F17D Lab & Morgue Other Expense, please submit payment to the Franklin County Coroner's Office.

—————————————
Peggi Warthman
Commissioners Clerk



Exhibit

DC:27B

| | |
|---|---|
| **From:** | Sheriff Lanny North |
| **Sent:** | Sunday, July 20, 2014 12:40 PM |
| **To:** | Laina Fetherolf |
| **Subject:** | Fwd: Appropriation |

Sent from my iPhone

Begin forwarded message:

> **From:** Dave Cummin <docded44@yahoo.com>
> **Date:** July 20, 2014 at 12:37:39 AM EDT
> **To:** Sheriff Lanny North <Sheriff@co.hocking.oh.us>
> **Subject: Re: Appropriation**
>
> Dear Lanny,
>
> Thank you for your help.
>
> Dave
>
> Sent from my iPhone
>
> On Jul 20, 2014, at 12:17 AM, Sheriff Lanny North <Sheriff@co.hocking.oh.us> wrote:
>
>> Dr. Cummin,
>>
>> Please review the attached document authorizing an additional appropriation to your lab and morgue line item.
>>
>> Per your instructions, the body will be transported to the HVCH morgue, unless you advise us otherwise.
>>
>> Please verify if you have received this email.
>>
>> Thank you,
>>
>> Lanny North
>>
>> <Scanned-image-101.pdf>

Exhibit

Oc 28

4677 Docs from Auditor- 18260 -022515

From: **Sheriff Lanny North** Sheriff@co.hocking.oh.us
Subject: Death scenes
   Date: August 24, 2015 at 3:53 PM
     To: Dave Cummin docded44@yahoo.com

Dr. Cummin,

Document you requested.

Sheriff Lanny E. North
Hocking County Sheriff's Office
25 East Second Street
Logan, Ohio  43138

Phone:      (740) 385-2131
Toll Free:  1-800-903-5395
Fax:        (740)-380-2121

Email: sheriff@co.hocking.oh.us
Web: www.hockingsheriff.org

This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited by law. If you are not the intended recipient, please contact the sender and destroy all copies of the original message. This email message may contain confidential information belonging to the sender that constitutes non-public information and therefore is not subject to disclosure under O.R.C. Section 149.43, Ohio's Public Records Act.

07.01 Crime Scenes.doc

4677 Docs fm Client -00006 -012016

We, Hocking County Commissioners,
John Walker, Clark Sheets, Sandy
Ogle for David Cummin,
Hocking County Coroner to
to transport bodys immediately
to Columbus and we will
transfer funds on Tuesday,
July 22, 2014, to Sab's
Morgue, A02F17D-

Resolution by phone on
authorization of County
Prosecutor, Jaina Fetherolf
at 11:50 PM, July 19, 2014

12:15 AM    7-20-14

10:36 PM
July 19



Sandra Ogle, President
John Walker, Vice President
Clark Sheets, Commissioner

1 EAST MAIN STREET – COURTHOUSE – LOGAN, OHIO 43138

www.co.hocking.oh.us

Peggi Warthman, Clerk
Phone: (740) 385-5195
Fax: (740) 385-1105

July 20, 2014

We, Hocking County Commissioners, John Walker, Clark Sheets, Sandy Ogle for David Cummin, Hocking County Coroner to transport bodies immediately to Columbus, Ohio and we will transfer funds on Tuesday, July 22, 2014, to Lab & Morgue, A02F17D.

Resolution by phone on authorization of County Prosecutor, Laina Fetherolf at 11:50P.M., July 19, 2014

12:15A.M., 7/20/2014

_____
Sandra Ogle

_____
John Walker

_____
Clark Sheets

# COMMISSIONERS MEETING JULY 22, 2014

The Board of Hocking County Commissioners met in regular session this 22nd day of July, 2014 with the following members present Clark Sheets, John Walker and Sandy Ogle.

**MEETING:** The meeting was called to order by President Sandy Ogle.

**MINUTES:** July 17, 2014 minutes approved.

**AGENDA:** Motion by Clark Sheets and seconded by John Walker to approve the Agenda.

Vote: Sheets, yea, Walker, yea, Ogle, yea.

**OU:** Kris Adams and Greg Hollback of Ohio University invited the Commissioners to attend the Hocking County Day game at Ohio University on November 5th or October 18th. Kris also spoke about Tickets for Kids program and that to sponsor a kid it would be $35.00 and they are working with local disadvantaged youth to enjoy Ohio football games. Greg commented that the October 18th game is Heroes Day to acknowledge military, police and firefighters as well as being Hocking County Day.

**APPROPRIATION TRANSFERS:** Motion by John Walker and seconded by Clark Sheets to approve the following Appropriation Transfers:

1) Commissioners   -   $200.00 from A01A11D/Other Expense to A01A06/Employee Drug Tests

2) Commissioners   -   $10,000.00 from A15A17A/Contingencies to A02F17D/Lab & Morgue

Vote: Sheets, yea, Walker, yea, Ogle, yea.

**PAVING CONTRACTS:** Motion by John Walker and seconded by Sandy Ogle to approve the 2014 Paving Project #1: CR#296, Rauber Road, CR#300, Lime Bank Road, CR#333, Moore Road (part) and CR#304 Buckingham Road (part) contract between The Hocking County Commissioners acting through its County Engineer and Shelly and Sands, Inc. for the sum of $468,056.45 and Paving Project #2: CR#22, Jobs-New Pittsburg Rd, CR#23, Sand Run Road, CR#28, Dawley Road and CR#328, Bradford Drive and CR#329, Mercia Lane for the sum of $549,864.40.

Vote: Sheets, abstained, Walker, yea, Ogle, yea.

**APPLICATION FOR APPROVAL OF UNDERGROUND CONSTRUCTION:** Motion by Clark Sheets and seconded by John Walker to approve the Application for Approval of Overhead Construction on Hocking County Right-Of -Way on Harvey Chapel Road for American Electric Power.

Vote: Sheets, yea, Walker, yea, Ogle, yea.

**DISCUSSION:** John stated he received a call on Saturday Evening the 19th about 10:30 from the Coroner and he said he had no money in his Lab & Morgue line item due to the incident that happened and in turn John told him they always put money in Lab & Morgue that's no problem and Coroner said no he wanted an email stating that in a resolution so in turn John called the Prosecutor and she gave us authorization to do a phone call resolution and John talked to Clark and Sandy and they wrote the following resolution.

**CORONER RESOLUTION:** Motion by Clark Sheets and seconded by John Walker to make the following resolution:

We, Hocking County Commissioners, John Walker, Clark Sheets, Sandy Ogle for David Cummin, Hocking County Coroner to transport bodies immediately to Columbus, Ohio and we will transfer funds on Tuesday, July 22, 2014, to Lab & Morgue, A02F17D.

Resolution by phone on authorization of County Prosecutor, Laina Fetherolf at 11:50P.M., July 19, 2014.

Roll Call: Sheets, yea, Walker, yea, Ogle, yea.

**DISCUSSION:** John continued discussion regarding the Coroner's statement for services from Franklin County Coroner.

**SAFETY MARJORIE DAVIS:** Safety Coordinator Marjorie Davis brought safety concerns of the following buildings: Courthouse, Youth Center, and the Keynes building.

**2015 BUDGET WORKSHEETS:** Sandy asked the clerk to contact the Auditor to get the 2015 Budget Worksheets ready.

**PUBLIC COMMENT:** County resident Jim Kalklosch asked the Commissioners if they had found out more regarding the WIA Board. Sandy said she would find out.

**ADJOURNMENT:** Motion by Clark Sheets and seconded by John Walker to adjourn the meeting.

Vote: Sheets, yea, Walker, yea, Ogle, yea.

_____
Peggi Warthman, Clerk

_____
Board of Hocking County Commissioners

This is to certify that the above is the true action taken by this Board of Hocking County Commissioners at a regular meeting of the Board held on July 22, 2014.

_____
Peggi Warthman, Clerk

_____
Sandy Ogle, President

**4677 Docs fm Commissioner-00627-022415**

On Saturday July 19, 2014 at approximately 10:30PM I received a call from Dr. Cummin stating that he did not have sufficient finds in his Lab/Morgue line item to have any autopsy performed. I told him that the Commissioners would transfer funding to the Lab/Morgue at Tuesday's meeting. He said my word was not sufficient, that he wanted a Resolution e-mailed to him saying he could spend money out of a line item without having sufficient funds in that line item. Again I told him that it is standard protocol to put money in Lab/Morgue and transport line items whenever these funds are low. He again said my word was not sufficient and he wanted an e-mail saying he could do this.

I contracted the Prosecutor and explained the situation. She authorized me to contact Clark and Sandy and do an emergency Resolution by phone, stating we gave him permission to send bodies for autopsy immediately and we would transfer funding to Lab/Morgue on Tuesday.

I took the Resolution to the Sheriff's office and e-mailed it to Dr. Cummin

*John Walker*

385- 6258

**4677 Docs from Auditor- 09806 -022515**



## Office of the Sheriff

**HOCKING COUNTY**
25 East Second Street
Logan, Ohio 43138

Sheriff
LANNY E. NORTH

Phone: 740-385-2131
Fax: 740-380-2121

July 17, 2014

Dr. David Cummin, M.D.
Hocking County Coroner
751 State Route 664N
Logan, OH 43138

Dear Dr. Cummin,

The purpose for my writing you is to offer a potential solution to your dilemma of lack of investigators. The Ohio Revised Code and an opinion of the Ohio Ethics Commission, which I've included, allow you the option to appoint a deputy sheriff or a law enforcement officer of a political subdivision located within the county as a coroner's investigator.

I realize there have been differing opinions in the past of how investigations should proceed, but in the interest of the citizens of Hocking County, I urge you to consider this proposal.

Another option which I understand may be an option should you not wish to appoint a law enforcement officer from Hocking County as a coroner's investigator, to contact Chief Brooker at Hocking County EMS and inquire if any of his personnel may be interested in working as an investigator for your office. Both law enforcement officers and EMS personnel already participate in the Ohio Public Employees Retirement System so the $1000.00 minimum salary requirement would be moot.

Please contact me if this is an avenue you would like to explore.

Sincerely,

*Lanny E. North*

Lanny E. North
Sheriff

Enclosure

## Exhibit

DC 30

**4677 Docs fm Sheriffs-00211-022515**

24(a). If the answer to the above discovery request # 24 is yes, then set forth the name and address of the individual that told you that such a report was run, when it was told to you, and specifically what was said.

ANSWER:

25. Were you told by any individual that an OHLEG report had been run concerning Will Kernen?

ANSWER:

Yes, and his wife.

25(a). If the answer to the above discovery request # 25 is yes, then set forth the name and address of the individual that told you that such a report was run, when it was told to you and specifically what was said.

ANSWER:

Objection, subject to doctor-patient relationship.

/s/ Rick L. Brunner
R. L. Brunner, Esq. (0012998) Attorney for Plaintiffs

26. Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all documentation of any type whatsoever, constituting, documenting, dealing with, evidencing or in any way concerning any OHLEG investigation you claim occurred concerning yourself and/or Will Kernen, during the period of time extending from January 1, 2012 until your response to this discovery request, including but not limited to any reports, narratives or investigations compiled, obtained or produced regarding each of them.

ANSWER:

None.

27. Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 22 of your complaint in the above captioned litigation.

ANSWER:

Exhibit

DC 32

See thumb drive of documents provided by Jeremy Dye in response to subpoena and previously provided to all counsel. See also documents attached hereto in response to previous discovery request.

28.     Set forth the efforts taken by you in December 2013 and January 2014 to employ an investigator and/or deputy coroner to provide coverage for you while you are out of town.

ANSWER:

Is documented in various newspaper articles attached as responsive documents no. 28. I made several attempts both by meeting with the Commissioners and writing letters to them to attempt to get the additional monies.

28(a). Set forth the efforts taken by you after January 2014 to employ an investigator and/or deputy coroner to provide coverage for you while you are out of town.

ANSWER:

I asked other physicians (even though none were qualified) and due to bad publicity I sought the funding to hire persons that were qualified to train. I committed $500 to subcontracting to Jamie Walsh. My 3 letters to the Commissioners remained unanswered. No calls, emails or any response.

1. I tried to set the funding to hire a qualified employee.

2. $6000 committed $500 a month subcontracted to Jamie Walsh to handle all of the paperwork and financial officer duties. $2300 remaining.

3. No local doctors either though qualified, wanted the headache from all of the bad publicity.

4. I had Jan Gorniak to cover me – she remained unpaid until the new commissioners.

5. Talked to several people and nobody interested at $2300 salary/year salary. They had other full-time jobs and were unwilling to sacrifice.

10

29.     Set forth what you did with or how you allocated the approximate $8,300 + dollars that was provided in your budget for the investigators/employees which was used to pay investigators in 2013.

**ANSWER:**

**$4150 divided between each qualified and trained investigators: Jamie Walsh RN (8 year service) and Mike Dewanour (14 year service) paid every two weeks ($4150/26 pay period).**

30.     Set forth a copy of the invoice you claim you received from Franklin County Coroner's Office in or about July, 2014.

**ANSWER:**

**See responsive document no. 30.**

31.     Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 39 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

**See Exhibit 2 to the Complaint.**

32.     Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 40 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

**See Exhibits 2 and 3 to the Complaint.**

33.     Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 41 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

See Exhibits 2 and 3 to the Complaint.

34.     Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 42 of your complaint in the above caption in the matter of litigation.

ANSWER:

See Exhibits 2 and 3 to the Complaint.


35.     Set forth what actions you took in July 2014, prior to being out of the county on Saturday July 19 to secure additional monies in the "lab and morgue" account to cover any potential autopsy.

ANSWER:

**Tuesday, June 3, 2014 Commissioners Meeting I requested funding. I gave a presentation. Thursday, July 3, 2014 body to the morgue until I got back, Will Kernen told Lania Fetherolf that there would not be coverage and she said "Not my problem."**

36.     Do you admit that prior to July 19, 2014 Commissioner Walker had previously on one or more occasion orally assured you that sufficient funds would be made available in the "lab and morgue" account if an autopsy was approved when there was not sufficient monies in the account?

ANSWER:

**Yes, but circumstances had changed after the writ of mandamus and denial of coverage payment to Jan Gorniak from June for my Aruba trip, no funding for 4 days in July for Jamaica anniversary trip.**


37.     Set forth each and every past experience, as eluded to paragraph 55 of your complaint you had with the county commissioners prior to July 19, 2014 where the Commissioners had refused to pay for an autopsy or any other necessary expenses incurred by the Hocking County Coroner's office.

ANSWER:

**They refused to pay the salaries of my 2 employees as of 1/1/14. They refused Jan Gorniak's 8 day coverage bull ij June and refused coverage funding for July3-6.**

37(a). Pursuant to Rule 34 of the Federal Rules of Civil Procedure, please produce any and all documentation of any type whatsoever in which you rely in responding to or in which in any way substantiates your response to the immediately preceding discovery request #37.

**ANSWER:**

**See responsive documents no. 30.**

38.     Set forth each and every past experience, as eluded to in paragraph 55 of your complaint you had with the county commissioners prior to July 19, 2014 where the Commissioners had refused to pay an invoice.

**ANSWER:**

**They refused any supplies, equipment had $0 in line item. No office space. No raises for my employees in the past. John Walker would ask for an office space and be denied by the other 2 Commissioners.**

38(a). Pursuant to Rule 34 of the Federal Rules of Civil Procedure, please produce any and all documentation of any type whatsoever in which you rely in responding to or in which in any way substantiates your response to the immediately preceding discovery request # 38.

**ANSWER:**

**See Merrill Dillie Death Certificate as Discovery Response No. 38(a).**

39.     Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 57 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

**See document responses of James Stanley attached hereto as Schedule 9**

40.     Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or

13

which substantiates in any way paragraph 60 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

**See response to number 39 above.**

41.    Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 70 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

**Not Applicable.**


42.    Do you claim that you received any medical treatment or evaluation for the stress in your emotional well being that was a direct and natural consequence of the actions of the Defendants as eluded to in paragraph 70 of your complaint?

**ANSWER:**

**No, I am a physician. I had insomnia, anxiety, and daily headaches, fatigue, diminished work stamina and work performance.**


42(a). If the answer to the above # 42 was yes, please set forth the name and address of each doctor, medical provided, clinic or medical facility which treated you as the result of any of your allegations as set forth in your complaint, setting forth the date and reason for such treatment.

**ANSWER:**

**No Applicable.**


42(b). If the answer to the above # 42 is yes, please produce a copy of all medical records and medical bills for services of any treatment you claim was a result of any of the actions of the defendants as set forth in your complaint.

**ANSWER:**

**Not Applicable.**

14

43.  Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 83 of your complaint in the above caption in the matter of litigation.

   **ANSWER:**

   **See exhibits 2 and 3 of the Plaintiff's Complaint.**

44.  Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 84 of your complaint in the above caption in the matter of litigation.

   **ANSWER:**

   **None, but discovery is ongoing in these proceedings.**

45.  Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 85 of your complaint in the above caption in the matter of litigation.

   **ANSWER:**

   **None, but discovery is ongoing in these proceedings.**

46.  Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 86 of your complaint in the above caption in the matter of litigation.

   **ANSWER:**

   **See attached decision from Judge Liston in the Municipal Court Case to Prosecutor's motion for notice of dismissal included in responsive documents no. 46 and see emails between James Stanley to Laina Fetherolf attached as Schedule 3 at batestamp numbers 12067 and 11334.**

47.  Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or

which substantiates in any way paragraph 92 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

See Jeremy Dye's deposition testimony at page 24, line 7 through page 39, line 16; page 54, line 7 through page 54, line 22; page 60, line 18 through page 61, line 7; page 72, line 8 through page 83, line 20; page 97, line 20 through page 100, line 23; page 125, line 2 through page 126, line 4; page 131, line 21 through page 142, line 6; page 140, line 15 through page 141, line 2; page 145, line 7 through page 145, line 20; page 148, line 21 through page 149, line 2; page 153, line 13; page 155, line 23; page 164, line 6 through page 164, line 12; page 171, line 15 through page 174, line 1 and page 182, line 19 through page 188, line 14.

48.    Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 93 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

See exhibits 2 and 3 to the Plaintiff's Complaint.

49.    Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 95 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

See exhibits 2 and 3 to the Plaintiff's Complaint.

50.    Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 99 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

See Exhibits 2 and 3 of Plaintiff's Complaint.

51.    Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or

which substantiates in any way paragraph 100 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

**See responsive documents no. 51.**

52.   Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 101 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

**Objection: All documentation not yet collected or produced and Plaintiff's damages are ongoing in nature and/or will have to be determined by a jury, and Plaintiffs will therefore supplement this response as discovery progresses and as required by the rules of procedure and orders of the Court. Without waiving any of the foregoing, see all legal bills, including information produced in quarterly disclosure statements of the Plaintiff, copies of which are attached hereto as responsive documents number 52.**

53.   Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 103 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

**See responsive documents no. 53.**

54.   Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 104 of your complaint in the above caption in the matter of litigation.

**ANSWER:**

**See Exhibits 2 and 3 of Plaintiff's Complaint.**

55.   Pursuant to Rule 34, Federal Rules of Civil Procedure, please produce any and all written documentation which forms a basis for upon which you rely in averring or which substantiates in any way paragraph 105 of your complaint in the above caption in the matter of litigation.